UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
PharmacyChecker.com LLC,

                Plaintiff,

v.

National Association of Boards of Pharmacy,
Alliance for Safe Online Pharmacies, Center for Safe
Internet Pharmacies Ltd., LegitScript LLC, and
Partnership for Safe Medicines, Inc.,

                Defendants.

---------------------------------------------------------------- X

No. 7:19-cv-07577-KMK

**DECLARATION OF MARJORIE CLIFTON IN SUPPORT OF DEFENDANT CENTER FOR SAFE INTERNET PHARMACIES LTD.'S PARTIAL CONSENT AND LIMITED OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I, Marjorie Clifton, declare the following under penalty of perjury:

1. I am the Executive Director of defendant Center for Safe Internet Pharmacies Ltd. ("CSIP") and respectfully submit this declaration in support of CSIPS's partial consent and limited opposition to the plaintiff PharmacyChecker.com LLC's motion for a preliminary injunction. I have personal knowledge of the facts set forth herein.

2. CSIP is an independent not-for-profit organization (formed under Delaware law) that was founded in 2011 by a diverse group of Internet service providers and technology companies to address the global problem of unlawful online pharmacies. With the support of the White House, CSIP launched in 2012, and its original member companies included American Express, eNom, Google, GoDaddy, MasterCard, Microsoft, Neustar, PayPal, Visa, and Yahoo!. CSIP's current members (as posted publicly at https://safemedsonline.org/who-we-are/members/) include American Express, Discover, dotHealth, Facebook, Google, Mastercard, Microsoft, Oath (which was just purchased by Verizon Media), PayPal and UPS.

3. None of CSIP's members are parties to this action. CSIP's members are not corporate affiliates or subsidiaries of CSIP.

4. CSIP's mission is to promote and encourage safe online pharmacies through education, enforcement, and information sharing, such as about best practices.

5. Neither CSIP, nor any of its members, are participants in the: (a) market for online pharmacy accreditation; or (b) market for comparative prescription drug pricing information, as alleged in paragraph 29 of plaintiff's Complaint.

6. None of plaintiff's competitors identified in paragraph 33 of plaintiff's Complaint include CSIP or any CSIP members.

7. CSIP is not now, nor never has been, "funded or backed by pharmaceutical manufacturers" or "large pharmacy interests" (contrary to the allegation on page 1 of Plaintiff's Complaint).

8. CSIP's main purpose is not now, nor has it ever been, to "provide a platform through which the [other] defendants ... can obtain consensus from these gatekeepers to create new barriers to Internet commerce that would otherwise mean open competition in the markets relating to prescription drugs" (contrary to the allegation in paragraph 8 of Plaintiff's Complaint).

9. CSIP did not create, does not control, and has never administered or hosted the "Not Recommended Sites" list (the so-called "blacklist"), containing plaintiff's website and blog site URLs. The "blacklist" to which plaintiff refers (as further alleged in its Complaint) was created and has been maintained and hosted by defendant National Association of Boards of Pharmacy ("NABP"), with which CSIP is not affiliated.

10. NABP's "Not Recommended Sites" list is publicly posted online for anyone to

reference at https://safe.pharmacy/not-recommended-sites/, which is a web site managed by NABP, not CSIP.

11. CSIP does not "proactively" or otherwise use the NABP "Not Recommended Sites" list and has never circulated or downloaded such list. CSIP has only notified its members that NABP has such a list and has provided the public web site URL link to that list.

12. CSIP does not maintain any other list or database similar to NABP's "Not Recommended Sites" list.

13. CSIP denies all of plaintiff's allegations concerning an alleged "conspiracy" or other alleged unlawful conduct, and reserves all its defense rights. Nevertheless, without admission of any liability, CSIP has no objection to the specific preliminary injunctive relief sought by plaintiff as against CSIP to the extent such relief requires CSIP to "immediately accept the revised blacklist," in the event this Court directs defendant NABP to revise its "Not Recommended Sites" list, and for CSIP to "inform its members of the revision and removal of PharmacyChecker.com and PharmacyCheckerBlog.com" from that list should the Court so order that as to NABP. CSIP is also willing to request that its independent corporate members adopt any such changes to the "Not Recommended Sites" list during the pendency of this case should they use that list.

14. As a not-for-profit organization, CSIP possesses no authority or ability to "require" its independent corporate members to "immediately reflect" plaintiff's sought changes to NABP's "'Not Recommended Sites' blacklist and any similar list ... in all applications of the blacklist," in the event the Court orders NABP to make such changes, as sought in plaintiff's Order to Show Cause (Docket Nos. 14, 16). CSIP nevertheless agrees to request that its members reflect such changes in any applications of the NABP "Not Recommended Sites" list

3

should the Court direct such changes.

15. CSIP, through its counsel, advised plaintiff it would so consent, and explained that CSIP, as an independent not-for-profit, cannot affirmatively "require" its independent corporate members – who are not parties to this action – to take affirmative action in their own respective businesses, as opposed to "requesting" that they reflect such changes to the revised NABP blacklist as ordered by the Court. While plaintiff agreed to replace "require" with "request," plaintiff further insisted that CSIP would have to also consent to revising its own hypothetical "list" regardless of what this Court directs NABP to do, despite CSIP not owning or controlling any "blacklist" of any kind. Because plaintiff, in its narrow request for preliminary injunctive relief only as to CSIP, was asking for more than it is seeking from the Court without any factual basis, CSIP could not accept such an overreaching request.

16. CSIP was therefore compelled to oppose plaintiff's relief to the limited extent that CSIP cannot "require" its members to do anything. CSIP will otherwise accept and notify its members of any changes to the NABP list that may be directed by the Court, and request that its members reflect any such Court-directed changes in any applications of the NABP "Not Recommended Sites" list.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
August 30, 2019

_____
Marjorie Clifton