UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

PharmacyChecker.com LLC,

                              Plaintiff,

    v.

National Association of Boards of Pharmacy,
Alliance for Safe Online Pharmacies, Center for Safe
Internet Pharmacies Ltd., LegitScript LLC, and
Partnership for Safe Medicines, Inc.,

                             Defendants.

------------------------------------------------------------- x

No. 7:19-cv-07577-KMK

**CENTER FOR SAFE INTERNET PHARMACIES LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL CONSENT AND LIMITED OPPOSITION TO <u>PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION</u>**

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alemite Mfg. Corp. v. Staff,*
    42 F.2d 832 (2d Cir. 1930).........................................................................................3, 4

*Allstar Marketing Grp., LLC v. 158,*
    2019 WL 3936879 (S.D.N.Y. 2019)................................................................................4

*Doctor's Assocs., Inc. v. Reinert & Duree, P.C.,*
    191 F.3d 297 (2d Cir. 1999).........................................................................................4, 5

*GMA Accessories, Inc v. Eminent, Inc.,*
    2018 WL 2355826 (S.D.N.Y. 2008)................................................................................4

*Hansberry v. Lee,*
    311 U.S. 32 (1940)............................................................................................................4

*In re Sledziejowski,*
    533 B.R. 408 (Bankr. S.D.N.Y. 2015)............................................................................4

*N.Y. v. Operation Rescue Nat'l,*
    80 F.3d 64 (2d Cir. 1996)................................................................................................3

*Weitzman v. Stein,*
    897 F.2d 653 (2d Cir. 1990)............................................................................................5

**Other Authorities**

11A. Wright & A. Miller, Federal Practice and Procedure, § 2956 (2019)......................5

FRCP 65.......................................................................................................................................3

FRCP 65(d)............................................................................................................................3, 5

FRCP 65(d)(2)............................................................................................................................3

FRCP 65(d)(2)(A)......................................................................................................................3

FRCP 65(d)(2)(C)......................................................................................................................4

Defendant Center for Safe Internet Pharmacies Ltd. ("CSIP") respectfully submits this Memorandum of Law by its attorneys, Herrick, Feinstein, LLP, in partial opposition to Plaintiff's Motion for Preliminary Injunction.

## PRELIMINARY STATEMENT

CSIP, a not-for-profit organization, should never have been made a party to this case, which largely focuses on a so-called "blacklist" created and administered by defendant National Association of Boards of Pharmacy ("NABP"), with which CSIP is not affiliated. CSIP has never downloaded or circulated that list to its members, and the list is posted online by NABP for the world to see. At the right time, CSIP will substantiate the falsity of the substantive allegations in plaintiff's Complaint that attempt to tie it to some unlawful "conspiracy" that does not exist.

Notably, plaintiff has not named as defendants any of the independent companies that are members of CSIP. Having intentionally chosen that path, plaintiff cannot use the mechanism of a preliminary injunction to compel CSIP itself to "require" its non-party members to take any affirmative action with respect to their independent business operations.

Nevertheless, and without admission of any liability or prejudice to its defense, CSIP has no objection to consenting to so much of the limited preliminary injunctive relief plaintiff is seeking as follows: CSIP agrees to accept and notify it members of any changes to the NABP "Not Recommended Sites" list that may be directed by the Court, and will request that its members reflect any such Court-directed changes in any applications of the NABP "Not Recommended Sites" list.

## STATEMENT OF FACTS

The relevant facts are set forth in the Declaration of Marjorie Clifton, CSIP's Executive

Director, and the Declaration Barry Werbin, Esq., both dated August 30, 2019, to which the Court is respectfully referred.

CSIP is an independent not-for-profit organization (formed under Delaware law) that was founded in 2011 by a diverse group of Internet service providers and technology companies to address the global problem of unlawful online pharmacies. With the support of the White House, CSIP launched in 2012, and its original member companies included American Express, eNom, Google, GoDaddy, MasterCard, Microsoft, Neustar, PayPal, Visa, and Yahoo!. CSIP's current members (as posted publicly at https://safemedsonline.org/who-we-are/members/) include American Express, Discover, dotHealth, Facebook, Google, Mastercard, Microsoft, Oath (which was just purchased by Verizon Media), PayPal and UPS.

