UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PharmacyChecker.com LLC,<br><br>*Plaintiff,*<br><br>vs.<br><br>National Association of Boards of Pharmacy et al.,<br><br>*Defendants.* | Civil Action No. 7:19-cv-07577-KMK<br><br>**Plaintiff's Memorandum of Law in Support of Motion to Sever and Transfer Its Claim against LegitScript**<br><br>Judge Kenneth M. Karas<br>Magistrate Judge Paul E. Davison |

Plaintiff PharmacyChecker.com requests that the Court sever its claim against defendant LegitScript and transfer that claim to the District of Oregon under Federal Rules of Civil Procedure 20(b) or 21 and 28 U.S.C. §§ 1404(a), 1406, or 1631.

The Court determined in its March 30, 2021 order that PharmacyChecker.com sufficiently alleged an antitrust conspiracy against all named defendants and denied their joint motion to dismiss. But it also concluded that LegitScript was not subject to personal jurisdiction in this District. PharmacyChecker.com requests that the Court sever its sufficiently pled claim against LegitScript and transfer the claim to the U.S. District Court for the District of Oregon, which indisputably has jurisdiction over LegitScript, because it would serve the interests of justice.

## FACTS

PharmacyChecker.com filed a complaint in this Court on August 19, 2019 seeking injunctive relief and damages under Sherman Act Section 1 against defendants National Association of Boards of Pharmacy, the Alliance for Safe Online Pharmacies, the Center for Safe Internet Pharmacies, LegitScript, and the

Partnership for Safe Medicines for a *per se* unlawful group boycott conspiracy that targeted PharmacyChecker.com.[1] All the defendants, including LegitScript, filed a joint motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing (among other things) that the complaint did not sufficiently plead an antitrust conspiracy among the defendants. Dkt. 100. LegitScript also filed a separate motion to dismiss under Rule 12(b)(1), arguing that it was not subject to personal jurisdiction in this Court. Dkt. 119.

In its March 30, 2021 order, the Court denied the joint motion to dismiss, finding that the complaint sufficiently pled a conspiracy—a *per se* unlawful group boycott of PharmacyChecker.com. Dkt. 129. But the Court granted LegitScript's separate Rule 12(b)(1) motion, finding that LegitScript was not subject to the Court's personal jurisdiction under either New York's long-arm statute or the provisions of the Clayton Act. *Id.* The Court gave PharmacyChecker.com 30 days to amend its complaint and make additional allegations to support jurisdiction over LegitScript. *Id.* Before that time expired, PharmacyChecker.com notified the Court that it would not seek to amend, but instead requested that the Court sever and transfer the claim as to LegitScript through the Court's pre-motion conference procedures. Dkt. 139.

## LEGAL STANDARD

Federal Rule of Civil Procedure 20(b) grants district courts authority to "issue orders" that protect against "embarrassment, delay, expense, or other prejudice." Fed.

---

1.   PharmacyChecker.com also alleged a claim under the Lanham Act against NABP only.

R. Civ. P. 20(b). This includes authority to sever claims for transfer to other districts. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). Likewise, under Rule 21, "The court may also sever any claim against a party." Fed. R. Civ. P. 21.

The decision of whether to sever a claim is left to the discretion of the trial court. *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988); 4 Moore's Federal Practice Civil § 21.05 (2021) (stating courts have "great discretion under Rule 21 to restructure an action to promote the efficient administration of justice"); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1689, at 515–16 (3d ed. 2001) ("Questions of severance are addressed to the broad discretion of the district court."). A court may sever a claim whether or not joinder is proper. *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 559 (S.D.N.Y. 2013) (citing *Erausquin v. Notz, Stucki Mgmt. (Berm.) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)). It can also sever a claim against a particular party as to whom venue is improper or personal jurisdiction is lacking and transfer that claim against that party to a district where the claim against that party could originally have been filed. *See Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 620 (2d Cir. 1968); *Hallwood Realty Partners v. Gotham Partners*, 104 F. Supp. 2d 279, 287 (S.D.N.Y. 2000).

