UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PHARMACYCHECKER.COM LLC,                                    :

                                                           :

                        Plaintiff,                         :          Case No.:  7:19-CV-07577-KMK

                                                           :
          vs.
                                                           :

NATIONAL ASSOCIATION OF BOARDS OF                          :
PHARMACY, ALLIANCE FOR SAFE
ONLINE PHARMACIES, CENTER FOR SAFE                         :
INTERNET PHARMACIES LTD.,
LEGITSCRIPT LLC, and PARNTERSHIP FOR                       :
SAFE MEDICINES, LTD.,

                                                           :
                        Defendant.
                                                           :
-----------------------------------------------------------X

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO SEVER AND TRANSFER ITS CLAIM AGAINST LEGITSCRIPT

---

**GORDON REES SCULLY MANSUKHANI, LLP**
MERCEDES COLWIN, ESQ.
RYAN SESTACK, ESQ.
JOHN T. MILLS, ESQ.
ATTORNEYS FOR LEGITSCRIPT LLC
ONE BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10004
(212) 269-5500 (PHONE)
(212) 269-5505 (FAX)
MCOLWIN@GRSM.COM
RSESTACK@GRSM.COM
JTMILLS@GRSM.COM

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 2

    I.     Plaintiff's Motion Is Procedurally and Jurisdictionally Improper ......................... 2

    II.    Plaintiff's Motion Fails On The Merits ................................................................ 4

CONCLUSION ...................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Corke v. Sameiet M.S. Song of Norway*,
 572 F.2d 77 (2d Cir. 1978) ......................................................................................... 3

*Daniel v. Am. Bd. of Emergency Med.*,
 428 F.3d 408 (2d Cir. 2005) ........................................................................................ 3

*Dubin v. United States*,
 380 F.2d 813 (5th Cir.1967) ........................................................................................ 8

*Frontera Res. Azer. Corp. v. State Oil Co. of the Azer. Republic*,
 583 F.3d 393 (2d Cir. 2009) ........................................................................................ 3

*Gaffney v. Riverboat Servs.*,
 451 F.3d 424 (7th Cir. 2006) ....................................................................................... 4

*Gage v. Somerset County*,
 322 F. Supp. 3d 53 (D.D.C. 2018) ........................................................................... 3, 8

*Goldlawr, Inc. v. Heiman*,
 369 U.S. 463 (1962) ..................................................................................................... 3

*In re Seroquel XR (Extended Release Quetiapine Fumarate) Litig.*,
 2020 U.S. Dist. LEXIS 145615 (S.D.N.Y. Aug. 12, 2020) ....................................... 7

*Jewell v. Music Lifeboat*,
 254 F.Supp.3d 410 (E.D.N.Y. 2017) .......................................................................... 7

*Krisko v. Marvel Entm't, LLC*,
 473 F. Supp. 3d 288, 301 (S.D.N.Y. 2020) ................................................................ 6

*Leroy v. Great W. United Co.*,
 443 U.S. 173 (1979) ..................................................................................................... 3

*Mulcahy v. Guertler*,
 416 F.Supp. 1083 (D.Mass.1976) ............................................................................... 8

*Pares v. Gordon*,
 1992 U.S. Dist. LEXIS 15202, 1992 WL 296437 (S.D.N.Y. October 8, 1992) ......... 8

*Phillips v. Seitzer*,
 173 F.3d 609 (7th Cir. 1999) ....................................................................................... 3

*Spar, Inc. v. Info. Res., Inc.*,
 956 F.2d 392 (2d Cir. 1992) ..................................................................................... 6, 8

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*,
   5 F.3d 28 (3d Cir. 1993) ............................................................................................... 7

*Valentine v. Sonthineni*,
   01-cv-1656-JMM, 2002 WL 31641376 (M.D. Pa. Oct. 15, 2002) ............................................. 7

*Wyndham Associates v. Bintliff*,
   398 F.2d 614 (2d Cir. 1968),
   *cert. denied* 393 U.S. 977 (1968) ...................................................................... 2, 7, 8

**Statutes**

28 U.S.C. § 1404 .................................................................................................... 5, 6

28 U.S.C. § 1406 ............................................................................................ 1, 3, 5, 6, 8

