UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PharmacyChecker.com LLC,

*Plaintiff*,

vs.

National Association of Boards of Pharmacy et al.,

*Defendants*.

Civil Action No. 7:19-cv-07577-KMK

**Plaintiff's Reply to LegitScript's Opposition to Plaintiff's Motion to Sever and Transfer Its Claim**

Judge Kenneth M. Karas
Magistrate Judge Paul E. Davison

The question before the Court is whether it should sever and transfer a sufficiently pled claim against defendant LegitScript to LegitScript's home district after dismissing that claim against LegitScript for want of personal jurisdiction. The Court has this authority, and it is in the interests of justice to do so.

## ARGUMENT

### I. The Motion to Transfer Is Procedurally Proper

Notwithstanding its argument that the motion is procedurally improper, LegitScript's opposition cites cases demonstrating that courts have authority to transfer claims even when lacking personal jurisdiction and exercise it often. There is, in fact, an applicable federal statute that allows for transfers specifically when the Court finds that it lacks jurisdiction. *See* 28 U.S.C. § 1631.

LegitScript's opposition cites several cases in support of its argument that this Court lacks authority to transfer the claim against LegitScript after dismissing for want of personal jurisdiction. But none of those cases stands for that proposition. Rather, these cases are merely examples of courts exercising their discretion and

deciding not to transfer after dismissal, not courts concluding that they lacked the statutory authority to do so. In fact, transfer after dismissal is both permitted and, in appropriate circumstances, proper. *Imundo v. Pocono Palace, Inc.*, Civ. No. 01-807 (WGB), 2002 U.S. Dist. LEXIS 16717, at *6–7 (D.N.J. Aug. 13, 2002) (granting a motion to transfer after it had dismissed an action for lack of personal jurisdiction and reasoning that "[a]lthough it would have been more prudent for Plaintiffs to have filed a cross-motion to transfer the case in the event the Court found that there was no personal jurisdiction over Defendants, their failure to do so does not preclude the Court from considering the issue now."). And courts can transfer claims *sua sponte* at any time, regardless of whether there is personal jurisdiction. *Holden v. BAH Express, Inc.*, No. 13-00423-SDD-SCR, 2013 U.S. Dist. LEXIS 168728, at *16 (M.D. La. Nov. 27, 2013) ("Transfer may be requested by either party, or ordered by the court *sua sponte*. As noted, transfer may occur even when the transferring court lacks personal jurisdiction."); *Imundo*, 2002 U.S. Dist. LEXIS 16717, at *7 ("In the motion to dismiss, this Court did not, as it could have done, recognize *sua sponte* its authority under Sections 1406 and 1631.") (citations omitted).

It would make little practical sense that the Court, having found it never had personal jurisdiction over LegitScript in this matter, could have transferred to another court the claims against LegitScript so long as it did so only at or before the same time it found it had no such jurisdiction. It is not as though LegitScript's due process right not to be subject to the authority of the Court only materialized upon the filing of the Court's order. The order and timing of the ruling on personal

jurisdiction and the decision to transfer are irrelevant because transfer is not an exercise of control as LegitScript claims.

Moreover, as a due process right—rather than an Article III limitation on the Court's power—personal jurisdiction can be waived, and LegitScript has waived its right by participating both in this motion practice and another recent voluntary appearance wholly unrelated to this motion. Indeed, even though this Court already entered an order finding that it lacked personal jurisdiction over LegitScript, LegitScript has repeatedly continued to participate in these proceedings. It has now submitted a letter response, argued at a pre-motion conference, filed a formal opposition to the motion to sever and transfer, and even voluntarily appeared at an unrelated case management and discovery conference this Court held on June 15. *See* Minute Entry re: Status Conference (text-only docket entry) ("Minute Entry for proceedings . . . . John Mills appeared on behalf of LegitScript LLC. . . . The Parties discussed their competing case management plan proposals."). When a court lacks personal jurisdiction, "[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Ins. Corp. of Ir., Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 706 (1982) (citing *Baldwin v. Iowa Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931)). Here, LegitScript has already obtained an order regarding personal jurisdiction—and yet it continues to participate voluntarily.[1]

