UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PharmacyChecker.com LLC,<br><br>*Plaintiff,*<br><br>vs.<br><br>National Association of Boards of Pharmacy et al.,<br><br>*Defendants.* | Civil Action No. 7:19-cv-07577-KMK<br><br>**[Proposed] Stipulated Protective Order Governing the Production and Exchange of Confidential Information**<br><br>Judge Kenneth M. Karas<br>Magistrate Judge Paul E. Davison |

The parties to the above-captioned matter (the "Action"), through their undersigned counsel of record, stipulate and agree under Rule 26(c) of the Federal Rules of Civil Procedure, and the Court hereby ORDERS upon a finding of good cause, that this Stipulated Protective Order shall govern the disclosure and use of confidential and privileged information in this Action.

In general, this Stipulated Order provides for the following categories of information: non-confidential material, Confidential Material; Highly Confidential Material; and Outside Counsel Eyes Only Material. Each of these categories of information shall be treated differently in accordance with the provisions of this Stipulated Order. In the event of disagreement between the parties regarding the designation of particular information, the parties shall meet and confer prior to seeking judicial relief.

## DEFINITIONS

1.     Parties. The term "party" means a plaintiff or defendant in this Action, including the officers, directors, and principals acting on behalf of a corporate party. "Parties" means any combination of plaintiffs or defendants in this Action, including the officers, directors and principals acting on behalf of corporate parties. For the avoidance of doubt, the term "party" is limited to plaintiffs or defendants named in this Action.

2.     Non-Parties. The term "non-party" means any individual, corporation, association, or other natural person or entity that is not a party to the Action.

3.     Discovery Material. All documents, items, or other information (regardless of the medium or manner generated, stored, or maintained) including testimony transcripts, and tangible things that are produced or generated in disclosures or responses to discovery in this Action. This includes any material produced, filed, or served by any Party or Non-Party in this Action, or any information included in such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, responses to requests for admission, documents, and tangible things. The term "document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, Rule 26.3 of the Local Civil Rules of the Southern District of New York, and Federal Rule of Evidence 1001.

4.    <u>Privilege</u>. The term "privilege" means the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law.

5.    <u>Confidential Material</u>. The term "Confidential Material" means confidential or proprietary business, commercial, research, personnel, product, or financial information (regardless of how it is generated, stored, or maintained), including but not limited to (a) information which law or contract requires the equivalent of "Confidential" treatment as set forth in this Stipulated Protective Order; (b) research, technical, commercial, or financial information that the Designating Party has maintained as confidential; (c) medical information concerning any individual; (d) personal identifying information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual,; (e) personnel or employment records; (f); or (g) any information that should not be available to the public.

6.    <u>Highly Confidential Material</u>. The term "Highly Confidential Material" means extremely sensitive Confidential Information (regardless of how it is generated, stored, or maintained) that (a) is the subject of reasonable efforts to maintain its secrecy; (b) is sufficiently valuable and secret to afford potential or actual advantage over others; (c) is of a nature that its disclosure to existing or potential customers or competitors would cause injury to the business, commercial, competitive, or financial interests of the Designating Party, including tax returns or

filings (including attached schedules and forms) (d) information that reveals trade secrets, and/or (e) which law or contract requires the equivalent of "Highly Confidential" treatment as set forth in this Stipulated Protective Order.

7.     <u>Outside Counsel Eyes Only Material</u>. The term "Outside Counsel Eyes Only Material" means information (regardless of how it is generated, stored, or maintained) that contains highly competitive or highly sensitive information that the Designating Party reasonably and in good faith believes is either (a) Confidential or Highly Confidential Material that contains information that may disclose the Producing Party's current or future business, pricing or advocacy strategies or decisions, or (b) Highly Confidential Material that could cause competitive or institutional harm (other than liability in this case) to the Designating Party if shared with in-house counsel for the Receiving Party.

