UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHARMACYCHECKER.COM,

                              Plaintiff,

        v.

NATIONAL ASSOCIATION OF BOARDS
OF PHARMACY, *et al.*,

                              Defendants.

No. 19-CV-7577 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

        PharmacyChecker.com LLC ("Plaintiff") brings this Action against the National

Association of Boards of Pharmacy ("NABP"), Alliance for Safe Online Pharmacies ("ASOP"),

Center for Safe Internet Pharmacies Ltd. ("CSIP"), and Partnership for Safe Medicines, Inc.

("PSM"; collectively, "Defendants"), alleging that Defendants unlawfully conspired to restrain

trade in violation of § 1 of the Sherman Act, 15 U.S.C. § 1, and that NABP falsely advertised or

promoted in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125.  (*See generally* Am.

Compl. (Dkt. No. 82).)[1]  Before the Court is Defendants' Objection to a recent Order from

Magistrate Judge Davison ("Judge Davison") amending the governing Case Management Order

to reverse the sequencing of expert discovery such that Defendants' expert disclosures precede

Plaintiff's expert disclosures.  (*See* Obj. (Dkt. No. 205); *see also* Am. Phase 1 Disc. Scheduling

Order (Dkt. No. 197).)  For the reasons that following, Defendants' Objection is sustained.

---

        [1] Plaintiff also originally brought claims against LegitScript LLC.  (*See* Am. Compl.)
However, pursuant to a recent order from the Court, Plaintiff's claims against LegitScript LLC
have been severed and transferred to the U.S. District Court for the District of Oregon.  (*See*
Order (Dkt. No. 219).)

I.  Background

On March 30, 2021—as relevant to the instant Objection—the Court denied Defendants'
Joint Motion To Dismiss the Amended Complaint, rejecting Defendants' argument that Plaintiff
failed to allege that it suffered an antitrust injury (and thus, did not have standing to bring an
antitrust claim) because Plaintiff's asserted harm arises out of Defendants' alleged acts
suppressing unlawful drug importation.  (*See* Opinion & Order ("MTD Op.") 23–27 (Dkt.
No. 129).)  While Defendants identified authority for the principle that a plaintiff cannot plead an
antitrust injury and thus cannot establish standing where a plaintiff's enterprise is completely or
almost completely illegal, or completely or almost geared toward facilitating illegality, the Court
found that the allegations in the Amended Complaint did not provide a basis for the conclusion
that Plaintiff's business is completely or almost completely illegal or geared toward illegality.
(*See id.*)  The Court did, however, recognize that Defendants' argument was not baseless and
noted that Defendants would be permitted to advance the argument at summary judgment should
discovery ultimately support a finding that Plaintiff's enterprise is completely or almost geared
toward illegality or facilitating illegality.  (*See id.* at 27–28.)

With this in mind, the Court adopted a Case Management Order with a phased discovery
schedule on June 17, 2021, with Phase One focused on whether Plaintiff's enterprise is
completely or almost completely geared toward facilitating illegality and concluding with a
summary judgment motion from Defendants on this issue.  (*See* Order (Dkt. No. 167).)  In its
Order, the Court explained that Defendants' putative summary judgment motion was not
frivolous, noting that "[a]t the preliminary injunction hearing, Plaintiff admitted that the 'primary
reason' to provide information to United States consumers about international pharmacies selling
into the United States"—a major aspect of Plaintiff's business, according to the Amended
Complaint—"is 'to facilitate the purchase' of drugs from those pharmacies."  (*Id.* at 2 (alteration

omitted) (quoting Dkt. No. 96, at 65–66).)  And, these imports "are generally prohibited due to U.S. labeling requirements." (*Id.* at 2–3 (citation omitted).)  The Court's June 17, 2021 Case Management Order contemplated that Plaintiff's expert disclosures would precede Defendants' expert disclosures. (*See* Case Mgmt. & Scheduling Order 4 (Dkt. No. 166).)  The Court also referred management of all general pretrial matters to Judge Davison. (*See* Dkt. No. 175.)

It appears that during a November 19, 2021 case management conference before Judge Davison, Plaintiff sought to amend the governing Case Management Order to reverse the sequencing of expert disclosures. (*See* Dkt. (minute entry for Nov. 19, 2021).)  The Parties then filed competing letters on the issue, (*see* Dkt. Nos. 194, 195), and on December 14, 2021, Judge Davison granted Plaintiff's request and amended the governing Case Management Order to reverse the sequencing of expert disclosures, (*see* Am. Phase 1 Disc. Scheduling Order).

On December 27, 2021, Defendants timely filed their Objection to Judge Davison's Order, (*see* Obj.), and on January 26, 2022, Plaintiff informed this Court during a hearing on Plaintiff's Motion to Sever and Transfer Its Claim Against LegitScript LLC to the U.S. District Court for the District of Oregon, *see supra* n.1, that it opposed Defendants' Objection and would rely on its previous letter to Judge Davison on the issue.

