

**MEMO ENDORSED**

SAN DIEGO · DALLAS · MINNEAPOLIS · NEW YORK · DETROIT

+1 612 284 5001
aaron.gott@bonalawpc.com
bonalaw.com

Aaron Gott | Partner & COO
331 Second Ave. S.
Suite 420
Minneapolis, MN 55401

April 21, 2022

<u>Via ECF</u>

Hon. Judge Kenneth M. Karas
U.S. District Court, Southern District of New York
300 Quarropas St., Chambers 533
White Plains, NY 10601-4150

RE:   *PharmacyChecker.com LLC v. NABP et al.*, No. 7:19-cv-07577 (KMK): Request to Conditionally Seal Plaintiff's Pre-Motion Letter in Response to Defendants' Pre-Motion Letter for Summary Judgment

Dear Judge Karas:

We represent Plaintiff PharmacyChecker.com. This letter is submitted under Section IX(A) of the Court's Individual Rules of Practice and the Stipulated Protective Order to request that certain confidential information in (1) plaintiff's response to defendants' pre-motion letter for summary judgment and accompanying exhibits and (2) plaintiff's response to defendants' pre-motion *Daubert* letter and accompanying exhibits, filed contemporaneously, be conditionally placed under seal. Specifically, plaintiff seeks the following to conditionally be placed under seal:

1. Plaintiff's pre-motion letter in response to defendants' pre-motion letter for summary judgment;
2. Exhibits A–E to plaintiff's pre-motion letter in response to defendants' pre-motion letter for summary judgment; and
3. Plaintiff's response to defendants' pre-motion *Daubert* letter.

Pursuant to paragraph 24 of the Stipulated Protective Order, plaintiff has filed the foregoing conditionally under seal because they contain "Protected Material" as defined by the Stipulated Protective Order. Dkt. No. 181. The material includes documents, or information derived from documents, designated as Confidential by plaintiff PharmacyChecker.com LLC and depositions presumptively still designated as Outside Counsel Eyes only under paragraph 24 of the Stipulated Protective Order.

Plaintiff, as the designating party, will later file a motion to permanently seal the documents pursuant to applicable rules." *Id.* at 16.

Hon. Judge Kenneth M. Karas
April 21, 2022
Page 2

    While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In evaluating whether to grant a sealing request, the Court should evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

    Conditional sealing of the pre-motion letters and certain accompanying exhibits is appropriate here. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly proprietary [business] material").

Respectfully submitted,

Aaron Gott

Both NABP and Plaintiff's requests to conditionally seal the materials filed in connection with the pre-motion letters are granted. Plaintiff shall file a motion to permanently seal the appropriate materials by no later than May 2, 2022.

The Clerk of Court is directed to terminate the pending motions at Dkt. Nos. 232 and 237.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

4/25/22