**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PharmacyChecker.com LLC, <br><br> *Plaintiff,* <br><br> vs. <br><br> National Association of Boards of Pharmacy et al., <br><br> *Defendants.* | Civil Action No. 7:19-cv-07577-KMK <br><br> **PharmacyChecker.com's Memorandum of Law Supporting Motion to Permanently Seal Documents** <br><br> Judge Kenneth M. Karas <br> Magistrate Judge Paul E. Davison |

Plaintiff PharmacyChecker.com respectfully requests an order sealing portions of defendants' pre-motion summary judgment letter and associated exhibits, pre-motion *Daubert* letter and associated exhibits, and plaintiff's responses thereto and associated exhibits. Dkts. 233, 235, 238–239.

The disclosure of these documents, which were previously filed under conditional seal, would cause injury to plaintiff PharmacyChecker.com's business by exposing confidential and competitively sensitive business information to the general public. PharmacyChecker.com therefore requests that the Court permanently seal these conditionally sealed materials.

**ARGUMENT**

While courts presume a public right of access to public court proceedings, that right is "not absolute," and the Court has discretion to seal confidential materials. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In evaluating whether to grant a sealing request, the Court must evaluate several factors: (1) whether the document qualifies as a judicial

1

document; (2) the weight of the presumption of public access; and (3) whether any countervailing reasons outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). This balancing is a fact-intensive exercise is subject to review for abuse of discretion. *United States v. Amodeo*, 71 F.3d 1044, 1053 (2d Cir. 1995).

Even assuming the first two factors favor a presumption of public access, there is a countervailing reason that outweighs the right of public access here: the confidential materials reflect sources of non-public, competitively sensitive business information. Documents that reflect, for example, sales figures, confidential business plans, trade secrets, or details regarding a company's relationships with its suppliers or customers are all appropriately restricted from public access. *See, e.g.*, *In re New York Times Co. to Unseal Wiretap & Search Warrant Materials,* 577 F.3d 401, 410 n.4 (2d Cir. 2009) ("When litigation requires the disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved."); *Gate Guard Servs. L.P. v. Solis*, No. V-10-91, 2012 WL 4625679, at *2–3 (S.D. Tex. Sept. 30, 2012) (sealing client identities and marketing strategy documents); *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *4, *9 (N.D. Cal. Jan. 15, 2013) (sealing documents relating to parties' strategies, competitive positions, and business operations). All of the information plaintiff seeks to have permanently sealed are such competitively sensitive business information that is routinely subject to sealing.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court grant the motion to permanently seal the conditionally sealed materials.

Respectfully submitted,

DATED: May 2, 2022

BONA LAW PC

By:
  /s/Aaron R. Gott
  AARON R. GOTT (admitted *pro hac vice*)

aaron.gott@bonalawpc.com
331 2nd Avenue South #420
Minneapolis, MN 55401
(612) 824-5001

James Lerner (2371599)
james.lerner@bonalawpc.com
287 Park Avenue South, Suite 422
New York, NY 10010
(212) 634-6861

*Counsel for Plaintiff
PharmacyChecker.com*

Plaintiff's request to permanently seal the conditionally sealed materials is overbroad. Plaintiff seeks to seal the entirety of over 20 exhibits (and quotations thereto) on the basis that the exhibits contain confidential, competitively-sensitive information. However, the Court finds that any such concerns can be handled via the redaction of any such information within the exhibits, rather than fully sealing the entire exhibits. Plaintiff is to propose redactions by no later than May 13, 2022.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

5/6/22

3

## CERTIFICATE OF SERVICE

    I, Lisa Mittwol, hereby certify that on this 2nd day of May 2022, I caused a copy of PharmacyChecker's Memorandum of Law Supporting Motion to Permanently Seal Documents be served upon counsel of record via the Court's electronic filing system.

_____
LISA MITTWOL