**BAKER BOTTS LLP**

| | |
|---|---|
| 700 K STREET, N.W.<br>WASHINGTON, D.C.<br>20001<br><br>TEL +1 202.639.7700<br>FAX +1 202.639.7890<br>BakerBotts.com | AUSTIN        MOSCOW<br>BRUSSELS   NEW YORK<br>DALLAS       PALO ALTO<br>DUBAI         RIYADH<br>HOUSTON   SAN FRANCISCO<br>LONDON     **WASHINGTON** |

June 22, 2022                    **MEMO ENDORSED**

Erik Koons
TEL: 2026397973
FAX: 2025851086
erik.koons@bakerbotts.com

Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy, et al.* No. 19-cv-07577-KMK; Request to Conditionally Seal Defendants' Motion for Summary Judgment and *Daubert* Filings

Dear Judge Karas:

We represent Defendant National Association of Boards of Pharmacy ("NABP"). This letter is submitted on behalf of all Defendants pursuant to Section IX(A) of the Court's Individual Rules of Practice and the Stipulated Protective Order to request that certain confidential information included in (1) Defendants' memorandum of law in support of Defendants' joint Motion for Summary Judgment on Sherman Act § 1 claim, (2) Defendants' Statement of Material Facts in support of Defendants' joint Motion for Summary Judgment on Sherman Act § 1 claim, (3) Defendants' memorandum of law in support of Defendants' Motion to Exclude the Expert Testimony of Benjamin England, Esq., and accompanying exhibits, filed contemporaneously herewith, be conditionally placed under seal. Specifically, the Defendants seek the following to conditionally be placed under seal:

1. Defendants' memorandum of law in support of Defendants' joint Motion for Summary Judgment on Sherman Act § 1 claim;
2. Defendants' Statement of Material Facts in support of Defendants' joint Motion for Summary Judgment on Sherman Act § 1 claim;
3. Exhibits DX 2-5, 7, 10, 11, 13, 16-20, 24-27, 29, 40, 43, 45, 51-55, 57-85, 87, 89, 92, 94, 96, 97, 101, 102, and 104 to Defendants' statement of material facts in support of Defendants' joint motion for summary judgment on Sherman Act § 1 claim;
4. Defendants' memorandum of law in support of Defendants' Motion to Exclude the Expert Testimony of Benjamin England, Esq.;
5. Exhibits 7 and 9-13 to Defendants' memorandum of law in support of Defendants' motion to exclude the expert testimony of Benjamin England, Esq.

Pursuant to paragraph 24 of the Stipulated Protective Order ("Filings"), Defendants have filed the foregoing conditionally under seal because they contain "Protected Material" as defined by the Stipulated Protective Order. Dkt. No. 181. The material includes documents, or information derived from documents, designated as Confidential, Highly Confidential, or Outside Counsel Eyes Only by Plaintiff PharmacyChecker.com LLC ("PCC").

**BAKER BOTTS** LLP

Hon. Kenneth M. Karas - 2 - June 22, 2022

PCC, as the designating party, has the "obligation to file a motion to permanently seal the documents pursuant to applicable rules." *Id.* at 16.

While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In evaluating whether to grant a sealing request, the court must evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Conditional sealing of the above-referenced materials is appropriate in this instance. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly proprietary [business] material").

Respectfully,

Erik T. Koons
*Counsel for National Association of Boards of Pharmacy*

NABP's motion to conditionally seal the referenced materials is granted. Plaintiff's motion to permanently seal these materials and any other materials filed in conjunction with the parties' summary judgment briefing will be due once Defendants' summary judgment motion is fully briefed.

SO ORDERED

_____
KENNETH M. KARAS U.S.D.J.

6/23/22