UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PharmacyChecker.com LLC, <br><br> *Plaintiff,* <br><br> vs. <br><br> National Association of Boards of Pharmacy et al., <br><br> *Defendants.* | Civil Action No. 7:19-cv-07577-KMK <br><br> **Plaintiff's Motion to Strike Portions of Defendants' Submissions in Support of Defendants' Motion for Summary Judgment** <br><br> ORAL ARGUMENT REQUESTED <br><br> Judge Kenneth M. Karas <br> Magistrate Judge Paul E. Davison |

Defendants filed a motion for summary judgment (Dkt. 263, the "motion") and Local Rule 56.1 statement of undisputed facts (Dkt. 264-1) arguing that plaintiff should lose antitrust standing based on some portion of its business possibly "facilitating" illegal conduct by third parties. Numerous exhibits and statements made in the submissions should be stricken and/or disregarded because they violate the Federal Rules of Evidence, are false, and/or blatantly misrepresent the evidence. Perhaps most numerous and most egregious are the statements relying on quoted deposition questions masquerading as testimony. In many instances the witness specifically disagreed with counsel's questions or said she lacks the relevant knowledge. And yet the defendants purport to quote the witness giving this testimony anyway.

For these and similar exploits, the Court should grant the motion and strike the statements and exhibits listed below.[1]

**ARGUMENT**

On a motion for summary judgment, parties must support their factual positions with admissible evidence. Fed. R. Civ. P. 56(c)(1), (2). The principles governing the "admissibility of evidence do not change on a motion for summary judgment." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) (citing Fed. R. Civ. P. 56(e). And only admissible evidence should be considered. *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998); *see also Shamrock Power*

---

1. Plaintiff could not possibly identify each and every basis for objecting to defendants' massive 56.1 statement and accompanying evidentiary submission and therefore reserves its right to assert such objections beyond phase 1 summary judgment.

1

*Sales, LLC v. Scherer*, No. 12-CV-8959 (KMK), 2015 U.S. Dist. LEXIS 133650, at *61 (S.D.N.Y. Sept. 30, 2015) (Karas, J.). A motion to strike is "the correct vehicle" to challenge materials submitted for summary judgment. *Schaghticoke Tribal Nation v. Kempthorne*, 587 F. Supp. 2d 389, 395–396 (D. Conn. 2008), *aff'd*, 587 F.3d 132 (2nd Cir. 2009), *cert. denied* 131 S. Ct. 127 (2010).

The Court should strike and disregard statements that "couch legal argument and analysis as fact and offer legal conclusions." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 71 (2d Cir. 2001). *DeSio v. Singh*, No. 19 Civ. 3954 (JCM), 2021 WL 4449314, at *9 (S.D.N.Y. Sept. 28, 2021); *see also Shamrock Power Sales*, 2015 U.S. Dist. LEXIS 133650, at *60 (legal assertions in Local Rule 56.1 statements or declarations "not entitled to any weight and [are] therefore disregarded").

"Evidence that is not properly authenticated is not in admissible form and therefore may not be considered" on summary judgment. *Shamrock Power*, 2015 U.S. LEXIS 133650 at 62. "A motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay or conclusory statements, are incomplete, or have not been properly authenticated." *Schaghticoke Tribal Nation,* 587 F. Supp. 2d at 396–398 (striking exhibits not properly authenticated and containing inadmissible hearsay); *FTC v. Med. Billers Network, Inc.* 543 F. Supp. 2d 283, 302 (S.D.N.Y. 2008) (inadmissible hearsay could not be used for summary judgment).

