**BAKER BOTTS L.L.P.**

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL  +1 202.639.7700
FAX  +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

MOSCOW
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
**WASHINGTON**

August 5, 2022

Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Erik Koons
TEL: 2026397973
FAX: 2025851086
erik.koons@bakerbotts.com

Re: *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy, et al.* No. 19-cv-07577-KMK; Request to Conditionally Seal Defendants' Filings Relating to Defendants' Reply Briefing In Support of Defendants' Motion for Summary Judgment and Motion to Exclude

Dear Judge Karas:

We represent Defendant National Association of Boards of Pharmacy ("NABP"). This letter is submitted on behalf of all Defendants pursuant to Section IX(A) of the Court's Individual Rules of Practice and the Stipulated Protective Order to request that certain confidential information included in Defendants' filings and accompanying exhibits relating to Defendants' reply briefing in support of Defendants' motion for summary judgment and motion to exclude, filed contemporaneously herewith, be conditionally placed under seal. Specifically, Defendants seek the following to conditionally be placed under seal:

1. Defendants' reply memorandum of law in support of Defendants' joint motion for summary judgment on Sherman Act § 1 claim;
2. Defendants' reply statement of material facts in support of Defendants' joint motion for summary judgment on Sherman Act § 1 claim;
3. Exhibits DX 105, 106, 107, 108, 109, 110, 111, 114, 115, 119, 121, and 122 to Defendants' reply statement of material facts in support of Defendants' joint motion for summary judgment on Sherman Act § 1 claim;
4. Declaration of Melanie M. Kiser, Esq. in support of Defendants' joint motion for summary judgment on Sherman Act § 1 claim;
5. Defendants' reply memorandum of law in support of Defendants' joint motion to exclude the expert testimony of Benjamin England, Esq.;
6. Defendants' pre-motion letter to strike portions of the declaration of Gabriel Levitt in opposition to Defendants' joint motion for summary judgment on Sherman Act § 1 claim.

Pursuant to paragraph 24 of the Stipulated Protective Order, Defendants have filed the foregoing conditionally under seal because they contain "Protected Material" as defined by the Stipulated Protective Order. Dkt. 181. The material includes documents, or information derived from documents, designated as Confidential, Highly Confidential, or Outside Counsel Eyes Only by Plaintiff PharmacyChecker.com LLC ("PCC").

**BAKER BOTTS** LLP

Hon. Kenneth M. Karas - 2 - August 5, 2022

PCC, as the designating party, has the "obligation to file a motion to permanently seal the documents pursuant to applicable rules." *Id.* at 16.

While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In evaluating whether to grant a sealing request, the court must evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Conditional sealing of the above-referenced materials is appropriate in this instance. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly proprietary [business] material").

Respectfully,

Erik T. Koons
*Counsel for National Association of Boards of Pharmacy*