

**Barry Werbin**
Counsel
212.592.1418
: 212.545.3401
bwerbin@herrick.com

August 5, 2022

<u>VIA ECF FILING</u>

Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: PharmacyChecker.com LLC v. National Association of Boards of Pharmacy, et al. No. 19-cv-07577 (KMK); Defendants' Pre-Motion Letter to Strike Portions of Declaration of Gabriel Levitt

Dear Judge Karas:

We are counsel of record for defendant Center for Safe Internet Pharmacies Ltd. We respectfully submit this letter on behalf of all Defendants in the above-captioned action to request a pre-motion conference for leave to file a motion to strike certain paragraphs of the Declaration of Gabrielle Levitt, dated July 20, 2022 (Docket No. 272[1]; the "Levitt Decl."), submitted by Plaintiff in opposition to Defendants' motion for summary judgment. A copy of the unredacted Levitt Decl. is enclosed and filed under seal, as was the original.

Defendants' summary judgment motion establishes that substantially all of Plaintiff's business is geared towards facilitating illegal importation of prescription drugs. Defendants' arguments and evidence in support of their motion rely, in part, on the expert reports of Mark Farrar, a forensic accountant, and Peter Kent, an Internet search engine optimization (SEO) data expert. Defendants' counsel timely served Plaintiff's counsel with both expert reports, and served a supplemental report of Mr. Kent that modified statements in his initial report based on irregularities he discovered in Plaintiff's data. Plaintiff never served initial reports from any accounting or SEO experts, or any rebuttal expert report.[2]

Defendants' expert reports discuss in detail data sets and analytics used or relied upon by Plaintiff in its business to assess the percentage of business that Plaintiff does with, and revenues it earns from, non-United States pharmacies. Instead of retaining one or more experts to opine on these issues, Plaintiff has instead attempted a run-around by including what is clearly on its face rebuttal-type expert witness testimony from a lay witness, Gabriel Levitt, Plaintiff's President. The Levitt Decl. provides no foundation for Mr. Levitt having expertise in website statistical data review and analysis, Google Analytics, and other metrics used by Defendants' experts in their respective reports. Mr. Levitt, as a lay witness, cannot render his own opinions based in part on

---

[1] Plaintiff designated certain portions of the Levitt Decl. as confidential and filed an unredacted version under seal (Docket No. 271). Docket No. 272 is the publicly filed redacted version.
[2] Plaintiff was required to submit its expert reports first under the Court's February 4, 2022 order (Docket No. 220).

**HERRICK, FEINSTEIN LLP**   Two Park Avenue   New York, NY 10016   Phone: 212.592.1400   Fax: 212.592.1500



August 5, 2022
Page 2

Google Analytics reports, which are hearsay. Nor has Plaintiff established that Mr. Levitt has any accounting expertise required to reconcile Plaintiff's financial information.

In particular, Levitt Decl. paragraphs 4, 10, 24-25, 27-28, 43-45, and 49 either reference selected portions from the opinions and detailed computations of Defendants' experts, and attempt to refute or twist them to favor Plaintiff, or offer conclusory opinions on the number of PCC's verified US pharmacies without evidentiary support (as in ¶¶10, 49). And while paragraphs 27 and 28 cite to Plaintiff's Exhibit PX1 for support, Mr. Levitt lays no foundation that it is a business record; indeed, that exhibit states at the top: "Prepared at the request of council [*sic*]." Mr. Levitt provides no information as to how PX1 was prepared or from what sources and offers only that he has "no reason to doubt" that it was "retrieved, for purposes of this litigation, from PharmacyChecker's files." Nor does he offer any insight into his methodology for analyzing the voluminous data or arriving at the conclusions PCC relies on for support in their 56.1 response. *See, e.g.,* Pls' 56.1 Responses ¶¶ 25, 26, 28.

