**BAKER BOTTS** L.L.P.

700 K STREET, N.W.　　AUSTIN　　　MOSCOW
WASHINGTON, D.C.　　BRUSSELS　　NEW YORK
20001　　　　　　　　DALLAS　　　PALO ALTO
　　　　　　　　　　　DUBAI　　　　RIYADH
TEL +1 202.639.7700　　HOUSTON　　SAN FRANCISCO
FAX +1 202.639.7890　　LONDON　　　**WASHINGTON**
BakerBotts.com

August 5, 2022　　　　**MEMO ENDORSED**

Hon. Kenneth M. Karas　　　　　　　　　　　　　　　Erik Koons
The Hon. Charles L. Brieant Jr.　　　　　　　　　　TEL: 2026397973
Federal Building and United States Courthouse　　FAX: 2025851086
300 Quarropas St.　　　　　　　　　　　　　　　　erik.koons@bakerbotts.com
White Plains, NY 10601-4150

      Re:    *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy, et al.* No. 19-cv-07577-KMK; Request to Conditionally Seal Defendants' Filings Relating to Defendants' Reply Briefing In Support of Defendants' Motion for Summary Judgment and Motion to Exclude

Dear Judge Karas:

      We represent Defendant National Association of Boards of Pharmacy ("NABP"). This letter is submitted on behalf of all Defendants pursuant to Section IX(A) of the Court's Individual Rules of Practice and the Stipulated Protective Order to request that certain confidential information included in Defendants' filings and accompanying exhibits relating to Defendants' reply briefing in support of Defendants' motion for summary judgment and motion to exclude, filed contemporaneously herewith, be conditionally placed under seal. Specifically, Defendants seek the following to conditionally be placed under seal:

1. Defendants' reply memorandum of law in support of Defendants' joint motion for summary judgment on Sherman Act § 1 claim;
2. Defendants' reply statement of material facts in support of Defendants' joint motion for summary judgment on Sherman Act § 1 claim;
3. Exhibits DX 105, 106, 107, 108, 109, 110, 111, 114, 115, 119, 121, and 122 to Defendants' reply statement of material facts in support of Defendants' joint motion for summary judgment on Sherman Act § 1 claim;
4. Declaration of Melanie M. Kiser, Esq. in support of Defendants' joint motion for summary judgment on Sherman Act § 1 claim;
5. Defendants' reply memorandum of law in support of Defendants' joint motion to exclude the expert testimony of Benjamin England, Esq.;
6. Defendants' pre-motion letter to strike portions of the declaration of Gabriel Levitt in opposition to Defendants' joint motion for summary judgment on Sherman Act § 1 claim.

      Pursuant to paragraph 24 of the Stipulated Protective Order, Defendants have filed the foregoing conditionally under seal because they contain "Protected Material" as defined by the Stipulated Protective Order. Dkt. 181. The material includes documents, or information derived from documents, designated as Confidential, Highly Confidential, or Outside Counsel Eyes Only by Plaintiff PharmacyChecker.com LLC ("PCC").

**BAKER BOTTS** LLP

Hon. Kenneth M. Karas - 2 - August 5, 2022

PCC, as the designating party, has the "obligation to file a motion to permanently seal the documents pursuant to applicable rules." *Id.* at 16.

While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In evaluating whether to grant a sealing request, the court must evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Conditional sealing of the above-referenced materials is appropriate in this instance. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly proprietary [business] material").

Respectfully,

Erik T. Koons
*Counsel for National Association of Boards of Pharmacy*

---

Defendants' motion to conditionally seal the referenced materials is granted.

Plaintiff's motion to permanently seal any and all conditionally sealed materials that were filed in conjunction with the parties' summary judgment and *Daubert* briefing is due by no later than August 16, 2022.

The Clerk of Court is directed to terminate the pending motion at Dkt. No. 277.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

8/9/22