# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PharmacyChecker.com LLC, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) Case No. 7:19-cv-7577-KMK |
| National Association of Boards of Pharmacy, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO STRIKE PORTIONS
# OF THE DECLARATION OF GABRIEL LEVITT

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*DVL, Inc. v. Niagara Mohawk Power Corp.*,
    490 Fed. Appx. 378 (2d Cir. 2012) ..................................................................................... 2

*Dynamic Concepts, Inc. v. Tri-State Surgical Supply and Equipment Ltd.*,
    716 Fed. Appx. 5 (2d Cir. 2017) ......................................................................................... 2

*United States v. Cabrera*,
    13 F.4th 140 (2d Cir. 2021) ................................................................................................ 2

*United States v. Garcia*,
    413 F.3d 201 (2d Cir. 2005) ................................................................................................ 2

**Other Authorities**

Fed. R. Evid. 701 ........................................................................................................................ 1, 2

Defendants respectfully submit this memorandum in support of their motion to strike paragraphs 4, 10, 24-25, 27-28, 43-45, and 49 (the "Subject Paragraphs") of the Declaration of Gabriel Levitt (Dkt. No. 272) (the "Levitt Decl.").

## FACTS

Pursuant to the Court's February 4, 2022 order (Dkt. No. 220), and the Amended Phase 1 Discovery Schedule (Dkt. No. 224), PharmacyChecker.com LLC ("Plaintiff") was obligated to disclose its expert reports first by February 25, 2022. Plaintiff failed to submit any expert report of an accounting or website data expert by that date. Nor did it request permission to submit any rebuttal expert report following Defendants' timely disclosure of the expert reports of Mark Farrar, a forensic accountant, and Peter Kent, an Internet search engine optimization (SEO) data expert. Defendants' experts extensively analyzed and reconciled Plaintiff's proprietary website traffic data, Google Analytics reports, and accounting data produced in discovery to assess the percentage of business that Plaintiff does with, and revenues it earns from, foreign online pharmacies.

Defendants' summary judgment motion ("SJ Motion") relies, in part, on the Farrar and Kent reports to show that substantially all of Plaintiff's business is geared towards facilitating the illegal importation of prescription drugs. *See* Def. Mem. in Support of SJ Motion at pp. 16-17 (Dkt. No. 264). In response, Plaintiff seeks to rebut Defendants' experts' analyses through the testimony of an unqualified lay witness: Plaintiff's President, Gabriel Levitt. Having shirked its expert disclosure obligations, Plaintiff should not be allowed to submit a surprise opinion in response to Defendants' motion. The Court should strike the Subject Paragraphs.

## ARGUMENT

Federal Rule of Evidence 701 sets forth three foundational requirements for lay witness testimony: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited

1

to one that is: (a) rationally based on the witness's perception, (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The Subject Paragraphs on their face fail these basic requirements. The Court should strike the Subject Paragraphs because Plaintiff: (1) failed to comply with expert disclosure requirements in the Case Management Orders, (2) has offered a lay witness with no specialized knowledge to render expert testimony, and (3) given Levitt's lack of qualification, those portions of the Levitt Decl. will not aid the Court in understanding testimony or credibly determining any fact at issue. As to the third Rule 701 factor, the Second Circuit has emphasized:

> The purpose of these pre-requisites to admissibility under Rule 701 "is to prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial disclosure requirements [for expert testimony]" in Federal Rule of Civil Procedure 26. [*United States v. Garcia,* 413 F.3d 201, 215 (2d Cir. 2005)]. Finally, it is well established that "[i]t is the proponent of lay opinion testimony who must satisfy the rule's three foundation requirements." *Id.* at 211.

*Dynamic Concepts, Inc. v. Tri-State Surgical Supply and Equipment Ltd.,* 716 Fed. Appx. 5, 10 (2d Cir. 2017) (unpublished); *see also United States v. Cabrera*, 13 F.4th 140, 149 (2d Cir. 2021); *DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 Fed. Appx. 378, 380-81 (2d. Cir. 2012) (unpublished).

