

**MEMO ENDORSED**

SAN DIEGO · DALLAS · MINNEAPOLIS · NEW YORK · DETROIT

+1 858 964 4589
matthew.riley@bonalawpc.com
bonalaw.com

Matthew Riley | Attorney
4275 Executive Square
Suite 200
La Jolla, CA 92037

August 16, 2022

Hon. Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> Re:   *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy et al.*, No. 19-cv-07577-KMK; Permanently Sealed Briefing for Motions for Summary Judgment and *Daubert* Filings

Dear Judge Karas:

PharmacyChecker.com LLC ("PCC"), pursuant to Federal Rules of Civil Procedure 5.2(d), 5.2(e), 26(c) and the Court's orders, moves to permanently seal documents and materials filed by the parties on June 22, 2022, July 20, 2022, and August 5, 2022. In support of this motion, PCC states as follows:

I.      INTRODUCTION

On June 22, 2022, defendants moved to conditionally seal their (1) Memorandum of Law in Support of Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim; (2) Statement of Material Facts in Support of Defendants' Joint Motion for Summary Judgement on Sherman Act § 1 Claim; (3) exhibits DX 2–5, 7, 10–11, 13, 16–20, 24–27, 29, 40, 43, 45, 51–55, 57–85, 87–89, 92, 94, 96–97, 101–102, and 104 to Defendants' Statement of Material Facts in Support of Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim; (4) Defendants' Memorandum of Law in Support of Defendants' Motion to Exclude the Expert Testimony of Benjamin England, Esq., and (5) exhibits 7 and 9–13 to Defendants' Memorandum of Law in Support of Defendants' Motion to Exclude the Expert Testimony of Benjamin England, Esq. ("**Set One Materials**"). *See* Dkt. 259. On June 23, 2022, the Court granted defendants' motion over the Set One Materials and such are conditionally sealed.

On July 20, 2022, plaintiff moved to conditionally seal its (1) memorandum of law in opposition to Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim; (2) exhibits 1–2, 6–7, 9–11, 14, 17–18, 20–23, 26, 28–30, 33–34, and 41–43 to Plaintiff's Opposition to Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim; (3) Plaintiff's Local Rule 56.1 Statement of Material Facts in Opposition to Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim; and (4)

Declaration of Gabriel Levitt in support of Plaintiff's Opposition to Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim ("**Set Two Materials**"). *See* Dkt. 267. On July 22, 2022, the Court granted plaintiff's motion over the Set Two Materials and such are conditionally sealed.

On August 5, 2022, defendants moved to conditionally seal their (1) Reply Memorandum of Law in Support of Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim; (2) Reply Statement of Material Facts in Support of Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim; (3) exhibits DX 105–111, 114–115, 119, and 121–122 to Defendants' Reply Statement of Material Facts in Support of Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim; (4) Declaration of Melanie M. Kiser, Esq. in Support of Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim; (5) Reply Memorandum of Law in Support of Defendants' Joint Motion to Exclude the Expert Testimony of Benjamin England, Esq.; and (6) Pre-motion Letter to Strike Portions of the Declaration of Gabriel Levitt in Opposition to Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim ("**Set Three Materials**"). *See* Dkt. 177. On August 9, 2022, the Court granted plaintiff's motion over the Set Three Materials, and further ordered plaintiff to file a motion to permanently seal the Set One Materials, Set Two Materials, and Set Three Materials no later than August 16, 2022.

In accordance with the Court's order, plaintiff here requests the Set One Materials (***see* Appendix A**), Set Two Materials (***see* Appendix B**), and Set Three Materials (***see* Appendix C**) be permanently sealed.

## II.     ARGUMENT

Clear and compelling reasons support PCC's narrowly tailored request for permanent sealing of PCC's confidential information. The information is proprietary and highly sensitive commercial information, the disclosure of which would cause PCC competitive harm or invade privacy interests of non-parties.

### A.     Legal Standard

The public has a qualified right to access judicial documents. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Documents submitted to a court for consideration on a summary judgment motion or *Daubert* motion are "judicial documents to which a strong presumption of access attaches." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006).

The presumption of access, however, can be overcome by "countervailing factors." *Id.* at 120, 124. These countervailing factors include (1) the "privacy interests of those resisting disclosure" (*United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); and (2) "business information that might harm a litigant's competitive standing" (*Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also, e.g.*, *SEC v. Telegram Grp. Inc.*, No. 19-cv-9439 (PKV), 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020) (granting sealing of "proprietary business information," the confidentiality of which was "legitimate countervailing factor[] to the public's presumptive right to access"). The public's right of access may also be outweighed by a "showing that sealing will further other substantial interests," such as "a third party's privacy interests." *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11–CV–1209 (CSH), 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013); *see also, e.g., Amodeo*, 71 F.3d at 1050 (explaining that courts "must balance" presumption of public access against "competing considerations," such as "privacy interests of innocent third parties").

