

DENISE L. PLUNKETT
114 W. 47TH ST.
NEW YORK, NY 10036
212.728.2231
DPLUNKETT@AXINN.COM

**MEMO ENDORSED**

August 17, 2022

BY ECF

Hon. Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy, et al.*, No. 19-CV-07577-KMK; Defendants' Request to Conditionally Seal Defendants' Joint Opposition to Plaintiff's Motion To Strike

Dear Judge Karas:

      We represent Defendant Alliance for Safe Online Pharmacies ("ASOP"). This letter is submitted on behalf of all Defendants, pursuant to Section IX(A) of the Court's Individual Rules of Practice and the Stipulated Protective Order, to request that certain confidential information referenced in Defendants' Joint Opposition to Plaintiff's Motion to Strike Portions of Defendants' Submissions In Support of Summary Judgment, filed contemporaneously herewith, be conditionally placed under seal.

      Specifically, Defendants request that the following materials be conditionally placed under seal:

1. Defendants' Joint Opposition to Plaintiff's Motion to Strike Portions of Defendants' Submissions In Support of Summary Judgment; and

2. DX 123 to the August 17, 2022 Declaration of Melanie M. Kiser, Esq., in Support of Defendants' Opposition to Plaintiff's Motion to Strike.

      Pursuant to Paragraph 24 of the Stipulated Protective Order, Defendants have filed the foregoing materials conditionally under seal because they contain "Protected Material" as defined by the Stipulated Protective Order. Dkt. No. 181. The Protected Material includes documents, deposition testimony, and information derived from documents, that have been designated "Confidential," "Highly Confidential," or "Outside Counsel Eyes Only" by Plaintiff PharmacyChecker.com LLC ("PCC") pursuant to paragraph 24 of the Stipulated Protective Order.

      PCC, as the designating party, has the "obligation to file a motion to permanently seal the documents pursuant to applicable rules." *Id.* at 16. While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d

Hon. Kenneth M. Karas
August 17, 2022
Page 2

Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In evaluating whether to grant a sealing request, the court must evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Conditional sealing of the aforementioned material, pending a ruling on Plaintiff's anticipated motion to permanently seal the material, is appropriate in this instance in light of Plaintiff's confidentiality designations under the Stipulated Protective Order. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly proprietary [business] material").

Respectfully submitted,

/s/ Denise L. Plunkett

Denise L. Plunkett
*Counsel for Alliance for Safe Online Pharmacies*

cc: All counsel of record by ECF

Defendants' motion to conditionally seal the referenced material is granted.

Plaintiff's motion to permanently seal the conditionally sealed materials is due no later than August 30, 2022, as per the deadline set at Dkt. No. 300.

The Clerk of the Court is directed to terminate the pending motion at Dkt. No. 290.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

August 24, 2022