CSIP's mission is to promote and encourage safe online pharmacies through education, enforcement, and information sharing, such as about best practices. Neither CSIP, nor any of its members, are participants in the: (a) market for online pharmacy accreditation; or (b) market for comparative prescription drug pricing information, as alleged in paragraph 29 of plaintiff's Complaint. None of plaintiff's competitors identified in paragraph 33 of plaintiff's Complaint include CSIP or any CSIP members.

CSIP is not now, nor never has been, "funded or backed by pharmaceutical manufacturers" or "large pharmacy interests" (contrary to the allegation on page 1 of Plaintiff's Complaint). CSIP's main purpose is not now, nor has it ever been, to "provide a platform through which the [other] defendants … can obtain consensus from these gatekeepers to create new barriers to Internet commerce that would otherwise mean open competition in the markets relating to prescription drugs" (contrary to the allegation in paragraph 8 of Plaintiff's Complaint).

CSIP did not create, does not control, and has never administered or hosted the "Not Recommended Sites" list (the so-called "blacklist"), containing plaintiff's website and blog site. This "blacklist" was created, and has been maintained and hosted, by defendant NABP, with which CSIP is not affiliated. NABP's "Not Recommended Sites" list is publicly posted online for anyone to reference at https://safe.pharmacy/not-recommended-sites/, which is a web site managed by NABP, not CSIP.

CSIP does not "proactively" or otherwise use the NABP "Not Recommended Sites" list and has never circulated or downloaded such list. CSIP has only notified its members that NABP has such a list and has provided the public web site URL link to that list. CSIP does not maintain any other list or database similar to NABP's "Not Recommended Sites" list.

CSIP's members are not corporate affiliates or subsidiaries of CSIP. As a not-for-profit organization, CSIP possesses no authority or ability to "require" its independent corporate members to undertake any actions within their own businesses. CSIP only shares information with its members germane to CSIP's mission of promoting and encouraging safe online pharmacies, and can only request that its members undertake any action.

## ARGUMENT

Under Federal Rule of Civil Procedure ("FRCP") 65(d)(2), a preliminary injunction may bind only "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Courts, however, "cannot lawfully enjoin the world at large" when exercising their equitable powers subject to FRCP 65. *See N.Y. v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996) ("Rule 65(d) codifies the well-established principle that, in exercising its equitable powers, a court 'cannot lawfully enjoin the world at large.'") (quoting *Alemite Mfg*.

*Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930)). Further to the point, one may not be bound by a judgment in a litigation in which he or she is not designated as a party or to which he or she has not been made a party by service of process. *See Hansberry v. Lee*, 311 U.S. 32, 40 (1940) ("It is a principle of general application in Anglo-America jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.").

Although FRCP 65(d)(2)(C) permits a preliminary injunction to bind "other persons who are in active concert or participation" with either the parties to a litigation or those parties' agents, courts have found "active concert" between parties to a litigation and non-parties in only certain limited circumstances not present here. For example, Courts have held that "active concert" between parties to a litigation and non-parties may be found where a party to the litigation "is substantially intertwined with a non-party, including the shared occupation of office space, payment of employee expenses between the non-party and the enjoined party, considerable control by the enjoined party over the non-party's operations, and other substantial interconnections." *Allstar Marketing Grp., LLC v. 158*, No. 18-cv-4101 (GHW), 2019 WL 3936879, at *3 (S.D.N.Y. August 20, 2019) (citation omitted). "Courts in this Circuit have also found a non-party to be in active concert or participation with an enjoined party where the non-party is controlled and used by the enjoined party 'as a device to circumvent the Court's orders." *In re Sledziejowski*, 533 B.R. 408, 424 (Bankr. S.D.N.Y. 2015) (quoting *GMA Accessories, Inc. v. Eminent, Inc.*, 2008 WL 2355826, at *12 (S.D.N.Y. 2008)).