Additionally, several statutes provide a mechanism by which courts can transfer claims and parties to other venues. Section 1404 provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Similarly, Section 1406 provides that a district court

may "transfer such case to any district or division in which it could have been brought" "if it be in the interest of justice" to do so. 28 U.S.C. § 1406(a). And under Section 1631, a court may transfer a claim against a party where it "finds that there is a want of jurisdiction." The Court has broad discretion to exercise its transfer power on an "individualized, case-by-case consideration of convenience and fairness." *Red Bull Assocs. v. Best W. Int'l*, 862 F.2d 963, 967 (2d Cir. 1988) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

## ARGUMENT

### I.   THE CLAIM AGAINST LEGITSCRIPT SHOULD BE SEVERED UNDER RULES 20(b) AND 21

A district court has discretion to sever claims under Rules 20(b) and 21 to avoid undue expense, complexity, or confusion as long as the claims are "discrete and separate." *Gaffney v. Riverboat Servs.*, 451 F.3d 424, 442 (7th Cir. 2006). "[D]iscrete and separate" means that "one claim must be capable of resolution despite the outcome of the other claim." *Id.* Courts also have broad discretion to sever claims on their own initiative to avoid confusion and delay. *Davis v. United States*, No. 1:07-cv-00936-LJO-SMS PC, 2007 U.S. Dist. LEXIS 58781, *1–3 (E.D. Cal. July 27, 2007) (holding that claims of different inmates against the same correctional institution severed to avoid confusion and delay); *Maddox v. Cnty. of Sacramento*, No. 2:06–cv–0072–GEB–EFB, 2006 WL 3201078, at *2 (E.D. Cal. Nov. 6, 2006) (recognizing that courts have unfettered discretion to sever discrete and separate claims). Further, Rule 21 has been used to sever claims against a party as to whom venue is improper or personal jurisdiction is lacking along with the court's transferring those claims to

a district where they could have been brought originally. *See Wyndham*, 398 F.2d at 620; *Hallwood*, 104 F. Supp. 2d at 287.

There is no doubt that PharmacyChecker.com could have brought its claim against only LegitScript in the District of Oregon in the first instance, because LegitScript's liability under the Clayton Act is joint ***and several***—that is, LegitScript's liability does not depend upon the liability of the other defendants. *Cf. In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1256–58 (7th Cir. 1980) (explaining that a default judgment against one antitrust defendant before final judgment as to other defendants is permissible because antitrust conspirators are jointly *and* severally liable). Thus, the claim against LegitScript may be severed under Rule 20(b) or 21.

## II.     THE CLAIM AGAINST LEGITSCRIPT SHOULD BE TRANSFERRED TO THE DISTRICT OF OREGON

Because LegitScript allegedly participated in an antitrust conspiracy that the Court found was sufficiently pleaded in the complaint but is not subject to personal jurisdiction in this District, this Court should transfer PharmacyChecker's claim against LegitScript to the District of Oregon where jurisdiction does lie.

### A.  Transfer Is Appropriate Where It Is in the Interests of Justice

Three statutory provisions authorize district courts to transfer actions under certain limited circumstances: 28 U.S.C. §§ 1404(a), 1406(a), and 1631. Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (transfer

"to any district or division in which it could have been brought" is appropriate "if it be in the interest of justice"). Section 1631 specifically applies where, as here, a court "finds that there is a want of jurisdiction."[2] The decision to transfer one or more claims lies within the court's sound discretion. *See Spar, Inc. v. Info. Res, Inc.*, 956 F.2d 392, 394 (2d Cir. 1992).

No matter what statute the court considers in assessing the transfer request, one inquiry is necessary under all three: "whether 'the interests of justice' militate in favor of transfer or dismissal." *In re Ski Train Fire*, 257 F. Supp. 2d 648, 650 (S.D.N.Y. 2003); *see also Jasol Carpet, Inc., v. Patcraft Com. Carpet, Inc.*, No. 96 Civ. 3064 JGK, 1997 WL 97831, at *3 (S.D.N.Y. Mar. 6, 1997).

Courts have held that both sections 1404(a) and 1406(a) provide for transfer by a court lacking personal jurisdiction. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (holding that a district court lacking both personal jurisdiction and proper venue could still transfer the action under section 1406(a) to a district where the defects would be cured); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978) (holding that lack of personal jurisdiction could be remedied by transfer under either section 1404(a) or section 1406(a)).