28 U.S.C. § 1631 .................................................................................................... 1, 4, 5

**Rules**

Federal Rules of Civil Procedure 12(b)(1) ..................................................................... 2, 4

Federal Rules of Civil Procedure 12(b)(6) ......................................................................... 2

Federal Rules of Civil Procedure 20 ................................................................................... 1

Federal Rules of Civil Procedure 20(b) .......................................................................... 1, 4, 5

Federal Rules of Civil Procedure 21 ................................................................................... 1

Federal Rules of Civil Procedure 21(b) .......................................................................... 4, 5

LEGITSCRIPT LLC ("LegitScript") respectfully submits this Memorandum of Law in Opposition to  the motion by Plaintiff PHARMACYCHECKER.COM LLC ("Plaintiff") to sever and transfer the claim against LegitScript to the District of Oregon under Federal Rules of Civil Procedure 20(b) or 21 and 28 U.S.C. §§ 1404(a), 1406, or 1631.  For the reasons set forth herein, Plaintiff's motion should be denied.

## PRELIMINARY STATEMENT

Plaintiff's motion to sever and transfer the claim against LegitScript is both jurisdictionally and procedurally improper, and further fails on the merits.  Plaintiff's motion should be denied. By Opinion & Order dated March 30, 2021 ("Order"), this Court dismissed the sole claim against LegitScript because the Court "lacks personal jurisdiction over LegitScript[.]"  Dk. 129 at p. 20. The Court noted that "[t]his dismissal is without prejudice.  If Plaintiff wishes to file a second amended complaint, it must do so within 30 days of this Opinion & Order."  *Id.* at pp. 20-21. Plaintiff did not file a second amended complaint in accordance with the Order, and of course admits that it elected not to do so.  Yet Plaintiff now puzzlingly requests that this Court exercise power over LegitScript and sever and transfer the claim against LegitScript to the District of Oregon, despite the fact that this Court has no personal jurisdiction over LegitScript.  Such a request in the absence of personal jurisdiction over LegitScript defies the most fundamental legal principles.  Plaintiff entirely fails to demonstrate how this Court could and why this Court should exercise any power over LegitScript when it admittedly has no power to do so.  This Court should therefore decline to entertain and thereby deny Plaintiff's motion.

Further, even if Plaintiff's motion were jurisdictionally and procedurally proper, which it is not, Plaintiff's motion fails on the merits.  Neither Federal Rule of Civil Procedure 20(b) or 21 nor 28 U.S.C. §§ 1404(a), 1406, nor 1631 provide any support for Plaintiff's motion.  Severance and transfer of a claim against a defendant is appropriate where "the defendants as to whom

[transfer is sought] are alleged to be only indirectly connected to the manipulations which form the main subject matter of the action" or who is alleged to be only "peripherally involved in the alleged wrongdoing." *Wyndham Associates v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968), *cert. denied* 393 U.S. 977 (1968). This is clearly not the case here. Plaintiff alleges that LegitScript – along with the other defendants and non-party alleged co-conspirators including Google, Microsoft/Bing, Facebook, Mastercard, PayPal and UPS – participated in a conspiracy to exclude Plaintiff from the alleged markets for online pharmacy verification services and comparative drug pricing information. This is the exact opposite of the scenario contemplated in *Bintliff*. While Plaintiff's allegations are denied outright and entirely implausible, it is clear that severance and transfer of the claim against LegitScript would be improper. Thus, for the reasons set forth herein, Plaintiff's motion should be denied.

## ARGUMENT

### I.     Plaintiff's Motion Is Procedurally and Jurisdictionally Improper

Plaintiff's motion should be denied outright as this Court lacks personal jurisdiction over LegitScript and thus lacks the authority to consider Plaintiff's motion and exercise any power over LegitScript. As Plaintiff concedes, LegitScript filed a motion to dismiss the claim against it pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) arguing, *inter alia*, that this Court lacked personal jurisdiction over it. Dk. 119. This Court granted LegitScript's motion to dismiss, stating that LegitScript was not subject to the Court's personal jurisdiction under either New York's long-arm statute or the provisions of the Clayton Act. Dk. 129. Plaintiff, as it must, concedes this important procedural history in the instant motion, and admits that the Order gave Plaintiff the sole option to file a second amended complaint to make additional allegations to potentially support the exercise of personal jurisdiction over LegitScript. Dk. 155 at p. 2. Further,