---

1. PharmacyChecker.com limits its argument to the issue raised by LegitScript in its opposition: whether the Court has the "power to exercise control" over LegitScript. It clearly does given that LegitScript has voluntarily submitted to it despite the Court's earlier finding that it lacked personal

Thus, this Court has the authority to transfer an action as to a party against whom it has found it does not have personal jurisdiction either before, alongside, or after finding that lack of personal jurisdiction because a transfer is not an exercise of control over a party. No fair reading of the relevant law or the cases cited by LegitScript supports its argument to the contrary. Further, LegitScript's argument that the Court lacks any authority over it rings hollow since LegitScript waived any right to assert that this Court lacks the power to control it for want of personal jurisdiction by its knowing and voluntary participation in the proceedings *after* the Court decided it lacked personal jurisdiction over LegitScript.

## II. Transfer Is in the Interests of Justice

LegitScript's fierce opposition to a motion to transfer in a Court that has already found it lacks personal jurisdiction over LegitScript is telling. For the reasons described above, its inconsistent arguments drive home the point that LegitScript's true purpose here is to force PharmacyChecker.com to relitigate issues this Court already decided and, ultimately, cause significant further delay in a case filed nearly two years ago. On one hand, LegitScript argues that it wasn't involved in a conspiracy (that the Court found by virtue of joint press releases and meetings of entities of which LegitScript is or was a member was adequately alleged), but at the same time claims it is so intertwined with that conspiracy that it can't be severed. And LegitScript ignores that regardless of the outcome of this motion, there ***will*** be a

---

jurisdiction. That is because LegitScript's reason for opposing the motion has nothing to do with its rights, but rather its desire to get another shot at its Rule 12(b)(6) briefing from a different judge in a different district, and it only gets that opportunity if the Court denies the transfer, necessitating a newly filed complaint against LegitScript. Opp'n at 3.

separate action in the District of Oregon against LegitScript on this claim. By granting transfer, the Court does not create any new risk of inconsistent judgments even if such a risk were cognizable for a claim with joint and several liability.

### A. PharmacyChecker.com diligently pursued its claim against LegitScript

LegitScript's comparison of PharmacyChecker.com to the plaintiff in *Krisko* is disingenuous and, if LegitScript's argument were the law, then it would be difficult to contemplate a situation in which an antitrust plaintiff alleging a nationwide conspiracy whose claim against a single defendant was dismissed for want of personal jurisdiction could ***ever*** be considered diligent. *Krisko v. Marvel Ent., LLC*, 473 F. Supp. 3d 288 (S.D.N.Y. 2020).

In *Krisko*, a *pro se* plaintiff living in Florida who was the creator of the "primary melodic theme" of an obscure, 1980s-era Hungarian "comedy thriller" sued in the Southern District of New York multiple individual and corporate defendants alleging that the *X-Men* theme song infringed on his work. *Id.* at 294–95. One individual defendant in California moved to dismiss. The complaint, which involved copyright and thus did "not provide for nationwide service of process," *id.* at 298, was "bereft" of any allegations connecting that defendant to New York, other than a "daisy chain of contractual relationships" eventually connecting to someone in New York. *Id.* at 298–99. The court found transfer under § 1406 was inappropriate because the plaintiff waited several years to bring his case, and when he did, "cite[d] no facts stating a colorable basis for jurisdiction under New York's long-arm statute." *Id.* at 301–02.

The record in this case shows that it is nothing like *Krisko*. PharmacyChecker.com had a good faith basis to believe that this district was the appropriate forum for raising its claim against LegitScript:

- It was injured by a nationwide antitrust conspiracy in this district, which is where it resides;
- No other defendant—LegitScript's direct co-conspirators, as alleged in the complaint—objected to personal jurisdiction; and
- The fact that the Court engaged in a detailed analysis noting splits of authority and distinguishing cases on various long-arm statute issues before reaching its conclusion demonstrates that it is not obvious that New York was not the correct forum (*see, e.g.*, Dkt. 129 at *16–18).