8.     <u>Designating Party</u>. A Party or Non-Party that designates Discovery Material as "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only."

9.     <u>Producing Party</u>. A Party or Non-Party that produces Discovery Material in this Action.

10.    <u>Receiving Party</u>. A Party that receives Discovery Material from a Producing Party.

11.    <u>Protected Material</u>. Confidential Material, Highly Confidential Material and Outside Counsel Eyes Only Material are collectively referred to as "Protected Material."

4

## GENERAL PROVISIONS

12.  <u>Scope</u>. This Stipulated Protective Order governs all Discovery Material.

(a)  Designated Protected Material. A Designating Party may designate Discovery Material as Confidential, Highly Confidential, or Outside Counsel Eyes Only Material and that material must be treated in accordance with the provisions of this Stipulated Protective Order.

(b)  A Designating Party will not make confidentiality designations for an improper purpose (*e.g.* to impair case development or impose unnecessary burdens on other Parties). A Designating Party will take care to limit any such designation to specific material that qualifies under the appropriate confidentiality designation. Notwithstanding the foregoing, the Parties recognize that document review using technological means may result in the use of higher confidentiality designations than otherwise appropriate. The Parties agree to work together on an as-needed (and by document or category or type of document) basis to address any potential over (or under) designation of Protected Material.

13.  <u>Designation of Protected Material</u>. A Party or Non-Party designating Discovery Material as Confidential, Highly Confidential, or Outside Counsel Eyes Only shall mark each page of the document containing such material as "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only." If all or a portion of written discovery responses are entitled to protection under this Order, then the entire response may be designated as "Confidential" or "Highly

Confidential," or "Outside Counsel Eyes Only," provided, however, following service of such responses and upon request of the Receiving Party, the Parties (and Non-Parties, to the extent applicable) will meet and confer regarding whether certain portions of those responses are not Protected Material and memorialize any agreement in writing.

14.    Objections to Confidentiality Designations or Treatment. A Party or Non-Party may at any time, in good faith, object to the designation of any document or specific information as "Confidential," "Highly Confidential" or "Outside Counsel Eyes Only" Material, by stating its objection in writing (*e.g.*, by e-mail) to the Party or Non-Party making the designation that specifies by Bates (document control) number the document or information challenged for that document. All objections shall include a statement of the legal or factual basis for each objection. The Parties (and Non-Parties, to the extent applicable) shall meet and confer to discuss the objection within fourteen (14) days. If the Parties (and Non-Parties, to the extent applicable) cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether such material has been properly designated. The Designating Party or Non-Party shall bear the burden of persuading the Court that the designated material is either Confidential Material, Highly Confidential Material, or Outside Counsel Eyes Only Material. Pending a decision from the Court, the challenged documents shall be treated as having been properly designated by the Producing Party. Nothing in this paragraph shall restrict the ability of any Party to challenge confidentiality designations based on asserted commonality of readily

identifiable documents within specific categories or the ability of any party to contest such categorical challenges on any ground.

15.      Nothing in this Order prohibits a Party from producing responsive material for inspection under Fed. R. Civ. P. 34, under such terms and conditions as may be mutually agreeable to the Parties if a Producing Party chooses to respond via inspection.

DISCLOSURE OF PROTECTED MATERIAL

16.      <u>Confidential Material</u>. Confidential Material may be disclosed only to:

(a)      the Parties' principals, officers, managers, or employees as necessary to assist the Outside Counsel with this litigation;

(b)      the Parties' in-house counsel, and in-house counsel's legal, investigative, technical, administrative, and other support staff, who are directly involved or assisting in this Action;

(c)      for any Party with no in-house counsel, one designated outside counsel who regularly serves in that capacity and its legal, administrative, information technology, and other support staff, who are directly involved or assisting in this Action.   For avoidance of doubt, this designated outside counsel is in addition to the Party's Counsel of Record;