## II.  Analysis

### A.  Standard of Review

A district court reviewing a decision from a magistrate judge addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  However, "[u]nder Rule 72 of the Federal Rules of Civil Procedure, 'when a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide,' the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or

contrary to law.'" *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, Nos. 18-CV-1781, 18-CV-7692, 2022 WL 153183, at *2 (S.D.N.Y. Jan. 18, 2022) (alteration omitted) (citing FED. R. CIV. P. 72(a)). "Orders involving discovery are considered nondispositive." *Pac. Life Ins. Co. v. Bank of N.Y. Mellon*, — F. Supp. 3d — , 2021 WL 5299193, at *2 (S.D.N.Y. Nov. 15, 2021). "'An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed' and is 'contrary to law if it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure.'" *Id.* (quoting *Blackrock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-10067, 2018 WL 3863447, at *3 (S.D.N.Y. Aug. 13, 2018)). Because "'[a] magistrate judge is best qualified to judge the entire atmosphere of the discovery process,'" his "'rulings on discovery matters are entitled to substantial deference.'" *Michelo*, 2022 WL 153183, at *2 (quoting *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-CV-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007)).

### B.  Analysis

Defendants argue that because courts in this Circuit typically require the party with the burden of proof to make its expert disclosures first, Judge Davison's order amending the governing Case Managing Order to reverse the sequencing of expert disclosures implicitly shifted the burden of proving antitrust injury from Plaintiff to Defendants.  (*See generally* Obj.) While Plaintiff agrees that it is Plaintiff who bears the burden of proving antitrust injury and that the party with the burden of proof should make its expert disclosures first, Plaintiff argues that illegality is an affirmative defense for which Defendants bear the burden of proof, and as such, Defendants should make their expert disclosures first.  (*See* Dkt. No. 195.)  At bottom, this dispute boils down to whether illegality is an element of demonstrating antitrust injury such that a showing of illegality negates an element of Plaintiff's prima facie case, or instead, is an

4

affirmative defense.  If the former, Plaintiff bears the burden of proof and must make its expert disclosures first, and if the latter, Defendants bear the burden of proof and must make their expert disclosures first.

The Court agrees with Defendants.  The Second Circuit has explained that "[t]o establish antitrust standing, 'a plaintiff must show (1) antitrust injury, which is injury of the type the antitrust laws were intended to prevent and that flows from that which makes [the] defendants' acts unlawful, and (2) that he is a proper plaintiff in light of four efficient enforcer factors.'" *Schwab Short-Term Bond Market Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103, 115 (2d Cir. 2021) (quoting *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 688 (2d Cir. 2009)).  As such, "[a]ntitrust injury is not simply the fact that a plaintiff may be able to allege some harm; rather, the issue is whether that harm is an 'injury of the type the antitrust laws were intended to prevent.'"  *In re Aluminum Warehousing Antitrust Litig.*, 95 F. Supp. 3d 419, 440 (S.D.N.Y. 2015) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 US. 477, 489 (1977)).  While legality is not formally an element of this inquiry, it is clear to the Court that if an enterprise is completely or almost completely geared toward facilitating illegality, then the type of injury caused by allegedly anticompetitive conduct aimed at the enterprise is not an injury that Congress sought to address and prevent via the antitrust laws.  Indeed, in *Maltz v. Sax*, the Seventh Circuit case from which the illegality principle stems, (*see* MTD Op. 23–26), the court held that the plaintiff could not recover because "the damages claimed were for an injury to something which the law did not recognize as a legal right"; namely, gambling.  134 F.2d 2, 5 (7th Cir. 1943).  The *Maltz* court went on to explain: "[The] [p]laintiff has no legal right in a business, the conduct of which was gambling, for which he may obtain protection either in an

action at law, or by a suit in equity.  He had no legal rights to protect.  Therefore [the] defendants could not invade them." *Id.*

As such, the Court finds that illegality is not an affirmative defense, but rather negates an element of Plaintiff's prima facie case, and thus, that Plaintiff bears the burden of proving that its business is legal.[2] *See also Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*, Nos. 08-CV-4548, 08-CV-4719, 2010 WL 145098, at *6 (N.D. Cal. Jan. 8, 2010) ("The court does not here hold that [the plaintiff] is barred from maintaining an antitrust claim because it has engaged in illegal activity; rather, the court holds that [the plaintiff] has failed to allege a plausible antitrust injury.").  Accordingly, Plaintiff shall make its expert disclosures first, as the Court initially required in the Case Management Order it adopted.

### III.  Conclusion

For the reasons stated above, Defendants' Objection is sustained and Judge Davison's Order amending the governing Case Management Order is reversed to the extent it required Defendants to make their expert disclosures first.  All deadlines remain unchanged.

---

[2] The Court makes clear, however, that Defendants will of course bear the burden of *production* on this issue as the contemplated movants in the anticipated summary judgment briefing at the conclusion of Phase One discovery.  *See, e.g.*, *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[S]ummary judgment is only 'appropriate' when the moving party has met its burden of production under Fed. R. Civ. P. 56(c) 'to show initially the absence of a genuine issue concerning any material fact.'" (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970))).

The Parties shall submit a revised proposed case management order consistent with this Order to this Court by February 11, 2022.

SO ORDERED.

Dated:    February 4, 2022
          White Plains, New York

_____
         KENNETH M. KARAS
       United States District Judge