Applying those standards here, the following portions of defendants' submissions should be stricken or disregarded:

**Statements 1 and 51 and DX 1:** Defendants cite no admissible evidence for this legal conclusion couched as fact that plaintiff "facilitate[s] the purchase of drugs." Instead, they cite a lawyer's statement at oral argument (DX 1), which is not a judicial admission and not admissible. A "distinct and formal admission" by counsel can bind her client, *Haywood v. Bureau of Immigration*, 372 F. App'x 122, 124 (2d Cir. 2010), but only if it is "a clear and unambiguous admission of fact," *United States v. McKeon*, 738 F. 2d 26, 30 (2d Cir. 1984), and not legal argument to a court. *N.Y. State Nat'l Org. for Women v. Terry*, 159 F.3d 86, 97 n.7 (2d Cir. 1998); *see also Kregler v. City of N.Y.*, 821 F. Supp. 2d 651, 656 (S.D.N.Y. 2011). Here, the purported admission was by a lawyer who appeared as a substitute for lead counsel at oral argument on a preliminary injunction due to lead counsel's last-minute unexpected absence for a family medical emergency. Her statement in response to a question by the Court during legal argument that it was "likely" the reason users click-through is to purchase medications is neither distinct and formal admission nor a clear and unambiguous statement of fact.

**Statements 2, 3, 4, 5, 72, 74, and 76:** Each of these statements repeats—with minor variations—the same legal conclusion couched as fact that prescription drug importation is illegal. There is no evidentiary value to these statements, which merely state defendants' belief that their version of the relevant laws and regulations is correct.

**Statement 12 and the Excerpted Portion of DX 11:** Statement 12 quotes a witness as testifying that a "main goal" of plaintiff's listing program is to "reach

3

consumers who are motivated to find lower cost medication." In fact, the quoted language is from defendants' own questions—not witness testimony. Worse, the witness's response to the relevant question(s) was "not necessarily," indicating *disagreement*, not affirmation of the quoted language.

**The Excerpted Portions of DX 11 Quoted in Statement 16 and 17:** Defendants placed "bidding system" in quotes, but that is not witness testimony—it is part of defendants' question. The excerpted testimony from DX 11 also lacks foundation. The witness repeated various times that he lacked the relevant knowledge to provide the information requested.

**Statement 18:** This statement claims that plaintiff's expert "expressed concern about *the* bidding system . . . and called it problematic . . ." suggesting that *plaintiff's* bidding system was the subject of the questioning. In truth, the testimony concerned a *hypothetical* bidding system in which "accredited pharmacies can get higher rankings on the website based on paying more." Plaintiff does not rank pharmacies.

**Statements 28, 42, 60, 68, 70 and 74:** In these statements, defendants cite to excerpted testimony in DX 28 that clearly lacks foundation. The witness testified repeatedly, often in response to hypothetical questions, that she was not involved with the relevant program and lacks personal knowledge to provide the requested information. The references to that testimony—in DX 28—should be stricken for that reason.

Additionally, for statement 68, the first excerpted testimony of DX 28 (78:21-

4

79:18) comprises the witness's confirmation that defense counsel read an exhibit correctly. The second excerpted testimony of DX 28 (45:23–46:13) is inadmissible hearsay as defendants offer it for the truth of the matter asserted. That excerpt also comprises the witness agreeing that defendants' counsel read an exhibit correctly—a draft mischaracterized by defendants in their statement as an actual communication to consumers.

**Statement 54 and DX 54:** Defendants claim that plaintiff "touts" its "ability to help consumers access and order drugs." The only evidence cited for the proposition claimed is an internal draft—not communicating anything, let alone "touting," beyond plaintiff's own walls.

**Statement 56:** This statement asserts that plaintiff "aided U.S. consumers in importing drugs" obtained overseas. What defendants cite in support is a series of general public and informational posts, as well as other features of plaintiff's website, that are accessed by individuals from 220 countries. There is no cited evidence of plaintiff actually aiding a single person in purchasing let alone importing a drug. The statement is also inconsistent with defendants' concession that plaintiff does not buy, sell or import prescription drugs whatsoever and that, therefore, that fact is not relevant to their motion for summary judgment. [*Daubert* Motion] Dkt. 261 at 16 ("[T]his is not relevant to the inquiry facing the Court. . . . The key question . . . is whether Plaintiff's enterprise is 'geared toward facilitating illegality' by connecting U.S. consumers to foreign online pharmacy websites to purchase prescription

5

drugs.").[2]

**Statements 40, 57, 62, 63, 64, 65, 67, 69, 78, 82, 83, 91, 93 and 94**: Each of these statements purport multiple instances of some event—for example, plaintiff responding to a complaint for replacement medication, assisting a customer with a refund request, or "guid[ing] individual U.S. users in [] selecting" drugs—as if plaintiff had a regular pattern or practice of engaging in the behavior claimed. Defendants, however, cite evidence showing only one, if any, instance of the claimed behavior (sometimes two and, at most, three times over a number of years).