Notably, Mr. Levitt takes portions of data and statistics analyzed in Defendants' expert reports, and then uses that data to set forth his own purported computations aimed at distorting the percentages of Plaintiff's revenues resulting from U.S. end users. In attempting to combine bits and pieces of Defendants' experts' analyses to produce a purported separate analysis, Levitt fails to articulate how he is qualified to do so or why his methodology is appropriate. Even if Levitt were qualified to analyze Plaintiff's Google Analytics data and financial information—which, as explained below, he is not—he did not attempt to do his own review and analysis of Plaintiff's information. Rather, he attempts to freeride on the work of Defendants' experts.

Mr. Levitt attempts to controvert Defendants' experts' opinions and computations, and rejigger them in Plaintiff's favor, as a lay witness, without setting forth any foundation as to how he is possibly competent to offer such disguised expert-type testimony. Indeed, while Mr. Levitt refers in these paragraphs to certain of Plaintiff's database reports and records, he fails to state that he has had any responsibility within PCC for creating or manipulating that data. Instead, he merely states several times that, in relation to Plaintiff's database exhibits, he has "no reason to doubt that [such exhibits are] authentic." Levitt Decl. ¶1 avers only that he has "personal knowledge of documents retrieved by plaintiff's personnel" but not that he has personal knowledge of any of the facts alleged in his declaration. That such disguised expert-type testimony would be proffered by Mr. Levitt is all the more inappropriate because Plaintiff has a dedicated database manager and developer, Nathan Walker, who was deposed and testified about matters respecting Plaintiff's databases and methodology used to assess sources of revenues earned by Plaintiff and geo-location data concerning Plaintiff's non-United States business.

Federal Rule of Evidence 701 sets forth three foundational requirements for lay witness testimony: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception, (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical,



August 5, 2022
Page 3

or other specialized knowledge within the scope of Rule 702." The above-cited paragraphs of the Levitt Decl. on their face fail these requirements. This Court may therefor strike those portions of the Levitt Decl. because Plaintiff failed to comply with expert report disclosure requirements, and has offered a lay witness with no specialized knowledge to render expert testimony and, given Mr. Levitt's lack of qualification, does not aid the Court in understanding testimony or credibly determining any fact at issue. As the Second Circuit has observed:

> [I]n considering the third pre-requisite to admissibility under Rule 701, that "a court must focus on 'the reasoning process' by which a witness reached his proffered opinion," and that, to constitute lay opinion, an opinion must be the product of "reasoning processes familiar to the average person in everyday life," rather than "scientific, technical, or other specialized knowledge." *Garcia*, 413 F.3d at 215[3] (quoting 4 *Weinstein's Federal Evidence* § 701.03[1]). The purpose of these pre-requisites to admissibility under Rule 701 "is to prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial disclosure requirements [for expert testimony]" in Federal Rule of Civil Procedure 26. *Id*. Finally, it is well established that "[i]t is the proponent of lay opinion testimony who must satisfy the rule's three foundation requirements." *Id*. at 211.

*Dynamic Concepts, Inc. v. Tri-State Surgical Supply and Equipment Ltd.*, 716 Fed. Appx. 5, 10 (2d Cir. 2017) (unpublished).

What Plaintiff has attempted with the Levitt Decl. is to avoid completely its obligation to serve one or more expert reports if it wanted to contradict the opinions set forth in Defendants' expert reports.[4] Plaintiff's attempt to offer such rebuttal through the declaration of a lay witness, who is incompetent to offer such disguised expert testimony, for the first time in opposition to Defendants' summary judgment motion, is improper and manifestly unfair. Accordingly, Defendants respectfully request a pre-motion conference pursuant to your Honor's Rule II(A) for leave to file a motion to strike paragraphs 4, 10, 24-25, 27-28, 43-45, and 49 of the Levitt Decl.

Respectfully submitted,

Barry Werbin

---

[3] *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005).
[4] Plaintiff had the obligation to serve an affirmative expert report, since it was required to disclose its expert opinions first, and was fully aware of the issues at the center of Phase 1, including that Defendants intended to use an accounting expert.



August 5, 2022
Page 4

cc:    ECF Counsel of Record

HF 14544627v.1