Instead of retaining its own expert(s) to opine on the issues considered by Defendants' experts, Plaintiff attempts to shoe-horn rebuttal-type expert witness testimony into the Levitt Decl. The rebuttal expert-like nature of the Subject Paragraphs is readily evident by their text:

- Levitt Decl. ¶ 4 references Plaintiff's PX 2 (Dkt. No. 270-3), which is derived from Google Analytics, and provides Levitt's opinion of the percentage of non-U.S. website users accessing Plaintiff's website, based on Levitt's analysis and calculations.

2

- Levitt Decl. ¶ 10 merely states an unsupported conclusion about the number of U.S. based pharmacies participating in Plaintiff's verification program over time, with no corroborating documentary evidence. Levitt thus attempts to offer testimony that differs from the expert testimony of Peter Kent, who performed an investigation of the issue, all of which was fully disclosed in his report.

- Levitt Decl. ¶¶ 24-25 provide Levitt's own analysis and computations based on numbers "derived" from the expert report and detailed analysis of accounting expert Mark Farrar.

- Levitt Decl. ¶¶ 27-28 reference Plaintiff's PX 1 (Dkt. No. 270-2) and provide Levitt's computations based on numbers "derived" from that exhibit. Levitt thus attempts to provide numbers that differ from the expert testimony of Peter Kent.

- Levitt Decl. ¶¶ 43-45 provide Levitt's computations based on numbers derived from the detailed expert reports of Peter Kent and Mark Farrar.

- Levitt Decl. ¶ 49 merely states Levitt's unsupported conclusion about the number of U.S. based pharmacies in Plaintiff's verification program, with no corroborating evidence. Levitt's analysis differs from the expert testimony of Peter Kent, which was based upon Kent's investigation.

In addition to being nearly six months past its expert disclosure deadline, Plaintiff provides no foundation for Levitt having any expertise in website statistical data review and analysis, Google Analytics, or any of the other metrics used by Defendants' experts in their reports. As a lay witness, Levitt cannot render any opinion based in part on Google Analytics reports, which are hearsay. Plaintiff also fails to establish that Levitt has any accounting expertise required to reconcile extensive amounts of financial information from different systems. In particular, most of the Subject Paragraphs reference selected portions and conclusions from the detailed computations of Defendants' experts and attempt to refute or twist them to favor Plaintiff.

Notably, Levitt selects portions of Defendants' expert reports to set forth his own purported computations aimed at distorting the percentages of Plaintiff's revenues generated from U.S. users of its website. While attempting to use pieces of Defendants' experts' analyses to cobble together his own analysis, Levitt fails to articulate how he is qualified to do so or why his (undisclosed) methodology is appropriate. For example, while the Subject Paragraphs refer to certain of

3

Plaintiff's database records, Levitt fails to state that he has had any responsibility for creating or manipulating that data. Instead, he merely states several times that, in relation to Plaintiff's database exhibits, he has "no reason to doubt that [such exhibits are] authentic." *See* Levitt Decl. ¶¶ 4, 27. Similarly, Levitt Decl. ¶ 1 avers only that he has "personal knowledge of documents retrieved by plaintiff's personnel," but not that he has personal knowledge of any of the facts alleged in his declaration. That such testimony would be proffered by Levitt is all the more inappropriate because Plaintiff has a dedicated database manager and developer, Nathan Walker, who testified at deposition about Plaintiff's databases and methodology used to assess sources of revenues earned by Plaintiff, and geo-location data concerning Plaintiff's non-U.S. business.

And even if Levitt were qualified to analyze Plaintiff's Google Analytics data and financial information (he is not), he never reviews or analyzes Plaintiff's data himself. Rather, he attempts to freeride on the work of Defendants' experts and rejigger their opinions in Plaintiff's favor. That is poorly disguised expert-type testimony, and not an appropriate methodology in any event.