### B. The Court Should Permanently Seal PharmacyChecker.com's Confidential Information or Other Information to Preserve the Privacy Interests of Non-parties

The documents and information that are the subject of this motion should be sealed permanently because they include confidential operational and marketing information, non-public financial and pricing information, and confidential information involving its customers (i.e., accredited pharmacies), the disclosure of which would place PCC at a competitive disadvantage and/or invade the privacy rights and interests of non-parties to this action.

#### 1. PharmacyChecker.com's confidential information concerning its operations and business strategies, and financials should be permanently sealed.

Conditionally sealed documents and information filed by the parties contain confidential, proprietary, and sensitive information concerning PCC's operations and business strategies—including details about the market that PCC operates within, its website users, proprietary details of PCC's internal systems and processes for marketing itself to its website users and accredited pharmacies, as well as how it ensures accredited pharmacies comply with its Verification Program and Listing Program agreements. These strategic and operational details are competitively sensitive because, if disclosed, such would give PCC's competitors valuable insight into PCC's business practices. Indeed, PCC does not have insight into the business practices of its competitors or other participants in the market that it functions within. Because PCC maintains the confidentiality of its operations and business strategies to prevent competitors from duplicating its methods to gain market share, the Court should permanently seal the subject documents or information.

Courts applying the Second Circuit's *Lugosch* standard have recognized the sensitivity of confidential business strategies and practices, and have permitted the sealing of such information. For example, in *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, the plaintiff company requested sealing of, among other things, information relating to the

Hon. Kenneth M. Karas
August 16, 2022
Page 4

company's "advertising expenditures and plans" and its merchandising strategies, policies and sales." 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). The court permitted the proposed redactions upon finding that they were "limited to specific business information and strategies" that were proprietary and confidential. *Id.* Similarly, in *GoSmile, Inc. v. Levine*, the court granted the defendants' request to seal exhibits containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting." 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011). The Court concluded that, as to the confidential material, "the privacy interests of the defendants outweigh[ed] the presumption of public access" and that it was "appropriate for [the] materials to remain under seal." *Id.* at 650. Further, courts have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations are the proper subject to sealing. *See SEC v. Ahmed*, No. 3:15cv675 (JBA), 2018 U.S. Dist. LEXIS 152504, at *8–9 (Records which would aid "commercial competitors 'seeking an advantage over rivals' are among those documents the confidentiality of which may outweigh the public's presumption of access.") (citation omitted).

The subject documents and information are proprietary and confidential. **See Appendix A–C**. If such information were to be publicly released, it would provide valuable insight to competitors as to PCC's current business practices, its financial condition, and the proprietary systems and processes it uses to maintain its business. Competitors who exploit this information, could cause substantial injury to PCC's business.

> **2. PharmacyChecker.com's confidential customer (i.e., accredited pharmacy) information should be permanently sealed because it affects the privacy interests of innocent non-parties to this litigation**.

Conditionally sealed documents and information filed by the parties contain confidential, proprietary, and sensitive information about PharmacyChecker.com's customers or accredited pharmacies, many of whom may consider the other accredited pharmacies competitors. ***See id***. Indeed, the subject documents under conditional seal contain non-public and proprietary information about PCC's customers, including information about how each accredited pharmacy is organized, structured, and operates and would further disclose details of their financials, organization, and contractual relationships between different accredited pharmacies and between PCC and its accredited pharmacies. If publicly disclosed, the information would cause PCC competitive harm by exposing the details of these contractual relationships and confidential client information that PCC maintains for each accredited pharmacy.

Confidential client or customer information is commonly sealed by courts applying the *Lugosch* standard. For example, in *Dodona I, LLC v. Goldman, Sachs & Co.*, the court agreed that client-related information, including "customer names," warranted sealing. 119 F.

Hon. Kenneth M. Karas
August 16, 2022
Page 5

Supp. 3d 152, 156 (S.D.N.Y. 2015). The court held that the privacy interests at stake were sufficient to "overcome[] the presumption of public disclosure." *Id.*; *see also, e.g.*, *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 Civ. 4352(PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (holding that defendant's clients' "privacy interests . . . outweigh[ed] the presumption of access, as the clients' identities ha[d] no bearing on th[e] case").

Permanent sealing is all the more appropriate in light of the fact that the subject documents implicate not only PCC's confidentiality interests but also those of its customers, who are "innocent third parties" to this litigation. *Amodeo*, 71 F.3d at 1050–51. PCC protects its customers' confidentiality, including its customers' business relationships with other customers as well as the choice of accredited pharmacies to participate in its Verification Program and Listing Program. The Court should thereby similarly protect these innocent entities' interests by permitting the subject documents to be permanently sealed.

### III.     CONCLUSION

Based on the reasons stated above, the Court should enter an order permanently sealing the Set One Materials, Set Two Materials, and Set Three Materials.

                                                  Respectfully submitted,

                                                  s/Matthew Riley

                                                  Matthew Riley
                                                  *Counsel for PharmacyChecker.com LLC*

Plaintiff's motion to permanently seal the above-referenced materials is granted.  The Clerk of Court is directed to terminate the pending motion at Dkt. No. 289.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

8/19/22