The Second Circuit has held in an analogous situation that where a party to the litigation does not have control over the non-party sought to be enjoined by the Plaintiff, such an injunction is improper. *See Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 304

4

(2d Cir. 1999). As the court held in *Doctor's Assocs., Inc.*, although Rule 65(d) "allows a court to enjoin nonparties who are 'officers, agents, servants, employees, . . . attorneys, [or] persons in active concert and participation … [i]t is quite different for an injunction against an agent or servant also to bind the principal." *Id.* The Court noted:

> By definition, the servant does not control the principal. If the court does not have jurisdiction over the principal, it is not easy to see why the court should have the power to bind her through an order directed against her servant. Thus, even if the district court had been correct in the factual finding that the defendants before it were the "virtual representatives" of the Wolf and Hargett plaintiffs, it does not necessarily follow that this fact would justify extending the injunction beyond the enjoined virtual representatives to their nonparty virtual principals.

*Id.*

*See also Weitzman v. Stein*, 897 F.2d 653, 658-59 (2d Cir. 1990) (Second Circuit vacated an order naming the wife of the defendant and purporting to freeze the wife's assets, where the wife was not a party to the case and the court lacked personal jurisdiction over her); 11 A. Wright & A. Miller, Federal Practice and Procedure, § 2956, at 383 (2019) ("court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired *in personam* jurisdiction.").

Here, Plaintiff seeks an order from the Court compelling CSIP to affirmatively "require" that its non-party corporate members implement "the revised [NABP] blacklist" to the extent ordered by this Court. CSIP does not have the power to "require" its members to do that,

5

although it can, and is willing to, "request" that its members reflect any such changes "in all applications of the blacklist" if this Court orders NABP to make such changes.

Plaintiff made an intentional choice not to name any of CSIP's members as defendants in this case. Those members are not affiliates, subsidiaries or agents of CSIP. They are not in privity with CSIP. They each operate their own companies independent of CSIP and each other. The members are not controlled by CSIP in any way.

CSIP cannot use the guise of a limited preliminary injunction as to CSIP as an end run to bind its members who are non-parties. Any preliminary injunction issued by this Court cannot have binding effect on CSIP's members and, therefore, CSIP cannot be compelled to "require" its members to take or refrain from any action. CSIP passively shares information, such as the existence of NABP's "Not Recommended Sites" list, with its members relevant to its mission, but what its members then chose to do with that information is completely up to them.

Moreover, because the NABP list is publicly available online for anyone to reference at any time, unless this Court directs NABP itself to amend that list to remove the plaintiff, neither CSIP itself nor its members can be compelled to, in effect, revise that list, which neither CSIP nor its members own or control.

To the extent plaintiff seeks to impose any other affirmative action upon CSIP tied to some unsubstantiated list that might be "similar" to the NABP list, plaintiff's application is devoid of any facts to substantiate that false allegation. *See* Declaration of Marjorie Clifton, dated August 30, 2019, at ¶¶12, 15; Declaration of Barry Werbin, Esq., dated August 30, 2019, at ¶¶4-5. As attested to by CSIP's Executive Director, apart from not owning, administering or controlling the NABP list, CSIP does not maintain any other list or database "similar" to NABP's "Not Recommended Sites" list. *See supra* Declaration of Marjorie Clifton at ¶12. CSIP

can and agrees to "request" that its members reflect any changes the Court may direct NABP to make to the NABP "Not Recommended Sites" list.

Accordingly, this Court should not grant Plaintiff's motion for a preliminary injunction to the extent it seeks to compel CSIP to "require" its members to act, or otherwise impose any other restriction on CSIP with respect to some non-existent list "similar" to NABP's "Not Recommended Sites" list.

## CONCLUSION

For the reasons set forth above, CSIP consents to the following limited preliminary injunctive relief, without prejudice:

In the event this Court orders defendant NABP to remove plaintiff's website and blog site from its "Not Recommended Sites" list, CSIP shall accept and notify its members of such changes to the NABP list, and request that its members reflect any such Court-directed changes in any applications of the NABP "Not Recommended Sites" list.

Dated: New York, New York
August 30, 2019

/s/ Barry Werbin
Barry Werbin
Nicholas G.O. Veliky
HERRICK, FEINSTEIN LLP
Two Park Avenue
New York, New York 10016
Tel.: (212) 592-1400
bwerbin@herrick.com
nveliky@herrick.com

*Attorneys for Defendant Center for Safe Internet Pharmacies Ltd.*