Under § 1404(a) or 1406, a district court must make two findings to transfer a

---

2.     The Second Circuit contemplated in footnote dicta whether one report in the legislative history of section 1631 limits it to transfers for subject-matter jurisdiction. *Songbyrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000). But every circuit to decide the issue has held "the term 'jurisdiction' in § 1631 encompasses both personal and subject-matter jurisdiction." *Franco v. Mabe Trucking Co.*, 991 F.3d 616, 621 (5th Cir. 2021) (citing cases).

case. "First, as a threshold matter, the Court must find that the transferee district is one in which the action 'might have been brought.'" *Tlapanco v. Elges*, No. 15-cv-2852, 2017 WL 4329789, at *4 (S.D.N.Y. Sept. 14, 2017). "Where a case 'might have been brought' refers to federal laws of venue, service and jurisdiction, including personal jurisdiction." *Id.*; *Farrell v. Wyatt*, 408 F.2d 662, 666 (2d Cir. 1969).

Next, "[i]f the district court finds that the transferee forum qualifies under this first inquiry, the court must determine whether, exercising its discretion, transfer would be justified 'for the convenience of parties and witnesses, in the interest of justice.'" *Tlapanco*, 2017 WL 4329789, at *4 (quoting 28 U.S.C. § 1404(a)).

### B. The Interests of Justice Support Transferring the Claim Against LegitScript to the District of Oregon

This Court should sever and transfer PharmacyChecker.com's claim against LegitScript to the District of Oregon because all these requirements are satisfied. Transfer to the District of Oregon is appropriate because PharmacyChecker.com's claim against LegitScript could originally have been brought in the District of Oregon, where personal jurisdiction over LegitScript is indisputable.

Severing and transferring the claim as to LegitScript is also in the interests of justice. First, PharmacyChecker.com cannot proceed with its claim against LegitScript in this Court—its chosen forum—because the Court lacks personal jurisdiction. The District of Oregon indisputably has jurisdiction that is lacking here. It is also LegitScript's home forum and is thus most convenient to LegitScript.

Second, the alternative—dismissal—would not serve the public interest. The Clayton Act empowers private plaintiffs not just to obtain private relief, but to serve

"the high purpose of enforcing the antitrust laws." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 130–31 (1969) (citation omitted). This Court determined the complaint sufficiently pled an antitrust violation by all defendants—including LegitScript—and thus it is in the public interest to effectuate a transfer so that the litigation may proceed against LegitScript and effectuate Congress' policy of relying on private litigation for effective antitrust enforcement. *See Minn. Mining & Mfg. Co. v. N.J. Wood Finishing Co.*, 381 U.S. 311, 318 (1965) (Congress expressed policy that "private antitrust litigation is one of the surest weapons for effective enforcement of the antitrust laws."); *Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 139 (1968), *overruled on other grounds by Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752 (1984) (explaining that policy is most effective where private antitrust litigation is "an ever-present threat to deter" anticompetitive conduct). While PharmacyChecker.com intends to pursue its claim against LegitScript in the District of Oregon regardless, transfer is the far more expedient route. *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (Even if a claim would be timely if filed anew in a different court, "a transfer would expedite [its] review, thereby furthering the interest of justice.").

Third, transfer is also more convenient and economical to all the parties. If the action is not transferred, PharmacyChecker.com must file a new action against LegitScript in the District of Oregon that resets the clock as to LegitScript and gives it an opportunity under Rule 12(b)(6) to relitigate arguments this Court already rejected, which would result in significant delay. This will not only prejudice

PharmacyChecker.com by delaying the relief it seeks against LegitScript; it is also

likely to inconvenience all the parties to both actions because it will make it more

difficult for the parties to coordinate discovery across the two actions (which have

substantial overlap) if discovery in the LegitScript action lags far behind.

**CONCLUSION**

For these reasons, PharmacyChecker.com respectfully requests that the Court

sever its claim against LegitScript and transfer that claim to the District of Oregon.

Respectfully submitted,

DATED: May 24, 2021            BONA LAW PC

By:
  *S/Aaron R. Gott*
 AARON R. GOTT (admitted *pro hac vice*)

aaron.gott@bonalawpc.com
5 S. 9th Street, Suite 239
Minneapolis, MN 55402

James F. Lerner
james.lerner@bonalawpc.com
1330 Avenue of the Americas, Suite 23A
New York, NY 10019

*Counsel for Plaintiff*
*PharmacyChecker.com*