Plaintiff admits that it declined to file a second amended complaint in accordance with the Order. *Id.*

Notwithstanding the fact that the Court dismissed the claim against LegitScript for want of personal jurisdiction and that Plaintiff elected not to file a second amended complaint to allege personal jurisdiction over LegitScript, Plaintiff now asks the Court to exercise power over LegitScript and sever and transfer the claim against it to the District of Oregon.  The Court simply lacks such power, so it should deny Plaintiff's attempt to circumvent fundamental legal principles. It is axiomatic that personal jurisdiction refers to a "court's power to exercise control over the parties." *Leroy v. Great W. United Co.*, 443 U.S. 173, 180 (1979).  The need for personal jurisdiction is fundamental to this power.  *Frontera Res. Azer. Corp. v. State Oil Co. of the Azer. Republic*, 583 F.3d 393, 397 (2d Cir. 2009), *citing Leroy*, 443 U.S. at 180.

While LegitScript recognizes that in certain circumstances a court may transfer a case to another judicial district whether or not the transferring court has personal jurisdiction over the defendant (*see, e.g.*, *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978)), this Court simply may not do so here given that it previously dismissed the claim against LegitScript for want of personal jurisdiction.  Indeed, courts consider motions to transfer *before* dismissing a claim or action against a defendant for lack of personal jurisdiction – not *after* a dismissing a claim on personal jurisdiction grounds.  *See, e.g.*, *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) (court "refused to dismiss the action as to these defendants, however, choosing instead to use its authority under 28 U.S.C. 1406(a) to transfer it . . . where . . . venue was proper and personal jurisdiction could be obtained over them"); *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005); *Gage v. Somerset County*, 322 F. Supp. 3d 53, 56 (D.D.C. 2018) ("*Before* dismissing a case for want of proper venue, a district court should consider whether the 'interest of justice' standard warrants transfer") (emphasis added); *Phillips v. Seitzer*, 173 F.3d 609, 611 (7th Cir. 1999)

("Congress in 28 U.S.C. § 1631 has conferred jurisdiction on federal district courts to decide *whether to transfer or dismiss* cases over which they lack jurisdiction to adjudicate fully") (emphasis added). Yet here Plaintiff seeks severance and transfer well after the Court found it lacked personal jurisdiction over LegitScript. Plaintiff nonetheless offers no authority that a district court has the power to sever and transfer a claim after, indeed months after, dismissing it.

In opposing LegitScript's 12(b)(1) motion to dismiss, Plaintiff failed to advance any argument that, in the event the Court determines that it lacks personal jurisdiction over LegitScript (which it did), the Court should alternatively sever and transfer the claim against LegitScript to the District of Oregon. Plaintiff also did not file a cross-motion to sever and transfer the claim against LegitScript. In the face of this Court's Order dismissing the claim against LegitScript for want of personal jurisdiction, Plaintiff now asks the Court to exert power over LegitScript that this Court itself ruled it does not have. Simply stated, there is no active claim against LegitScript to sever and transfer to the District of Oregon. Accordingly, there is no procedural or jurisdictional basis for Plaintiff's motion. It should therefore be denied.

## II. Plaintiff's Motion Fails On The Merits

Even if Plaintiff's motion were jurisdictionally and procedurally proper, which it is not, Plaintiff's motion fails on the merits. Federal Rule of Civil Procedure 20(b) grants district courts authority "to issue orders" that protect against "embarrassment, delay, expense or other prejudice." Fed. R. Civ. P. 20(b). Under Rule 21(b), "[t]he court may also sever any claim against a party." Fed. R. Civ. P. 21(b). Here, Plaintiff concedes that "[a] district court has discretion to sever claims under Rules 20(b) and 21(b) to avoid undue expense, complexity, or confusion as long as the claims are '*discrete and separate*.'" Dk. 155 at p. 4 (emphasis added), *citing Gaffney v. Riverboat Servs.*, 451 F.3d 424, 442 (7th Cir. 2006). Further, Plaintiff argues that severance and transfer of the claim against LegitScript is proper under Rules 20(b) and 21(b) as Plaintiff "could have brought

4

its claim against LegitScript in the District of Oregon in the first instance" and "LegitScript's liability under the Clayton Act is joint **and several**."  Dk. 155 at p. 5 (emphasis in original).