Yet LegitScript claims that PharmacyChecker.com was "even less diligent than the plaintiff in *Krisko*" (opp'n at 6) solely because there the plaintiff made a request to transfer in his opposition briefing as an "alternative argument in an opposition" to the motion to dismiss. Notably, the court in that case stated that alternative argument would have been "more properly" styled as a separate motion to transfer. There is no rule or requirement that a transfer request be made in opposition to a motion to dismiss. *Krisko*, 473 F. Supp. 3d at 302.

Further, LegitScript's claim that PharmacyChecker.com waited "months" to seek transfer is flatly incorrect: PharmacyChecker.com sought to meet and confer with LegitScript just three weeks after the Court's order, on April 22, 2021, seeking its stipulation to a transfer, well within the Court's deadline for

PharmacyChecker.com to file an amended complaint. It also sought the transfer by filing its pre-motion letter within that deadline.

### B. PharmacyChecker.com's claim against LegitScript is discrete and separate

LegitScript's argument that the Court cannot transfer because the claim is not discrete and separate contradicts its own claim that it did not participate in the conspiracy and that it has separate and independent 12(b)(6) arguments on conspiracy that are different than the other defendants. It also does not reflect the nature of liability under the Sherman Act and makes no sense in practical terms. Specifically, PharmacyChecker.com can demonstrate the discrete and separate nature of its claim against LegitScript by the simple act of filing a new complaint in the District of Oregon alleging that same conspiracy claim against LegitScript. By seeking transfer, it will instead avoid further delay and unnecessarily duplicative pleadings-stage proceedings.

"Discrete and separate" means that "one claim must be capable of resolution despite the outcome of the other claim." *Gaffney v. Riverboat Servs.*, 451 F.3d 424, 442 (7th Cir. 2006). This is not a case in which two competing courts could issue conflicting judgments affecting rights in property. Indeed, courts have explained in the context of entering default judgments that antitrust claims, unlike many other claims, are not subject to true joint liability. *See, e.g., McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997) *Frow* (82 U.S. (15 Wall.) (1872)) not extended to situation where the co-defendants shared closely related interests but were not truly jointly liable); *Whelan v. Abell*, 953 F.2d 663, 674–75 (D.C. Cir. 1992)

("[I]n cases involving multiple defendants, a default order that is inconsistent with a judgment on the merits must be set aside only when liability is truly joint—that is, when the theory of recovery requires that all defendants be found liable if any one of them is liable—and when the relief sought can only be effective if judgment is granted against all.") (citation omitted), *amended at* No. 90-7016, 1992 U.S. App. LEXIS 6180 (D.C. Cir. Mar. 30, 1992), cert. denied sub. nom., *Toomey v. Whelan*, 506 U.S. 906 (1992); *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1256–58 (7th Cir. 1980) (*Frow* rule not applicable when defendants are alleged to be jointly *and* severally liable); *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2d Cir. 1976) ("[A]t most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the others"), cert. denied, 434 U.S. 1014 (1978). For the same reason that entering a default judgment against a defendant in the same antitrust case does not risk inconsistent judgments, there is no such risk by transferring the claim against LegitScript to another district.

**CONCLUSION**

For these reasons, PharmacyChecker.com requests that Court sever its claims against LegitScript and transfer that claim to the District of Oregon.

Respectfully submitted,

DATED: June 22, 2021

BONA LAW PC

By:
*S/Aaron R. Gott*

AARON R. GOTT (admitted *pro hac vice*)

aaron.gott@bonalawpc.com
331 2nd Avenue South #420
Minneapolis, MN 55401

James F. Lerner
james.lerner@bonalawpc.com
1330 Avenue of the Americas, Suite 23A
New York, NY 10019

*Counsel for Plaintiff PharmacyChecker.com*

**CERTIFICATE OF SERVICE**

I, Lisa Mittwol, hereby certify that on this 22nd day of June 2021, I caused a copy of Plaintiff's Reply to LegitScript's Opposition to Plaintiff's Motion to Sever and Transfer Its Claim as to it with Prejudice be served upon counsel of record via the Court's electronic filing system.

Lisa Mittwol

LISA MITTWOL