(d)      the Parties' Counsel of Record, which shall mean the Parties' outside counsel who have appeared on behalf of a Party in this Action, and the partners, associates, contract attorneys, staff attorneys, paralegals, and clerical and support personnel working under the direct supervision of such

counsel who are directly involved or assisting in this Action (including outside vendors or contractors, such as vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with this Action, including the performance of its duties in relation to a computerized litigation support system, acting under the direction of such counsel, whether or not the work of such vendors is directly supervised);

(e)     the Court and all persons assisting the Court in the Action, including clerks, special masters, mediators, court reporters and videographers and their staff;

(f)     persons retained as outside consultants or outside experts by any Party for the purposes of this Action and principals and employees of the firms with which consultants or experts are associated and who are directly involved or assisting in this Action;

(g)     any witness during the course of discovery or other proceeding in this Action so long as it is stated on the face of the Confidential Material being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the document to the witness,

provided that: (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, or (ii) the witness's statements, communications, or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face, and the witness is or has been employed by or affiliated with the designating party.   Nothing herein shall prevent disclosure at a deposition of a document designated as Confidential to the officers, directors, and managerial level employee, nor to any other employee or consultant who has or had access to the document in the scope of their employment or engagement of the party producing such document, or to any employee of such party who has access to such information in the ordinary course of such employee's employment.

(h)     and any person hereafter agreed to in writing by the Producing Party or by further order of the Court

17.   <u>Highly Confidential Material</u>. Unless otherwise indicated in this Stipulated Protective Order, Highly Confidential Material may be disclosed only to:

(a)     the Parties' in-house counsel, and in-house counsel's legal, investigative, technical, administrative, and other support staff, who are directly involved or assisting in this Action;

(b)     for any Party with no in-house counsel, one designated outside counsel who regularly serves in that capacity and its legal, administrative, information technology, and other support staff, who are directly involved or

assisting in this Action.  For avoidance of doubt, this designated outside counsel is in addition to the Party's Counsel of Record;

(c)     the Parties' Outside Counsel of Record, which shall mean the Parties' outside counsel who have appeared on behalf of a Party in the Action, and the partners, associates, paralegals, and clerical and support personnel working under the direct supervision of such counsel who are directly involved or assisting in this Action (including outside vendors or contractors, such as vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with this Action, including the performance of its duties in relation to a computerized litigation support system, acting under the direction of such counsel, whether or not the work of such vendors is directly supervised);

(d)     the Court and all persons assisting the Court in the Action, including clerks, special masters, mediators, court reporters, and videographers and their staff;

(e)     persons who are retained by any Party in connection with this Action as outside consultants or outside experts, and principals and employees of the firms with which these consultants or experts are associated and who are directly involved in this litigation, to the extent that such disclosure is necessary for purposes of preparation for discovery, motion practice, mediation, trial, or appeal in this Action;

(f)      a fact witness being questioned as a subject-matter expert during a deposition, mediation, arbitration or at trial, but only during, and not prior to; the aforementioned proceedings and only documents relating to the subject matter of his or her expertise.   Any such witness must execute the Acknowledgment attached as Exhibit A before being shown Protected Material. Any Receiving Party intending to use any such document must identify any such documents by bates number at least 3 days prior to disclosure, and meet and confer with the Producing Party over any objections to said disclosure.

(g)      any witness during the course of discovery or other proceeding in this Action so long as it is stated on the face of the Highly Confidential Material being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the document to the witness, provided that (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, or (ii) the witness's statements, communications, or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face, and the witness is or has been employed by or affiliated

with the designating party.  Nothing herein shall prevent disclosure at a deposition of a document designated as Highly Confidential to the officers, directors, and managerial level employee, nor to any other employee or consultant who has or had access to the document in the scope of their employment or engagement of the party producing such document, or to any employee of such party who has access to such information in the ordinary course of such employee's employment.