Statement 67 is not supported by admissible evidence of even one instance of plaintiff "guid[ing] individual U.S. users in making selections among foreign pharmacies." The excerpted testimony cited in support of the statement is inadmissible hearsay as defendants seek to use it and comprises the witness agreeing that defendant's counsel correctly read an exhibit. Plus, the witness specifically called out for defense counsel that the underlying document is a draft, *i.e.,* is not an example of plaintiff "guiding" anyone.

**Statement 73:** The excerpted testimony used to try to support the statement that plaintiff's expert "does not know" whether pharmacies actually ship drugs in compliance with FDA requirements is misleading by omission. The witness testified that that subject was outside the scope of his assignment.

**Statements 84, 85 and 86:** Defendants claim, in these statements, that

---

2.   In fact, the key part that defendants leave out in quoting the Court is "where a plaintiff's enterprise is completely or almost completely illegal" in itself. Dkt. 220 at 2.

evidence shows findings or "determin[ations]" of legal violations on the part of pharmacies that plaintiff accredited. It does not—the evidence cited shows warning letters, which are not determinations of an actual violation but rather an FDA charge or accusation.

**Statement 88:** Defendants claims that FDA "black box" warnings are missing from imported drugs sold by its accredited pharmacies, which creates a risk for U.S. consumers. The statement lacks foundation and is not supported by admissible evidence. In the only excerpted testimony cited to support the statement (in DX 11), the witness merely confirmed that defendants' counsel read an exhibit correctly. The witness then specifically called out for defense counsel that the exhibit says nothing about missing warnings for imported drugs sold by plaintiff's accredited pharmacies, and that he lacks the relevant knowledge beyond reading the exhibit on its face.

**Statement 89:** Defendants claims that plaintiff "acknowledges that its accredited pharmacies could have shipped controlled substances to consumers and PCC would have no way of knowing or preventing it." The statement is not supported by admissible evidence. The exhibit that defendants themselves cite to support the statement says plaintiff could not **"*automatically*"** know "whether or not PharmacyChecker.com-verified websites are listing controlled drugs." DX 101 (emphasis added). Moreover, the top email in that same document states "there *is* a flag for controlling substances and an alert to consumers that plaintiff verified online pharmacies are prohibited from dispensing controlled substances to consumers in the U.S." *Id.* (emphasis added).

7

**Other Exhibits:** The following exhibits, or their excerpted portions, are unauthenticated, lacking in foundation, and are (or contain) inadmissible hearsay as defendants offer them: DX 2, DX 3, DX 4, DX 5, DX 13, DX 14, DX 17, DX 29, DX 40, DX 41, DX 51, DX 54, DX 55, DX 57, DX 58, DX 70, DX 75, DX 76, DX 77, DX 78, DX 89, DX 104.

## CONCLUSION

For the foregoing reasons, PharmacyChecker.com respectfully requests that the Court grant the motion to strike the offending portions of defendants' submissions and the identified exhibits as defendants offer them.

Respectfully submitted,

DATED: July 20, 2022

By:
*S/Aaron Gott*
AARON GOTT (admitted *pro hac vice*)

aaron.gott@bonalawpc.com
BONA LAW PC
331 2nd Avenue South #420
Minneapolis, MN 55401
(612) 824-5001

James Lerner (2371599)
james.lerner@bonalawpc.com
287 Park Avenue South, Suite 422
New York, NY 10010
(212) 634-6861

*Counsel for Plaintiff
PharmacyChecker.com*

## CERTIFICATE OF SERVICE

I, Lisa Mittwol, hereby certify that on this 20th day of July 2022, I caused a copy of Plaintiff's Motion to Strike Portions of Defendants' Submissions in Support of Defendants' Motion for Summary Judgment be served upon counsel of record via the Court's electronic filing system.

_____
LISA MITTWOL