Equally problematic, the remaining Subject Paragraphs offer conclusory opinions on the locations of Plaintiff's verified pharmacies that contradict the findings of Defendants' SEO expert without evidentiary support. *See* Levitt Decl. ¶¶ 10, 49. Nor does Levitt disclose his methodology for analyzing the voluminous data or arriving at the conclusions Plaintiff relies on for support in its Rule 56.1 responses. *See, e.g.*, Pls' 56.1 Responses ¶¶ 25, 26, 28. While paragraphs 27 and 28 cite to Plaintiff's database Exhibit PX 1 as support for Levitt's opinions about the locations of verified pharmacies, Levitt lays no foundation that this exhibit is a business record or otherwise admissible; to the contrary, on its face the exhibit states that it was "Prepared at the request of council [*sic*]." No explanation is provided for how PX 1 was prepared or the source of the data contained therein; Levitt only states that he has "no reason to doubt" that it was "retrieved, for

4

purposes of this litigation, from PharmacyChecker's files" despite it having been "prepared" for Plaintiff's counsel. *See* Levitt Decl. ¶ 27.

In sum, through the Levitt Decl., Plaintiff attempts to offer expert rebuttal opinions through an incompetent lay witness, who cannot even attest to his own personal knowledge of facts in his declaration or the authenticity of the data he purports to analyze. Plaintiff's effort to offer such testimony for the first time in opposition to Defendants' summary judgment motion, without prior disclosure as required under the Court's Orders, is improper and unjust.

## CONCLUSION

Plaintiff's belated attempt to avoid the consequences of its decision not to retain its own financial or SEO experts on the core Phase I issue of the legality of its business should not be countenanced. Defendants respectfully request that the Court grant their motion to strike the Subject Paragraphs of the Levitt Declaration.

DATED: August 15, 2022                                      Respectfully submitted,

*/s/ Erik T. Koons*                                         */s/ Barry Werbin*
Erik T. Koons (*Pro Hac Vice*)                              Barry Werbin, Esq.
Jana I. Seidl (*Pro Hac Vice*)                              Nicholas Grant Olear Veliky, Esq.
**BAKER BOTTS L.L.P.**                                      **HERRICK, FEINSTEIN LLP**
700 K St. NW                                                Two Park Avenue
Washington, DC 20001                                        New York, New York 10016
Telephone: (202) 639-7973                                   Tel.: 212-592-1418
Facsimile: (202) 585-1086                                   bwerbin@herrick.com
erik.koons@bakerbotts.com                                   nveliky@herrick.com
jana.seidl@bakerbotts.com

*Counsel for Defendant National Association*                *Counsel for Defendant Center for Safe Internet*
*of Boards of Pharmacy*                                     *Pharmacies Ltd.*

<table>
<tr><td>

/s/ Rachel J. Adcox
Rachel J. Adcox (*Pro Hac Vice*)
Melanie Kiser (*Pro Hac Vice*)
**AXINN VELTROP & HARKRIDER LLP**
1901 L St NW
Washington, DC 20036
Tel: 202-912-4700
Fax: 202-912-4701
radcox@axinn.com
mkiser@axinn.com

Denise Plunkett
**AXINN VELTROP & HARKRIDER LLP**
114 West 47th Street
New York, NY 10036
Tel: 212-728-2200
Fax: 212-728-2201
dplunkett@axinn.com

*Counsel for Defendant Alliance for Safe Online Pharmacies*

</td><td>

/s/ Leslie E. John
Leslie E. John (*Pro Hac Vice*)
john@ballardspahr.com
Elizabeth P. Weissert (*Pro Hac Vice*)
weisserte@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: 215-665-8500

Justin W. Lamson (ID. 770895)
lamsonjw@ballardspahr.com
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, New York 10019
Telephone: (212) 223-0200

*Counsel for Defendant Partnership for Safe Medicines, Inc.*

</td></tr>
</table>