Plaintiff also argues that severance and transfer of the claim against LegitScript is appropriate under Sections 1404(a), 1406 and/or 1631. Section 1404 provides: "for the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Pursuant to 28 U.S.C. 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."  Further, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other court . . . in which the action . . . could have been brought at the time it was filed . . ."  28 U.S.C. 1631.

Here, Plaintiff argues that severance and transfer under Sections 1404(a), 1406 and 1631 is appropriate "[b]ecause LegitScript allegedly participated in an antitrust conspiracy that the Court found was sufficiently pleaded in the complaint but is not subject to personal jurisdiction in this District." Dk. 155 at p. 5.  Plaintiff fails to mention, however, that the Court did not actually reach the issue of whether a claim was sufficiently alleged against LegitScript.  *See* Dk. 129.  Indeed, although the Court ruled on the joint motion, it declined to address LegitScript's particular arguments in light of the dismissal of LegitScript for want of jurisdiction.  *See id.*  Plaintiff also argues that severance and transfer is appropriate because the action against LegitScript originally could have been brought in the District of Oregon, because it is in the interests of justice, because dismissal would not serve the public interest, and because transfer is more convenient and economical to all the parties.  *Id.* at pp. 7-9.  Contrary to Plaintiff's arguments, severance and

transfer of the claim against LegitScript is not permissible under Federal Rules of Civil Procedure 20(b) or 21(b), or Sections 1404(a), 1406 or 1631.

At the outset, it is important to note that the venue transfer statutes were "enacted to protect plaintiffs who were diligent in initiating suit from forfeiting their action as a result of venue quirks of which responsible plaintiffs would not necessarily have known.  It should not be used to reward plaintiffs for their lack of diligence in choosing a proper forum."  *Krisko v. Marvel Entm't, LLC*, 473 F. Supp. 3d 288, 301 (S.D.N.Y. 2020), *quoting Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992).  In *Krisko*, the court determined that it lacked personal jurisdiction over the defendant and declined to transfer the claims against that defendant because of the plaintiff's "lack of diligence in researching New York's clear jurisdictional bar."  473 F. Supp. 3d at 301-02.  That is the case here.  Rather than displaying diligence, Plaintiff carelessly brought this claim in New York despite the complete absence of any connection between LegitScript and this state. Like the plaintiff's complaint in *Krisko,* Plaintiff's complaint here cited "no facts stating a colorable basis for jurisdiction under New York's long-arm statute." *Krisko*, 473 F. Supp. 3d at 302.  Unlike the plaintiff in *Krisko*, however, who requested transfer in opposition to the motion to dismiss, *id.*, Plaintiff here waited until *after* the Court dismissed the claim against LegitScript for lack of personal jurisdiction to bring a baseless motion to sever and transfer the claim against LegitScript to the District of Oregon. Thus, Plaintiff here was even less diligent than the plaintiff in *Krisko*. Like the plaintiff in *Krisko*, Plaintiff should not be rewarded for its "lack of diligence" in bringing this suit.  Like in *Krisko*, this Court should deny Plaintiff's request to transfer the claim.  *Id*.

Further, and more importantly, severance and transfer of the claim against LegitScript to the District of Oregon is simply not permissible given Plaintiff's own allegations in the Complaint. While 28 U.S.C. 1404(a) and 1406(a) generally permit the transfer of only entire actions, not partial ones, "where the administration of justice would be materially advanced by severance and

transfer, a district court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against the other defendants, at least in cases where . . . the defendants as to whom [transfer is sought] are alleged to be only *indirectly connected to the manipulations which form the main subject matter of the action*" or who is alleged to be only "peripherally involved in the alleged wrongdoing." *Wyndham Associates v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968), *cert. denied* 393 U.S. 977 (1968) (emphasis added). Indeed, "[i]n the Second Circuit, there is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *In re Seroquel XR (Extended Release Quetiapine Fumarate) Litig.*, 2020 U.S. Dist. LEXIS 145615, at *17 (S.D.N.Y. Aug. 12, 2020) (citations omitted).