(h)      any person to whom disclosure is agreed to in writing by the Producing Party, or as further ordered by the Court

18.      <u>Outside Counsel Eyes Only Material</u>. Outside Counsel Eyes Only Material shall only be disclosed to:

(a)      the Parties' Outside Counsel of Record, which shall mean the Parties' outside counsel who have appeared on behalf of a Party in the Action, and the partners, associates, paralegals, and clerical and support personnel working under the direct supervision of such counsel who are directly involved or assisting in this Action (including outside vendors or contractors, such as vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with this Action, including the performance of its duties in relation to a computerized litigation support system, acting under the direction of such counsel, whether or not the work of such vendors is directly supervised);

(b)    the Court and all persons assisting the Court in the Action, including clerks, special masters, mediators, court reporters, and videographers and their staff;

(c)    persons who are retained by any Party in connection with this Action as outside consultants or outside experts, and principals and employees of the firms with which these consultants or experts are associated and who are directly involved in this litigation, to the extent that such disclosure is necessary for purposes of preparation for discovery, motion practice, mediation, trial, or appeal in this Action;

(d)    any witness during the course of discovery or other proceedings in this Action so long as it is stated on the face of the Outside Counsel's Eyes Only Material being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the document to the witness, provided that the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, or (ii) the witness's statements, communications, or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face, and the witness is or has been employed by or affiliated

13

with the designating party. Nothing herein shall prevent disclosure at a deposition of a document designated as Outside Counsel's Eyes Only Materials to the officers, directors, and managerial level employee, nor to any other employee or consultant who has or had access to the document in the scope of their employment or engagement of the party producing such document, or to any employee of such party who has access to such information in the ordinary course of such employee's employment.

(e)     a fact witness being questioned as a subject-matter expert during a deposition, mediation, arbitration or at trial, but only during, and not prior to; the aforementioned proceeding and only documents relating to the subject matter of his or her expertise.   Any such witness must execute the Acknowledgment attached as Exhibit A before being shown Protected Material. Any Receiving Party intending to use any such document must identify any such documents by bates number at least 3 days prior to disclosure, and meet and confer with the Producing Party over any objections to said disclosure;

(f)     any person to whom disclosure is agreed to in writing by the Producing Party, or as further ordered by the Court.

19.     Before any Protected Material is disclosed to the persons identified above in Paragraphs 16(a), (b), (f), or (h); 17(a), (b), (e) or (f); or 18(c) or (e), such persons shall be provided with a copy of this Stipulated Protective Order and shall execute the Acknowledgment of Stipulated Protective Order attached as Exhibit A. Nothing in this

paragraph prohibits the Producing Party to request that a person to whom Protected Material is to be disclosed review this Stipulated Protective Order and execute the Acknowledgement of Stipulated Protective Order attached as Exhibit A. Outside counsel shall retain the original copies of executed Acknowledgement forms and need not disclose who has executed them during the course of this Action, unless the Court orders otherwise.

21.   Nothing in this stipulated Protective Order shall limit the ability of any Party or Non-Party to disclose to any person its own Protected Material produced or designated in this Action.

22.   Limited Purpose. Unless otherwise agreed-to by all of the Parties or Non-Parties bound or affected by this Order, or further ordered by the Court, Discovery Material produced in this Action, including Protected Material, may be used only in this Action, and may not be used in any other action, proceeding, arbitration, or for any other purpose.

23.   All Protected Material shall be kept in a secure location that is under the control of a person authorized by this Stipulated Protective Order to receive such information. The Receiving Party shall use commercially reasonable measures to protect the Protected Material from breach, unauthorized access, or improper disclosure.