"[S]evering the claims and litigating the case piecemeal is disfavored when . . . the claims and parties are intertwined . . . and the same issues and witnesses . . . are involved." *Jewell v. Music Lifeboat*, 254 F.Supp.3d 410, 422-23 (E.D.N.Y. 2017), *citing Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 33-34 (3d Cir. 1993) (courts "should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places."); *Valentine v. Sonthineni*, 01-cv-1656-JMM, 2002 WL 31641376 at *4 (M.D. Pa. Oct. 15, 2002) ("Severance of the moving defendants would require plaintiffs' suit and the attendant cross-claims to be litigated in two districts at the same time. The complications involved such a severance and transfer outweigh any potential benefits); *Bintliff*, *supra*.

Here, even if Plaintiff's motion were procedurally and jurisdictionally proper and there were an active claim against LegitScript to sever and transfer, doing so would be entirely improper. Plaintiff alleges that LegitScript – along with the other defendants and non-party alleged co-

conspirators including Google, Microsoft/Bing, Facebook, Mastercard, PayPal and UPS – participated in a conspiracy to exclude Plaintiff from the alleged markets for online pharmacy verification services and comparative drug pricing information. While Plaintiff's allegations are denied outright and entirely implausible, based on the very nature of the claims it is evident that LegitScript is not "alleged to be only indirectly connected to the manipulations which form the main subject matter of the action" or "peripherally involved in the alleged wrongdoing." *Bintliff*, 398 F.2d at 618. Instead, the allegations against LegitScript, a purported coconspirator supposedly deeply rather than peripherally involved in the wrongdoing, are directly connected to the ostensible manipulations forming the main subject matter of this action.  *Bintliff*, 398 F.2d at 618.

Plaintiff contends that severance and transfer of the claim against LegitScript is "in the interests of justice."  Courts however, regularly disagree in similar circumstances. When plaintiffs fail to exercise diligence and carelessly file in the wrong district, courts routinely find it not in the interest of justice to reward them with a transfer. *See*, *e.g.*, *Spar*, 956 F.2d at 394 ("we conclude that allowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice"); *Gage,* 322 F. Supp. 3d at 57-58 (dismissal, rather than transfer to proper venue, appropriate where plaintiff "offers no valid grounds for pursuing his suit here in the first place"); *Pares v. Gordon*, 1992 U.S. Dist. LEXIS 15202, 1992 WL 296437, at *2 (S.D.N.Y. October 8, 1992) (finding it not in the interest of justice to transfer the case because the plaintiffs were "not in the same category as … those plaintiffs [who] were diligent in initiating suit") (internal quotations omitted); *Mulcahy v. Guertler*, 416 F.Supp. 1083, 1086 (D.Mass.1976) (denying "plaintiff's motion to transfer under s 1406(a)[sic]" because "the plaintiff in this case either knew or should have known, in the exercise of reasonable diligence, that service of process could not be effected over the defendant in this district."); *see also*, *Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir.1967) ("It is obviously not 'in the

interest of justice' to allow [] section [1406] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district.").

Here, Plaintiff does nothing more than proffer self-serving arguments that seek to reward its lack of diligence in bringing suit against LegitScript in a district lacking even a colorable basis for personal jurisdiction.  Thus, contrary to Plaintiff's arguments, severance and transfer of the claim solely against LegitScript is not in the interests of justice and is entirely improper.

## **CONCLUSION**

In light of the above, it is clear that Plaintiff's motion is not only procedurally and jurisdictionally improper, and should be denied outright, but Plaintiff's motion further fails on the merits.  Accordingly, Plaintiff's motion should be denied.

Dated:       New York, New York
             June 15, 2021


                              Respectfully Submitted,

                              GORDON REES SCULLY
                              MANSUKHANI, LLP


                              /s/ John Mills
                              _____
                              Mercedes Colwin
                              Ryan Sestack
                              John T. Mills
                              1 Battery Park Plaza, 28th Floor
                              New York, NY 10004
                              (212) 269-5500 (Phone)
                              (212) 269-5505 (Fax)
                              mcolwin@grsm.com
                              rsestack@grsm.com
                              jtmills@grsm.com

                              *Attorneys for LegitScript LLC*