## USE OF PROTECTED MATERIAL BY A PARTY IN THIS ACTION

24.    <u>Depositions</u>. From the date of a deposition until sixty (60) business days after receipt of a final deposition transcript, such transcript shall be deemed Outside Counsel Eyes Only in accordance with this Stipulated Protective Order unless the Parties otherwise agree. Absent a timely written designation (or other agreement between the Parties as to timing) of some or all of the final transcript as Confidential Material or Highly Confidential Material, this presumptive designation shall lapse. The Parties agree that, except in unique circumstances, an entire transcript will not ordinarily satisfy the criteria for Protected Material. The designation by a Party or Non-Party of a transcript, exhibit, or videotape (or any portion of these) as Confidential Material or Highly Confidential Material shall be made in writing and served upon all counsel of record and the relevant court reporter. Any designation of a transcript (or portion thereof) shall be treated as a designation of the deposition's video, or portion thereof, and vice-versa.

24.    <u>Filings</u>. This Stipulated Protective Order does not, by itself, authorize the filing of any document under seal. A Receiving Party who seeks to file with the Court any document that contains Protected Material shall follow the procedures of this Court for filing documents conditionally under seal. The Designating Party will have the obligation to file a motion to permanently seal the documents pursuant to applicable rules.

25.    <u>Hearings</u>: If any Party anticipates using Protected Material at any hearing or pre-trial proceeding it will arrange to meet and confer with the Designating

Party not less than seven days before the hearing to negotiate a proposal for Court approval addressing the treatment of the Protected Material at the hearing, such as by filing the Protected Material under seal with the Court and referencing the sealed filing at the hearing.   Should the Designating Party and the Party seeking to use the Protected Materials at any hearing or pre-trial proceeding fail to agree on a proposal addressing the use of the Protected Material, they may seek resolution from the Court at or prior to the hearing.   Any Designating Party may object to the offering of or reference to Protected Material at a hearing if these procedures have not been followed, and a Designating Party may seek appropriate relief from the Court.

26.   <u>Examination of Witnesses</u>. The use of Protected Material at any deposition is subject to the limitations on disclosure provided in Paragraphs 16, 17, and 18. If a deposition witness is examined concerning Protected Material, the Designating Party or Non-Parties bound or affected by this Order shall have the right to exclude from the portion of the examination concerning such material any person not authorized in accordance with Paragraphs 16, 17, and 18 to have access to such material.

27.   <u>Discovery Material</u>. If Protected Material is included in written answers to discovery requests of any kind, the portions of such answers or responses that contain the Protected Material shall be marked in accordance with their designations as Confidential, Highly Confidential, and/or Outside Counsel Eyes Only.

28.   <u>Trial</u>. No fewer than thirty (30) days before the date upon which the Parties are directed to submit a Joint Pretrial Order in this Action, the Parties shall

meet and confer to negotiate a proposal for Court approval addressing the treatment of Protected Material at trial. To the extent the Parties fail to agree on a proposal addressing the use of such Protected Material at trial, they may submit alternative proposals to the Court for resolution.

<u>REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES</u>

29.     Any Party or Non-Party (or counsel to any Party or Non-Party) that becomes aware of any unauthorized disclosure of Protected Material or any breach of this Stipulated Protective Order shall promptly give notice to the Party or Non-Party that produced or supplied the Protected Material of such circumstances. Upon receipt of such notice, the Party or Non-Party that produced or supplied the Protected Material may seek such other relief as is appropriate. In any event, the Party or Non-Party that made the unauthorized disclosure shall immediately use its best efforts to retrieve such information and to prevent further disclosure. A Party or Non-Party may seek relief for any unauthorized disclosure of Protected Material or any breach of this Stipulated Protective Order, including seeking sanctions and other penalties for contempt of court.

30.     Any Party or Non-Party (or counsel to any Party or Non-Party) that is subject to a data breach or incident that results in the unauthorized access, distribution, or disclosure of Protected Material shall be responsible to the Producing Party for any damages resulting from the incident.  Receiving Parties shall take reasonable steps to ensure the security and protection of Protected Material produced in the course of the litigation.

SUBPOENAS COMMANDING PRODUCTION OF PROTECTED MATERIAL

31.    If, at any time, any Protected Material in the possession, custody or control of any Party or person other than the Designating Party is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, before producing any such Protected Materials, the Party or person to whom the subpoena or request is directed shall provide prompt written notice (including, but not limited to, by e-mail) to the original Designating Party or Non-Party. Within ten (10) days of notice, the Designating Party or Non-Party shall inform the subpoenaed Party either that it does not object to production of the Protected Material or that it will seek a court order or other formal relief to prevent the production. Should the Designating Party or any Non-Party or third party in intervention oppose the request for production of such documents or materials, the Party or person to whom the subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the Designating Party or Non-Party unless otherwise ordered by a court of competent jurisdiction, and shall not produce any of the subpoenaed material until the matter is resolved by the court. Other than the obligation to comply with these requirements, this Stipulated Protective Order is not intended to affect a Party's or other person's obligation to respond to such a subpoena or request.  The

Designating Party or Non-Party shall bear the burden and expense of seeking protection for its Protected Material.

## PRODUCTION OF PROTECTED MATERIAL WITHOUT DESIGNATION

32.    The production of Protected Material without the appropriate designation as Confidential, Highly Confidential, or Outside Counsel Eyes Only Material, as the case may be, shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material. Upon a Party or Non-Party's discovery that its information was not correctly designated, that Party or Non-Party shall provide notice to the other Parties that the information was inappropriately designated. The Producing Party or Non-Party shall then have twenty (20) business days in which to re-designate the information and produce a replacement copy of the re-designated document with the appropriate confidentiality mark. The document shall be produced with an overlay load file referencing the original Bates number and including metadata field indicating the confidential status of the document. If the reproduced document is stamped with a new Bates number, the load file shall include a cross-reference field to the original Bates number. If an inadvertently-omitted Confidential, Highly Confidential, or Outside Counsel Eyes Only designation is first claimed by the Producing Party during the course of a deposition, hearing or proceeding in which such Protected Material is disclosed as though no designation had been made, it must be treated immediately going forward as though that Confidential, Highly Confidential, or Outside Counsel Eyes Only designation had been previously made. The Producing Party or Non-Party of such Protected Material shall then have twenty

(20) business days in which to re-designate the information and produce a replacement copy of the re-designated document with the appropriate confidentiality mark.

33.     Additionally, upon notice that any Protected Material has not been appropriately designated and upon receipt of the re-produced document with the appropriate confidentiality stamp, the Party receiving such notice shall return or destroy all incorrectly marked Protected Materials. Upon notice, the Receiving Party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in conformity with any such re-designation. The Receiving Party shall thereafter treat the documents consistent with the re-designated level of confidentiality. No Party is deemed to violate this Stipulated Protective Order if, prior to notification of any re-designation, Protected Material has been disclosed or used in a manner inconsistent with the later designation. If such Protected Material became a part of the public record prior to notice of request to change its designation, it is the responsibility of the Party or Non-Party who changed the designation to move the Court for appropriate relief.

34.     Regardless of when the re-designation occurs, the Receiving Parties may challenge the re-designation under the procedures set forth herein.

### PRODUCTION OF PRIVILEGED, PROTECTED, OR OTHER MATERIAL IMMUNE FROM DISCOVERY

35.     The inadvertent production by any Party or Non-Party of any documents or material constituting or containing attorney-client privileged information, attorney

work product or other information privileged or protected from disclosure ("Privileged Material"), as well as challenges to any such claim of privilege or work-product, shall be governed by Rule 26 of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

36.    If a Producing Party becomes aware that it has inadvertently produced Privileged Material, the Producing Party will promptly notify each Receiving Party in writing of the inadvertent production. Within 10 business days of receipt of such notice, each Party to which such notice is directed: (a) must return, sequester, or destroy the Privileged Material and any copies; (b) must not use or disclose the Privileged Material until the claim is resolved; (c) must take reasonable steps to recall the Privileged Material if the Party disclosed it before being notified; and (d) must provide a written certification of counsel that all such Privileged Material has been returned, sequestered, or destroyed. Any notes or summaries referring or relating to any such Privileged Material shall be destroyed or sequestered within the ten (10) business day period provided for.

37.    If a Receiving Party receives materials that reasonably appear to be subject to attorney-client privilege, the common interest privilege, work product protection, or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material.

38.     Within 10 business days of the notification that Privileged Material has been returned, sequestered or destroyed, the Party asserting privilege shall produce a privilege log with respect to the Privileged Material setting forth all of the information required under Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

39.     Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. If the underlying claim of privilege or protection is contested, the Parties shall comply with Federal Rule of Civil Procedure 26(b)(5)(B) and the Receiving Party may promptly seek a judicial determination of the matter pursuant to that rule (a "Privilege Motion"). Any Privilege Motion shall not assert as a ground for granting the motion the fact or circumstance of the production of the Privileged Material claimed to be privileged, nor shall the Receiving Party be able to utilize the contents learned from the Privileged Material to challenge the privilege designation.

40.     The Party asserting privilege retains the burden of establishing the privileged or protected nature of any Privileged Material. Nothing herein shall limit the right of any Party to petition the Court for an in camera review of the Privileged Material.

## MISCELLANEOUS PROVISIONS

41.     Nothing contained in this Stipulated Protective Order shall be construed as an admission that any document or information, or any testimony relating to such

document or information, is or would be admissible in evidence in this Action or in any other proceeding.

42.     Nothing contained in this Stipulated Protective Order shall affect the rights of the Parties or Non-Parties to object to discovery, nor shall it relieve a Party or Non-Party of its obligation to properly respond or object to discovery requests, nor shall it preclude any Party or Non-Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

43.     Nothing contained in this Stipulated Protective Order shall be construed as authorizing or requiring a Party to disobey any law, including any court order, or any information request or subpoena from any federal or state regulatory agency.

44.     The Parties reserve all rights to apply to the Court for any order modifying this Stipulated Protective Order. Any Party or Non-Party requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

45.     Nothing contained in this Stipulated Protective Order shall affect the ability of the Parties to alter by agreement the time periods set forth in this Stipulated Protective Order.

46.     When serving subpoenas on Non-Parties, a copy of this Stipulated Protective Order shall be included with the subpoena.

47.     The provisions of this Stipulated Protective Order shall survive the conclusion of the Action. The Court expressly retains jurisdiction over this Action for

enforcement of the provisions of this Protective Order following the final resolution of the Action.

48.   This Protective Order shall be binding upon any future Party to the Action.

## CONCLUSION OF LITIGATION

49.   Within sixty (60) calendar days after the resolution of the Action (including final disposition of all appellate proceedings), all documents and copies of all Discovery Material (other than exhibits of record) produced or supplied by a Party or Non-Party that contain Protected Material shall be either returned to the Party or Non-Party who produced or supplied the Protected Material, as the case may be, or destroyed. Upon request of the Producing Party who supplied the Protected Material, all Counsel of Record who received such Protected Material shall certify compliance herewith and, if the Protected Material is required to be returned to the Producing Party rather than destroyed, shall return the same to counsel for the Producing Party. The cost of the return of such Protected Material shall be borne by the Producing Party absent an agreement of the Parties otherwise.

50.   Notwithstanding the above requirements to return or destroy documents, Counsel of Record may retain (1) attorney work product including e-mails with attached documents, and (2) a complete set of all documents filed with the Court, including those filed under seal. No recipient of Protected Material is expected to search disaster recovery systems to comply with Paragraph 49. Any related Protected Material shall continue to be protected under this Stipulated Protective Order.

51.     This Stipulated Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

SO ORDERED this **31** day of **August** 2021, by:

KENNETH M. KARAS
DISTRICT JUDGE

Dated: August 30, 2021
White Plains, New York

Respectfully submitted,

/s/ *Rachel J. Adcox*
Rachel J. Adcox (*pro hac vice*)
Jeny M. Maier
Melanie M. Kiser (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street N.W.
Washington, D.C. 20036
Telephone: (202) 721-5406
Facsimile: (202) 912-4701
radcox@axinn.com
jmaier@axinn.com
mkiser@axinn.com

Denise L. Plunkett
AXINN, VELTROP & HARKRIDER LLP
114 W 47th Street, 22nd Floor
New York, NY 10036
Telephone: (212) 728-2231
Facsimile: (212) 728-2201
dplunkett@axinn.com

*Counsel for Defendant Alliance for Safe
Online Pharmacies*

/s/ *Erik T. Koons*
Erik T. Koons (*pro hac vice*)
Jana I. Seidl (*pro hac vice*)
Timothy P. Singer (*pro hac vice*)
Baker Botts L.L.P.
700 K St. NW
Washington, DC 20001
Telephone: (202) 639-7973
Facsimile: (202) 585-1086
erik.koons@bakerbotts.com
jana.seidl@bakerbotts.com
timothy.singer@bakerbotts.com

Brian E. Casey
Barnes & Thornburg LLP
700 1st Source Bank Center
100 N. Michigan
South Bend, IN 46601

Telephone: (574) 237-1285
brian.casey@btlaw.com

Paul T. Olszowka
Barnes & Thornburg LLP
One North Wacker Drive
Chicago, IL 60606
Telephone: (312) 214-5612
Facsimile: (312) 759-5646
paul.olszowka@btlaw.com

*Counsel for Defendant National Association of Boards of Pharmacy*

/s/ Leslie E. John
Leslie E. John (*pro hac vice*)
Elizabeth P. Weissert (*pro hac vice*)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: 215-665-8500
john@ballardspahr.com
weisserte@ballardspahr.com

Jay N. Fastow
Justin W. Lamson
BALLARD SPAHR LLP
1675 Broadway, 19th Fl.
New York, New York 10019
FastowJ@ballardspahr.com
LamsonJW@ballarspahr.com

*Counsel for Defendant Partnership for Safe Medicines*

/s/ Barry Werbin
Barry Werbin
Nicholas G. Veliky
HERRICK, FEINSTEIN, LLP
2 Park Avenue
New York, New York 10016
Tel.: 212.592.1418
bwerbin@herrick.com
nveliky@herrick.com

28

*Attorneys for Center for Safe Internet
Pharmacies Ltd.*

*/s/ Aaron Gott*
Aaron Gott (*pro hac vice*)
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
(858) 964-4589
aaron.gott@bonalawpc.com

*/s/ James Lerner*
BONA LAW PC
1330 Avenue of the Americas, Suite 23A
New York, NY 10019
(212) 634-6861
james.lerner@bonalawpc.com

*Counsel for Plaintiff PharmacyChecker.com*

29

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PharmacyChecker.com LLC, | Civil Action No. 7:19-cv-07577-KMK |
| *Plaintiff,* | **Acknowledgement of Stipulated Protective Order** |
| vs. | |
| National Association of Boards of Pharmacy et al., | Judge Kenneth M. Karas<br>Magistrate Judge Paul E. Davison |
| *Defendants.* | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2021, in the above-captioned action and attached hereto, understands the terms thereof, agrees to be bound by its terms, and understands that he/she will receive access to materials produced by the parties and other entities which are confidential to their businesses and organizations and which may cause competitive or other harm if utilized or disclosed outside of this litigation. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Protective Order, and understands that the terms of the Protective Order obligate the undersigned to use Protected Material in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Material to any other person, firm or entity, or to utilize the Protected Material for any purpose other than the above-captioned action. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

30

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

Signature: _____