

SAN DIEGO · DALLAS · MINNEAPOLIS · NEW YORK · DETROIT

+1 858 964 4589
matthew.riley@bonalawpc.com
bonalaw.com

Matthew Riley | Attorney
4275 Executive Square
Suite 200
La Jolla, CA 92037

August 26, 2022

Hon. Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**MEMO ENDORSED**

> Re:   *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy et al.*, *No. 19-cv-07577-KMK;* Permanently Sealed Briefing for Motions for Summary Judgment and *Daubert* Filings

Dear Judge Karas:

PharmacyChecker.com ("PCC"), pursuant to Federal Rules of Civil Procedure 5.2(d), 5.2(e), 26(c) and the Court's orders, moves to permanently seal certain materials filed by Defendants on August 17, 2022 in relation to Defendants' Joint Opposition to Plaintiff's Motion to Strike. *See* Dkt. 301. Moreover, PCC moves to permanently seal parts of the Amended and Supplemental Declaration of Gabriel Levitt in support of Plaintiff's Opposition to Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim ("Amended Declaration") filed by PCC on August 22, 2022. *See* Dkt. 300. In support of this motion, PCC states as follows:

## I.   INTRODUCTION

On August 17, 2022, the Defendants filed its joint motion to conditionally seal (1) Defendants' Joint Opposition to Plaintiff's Motion to Strike Portions of Defendants' Submissions In Support of Summary Judgment; and (2) DX 123 to the August 17, 2022 Declaration of Melanie M. Kiser, Esq., in Support of Defendants' Opposition to Plaintiff's Motion to Strike. *See* Dkt. 290. On August 22, 2022, the Plaintiff's moved to conditionally seal the Amended Declaration. *See* Dkt. 295.

Respectively, on August 23, 2022 and on August 24, 2022––the Court granted PCC's and the Defendants' motions to conditionally seal materials and further ordered that Plaintiff's Motion to permanently seal the subject materials should be filed no later than August 30, 2022. Thereby, in accordance with the Court's order, Plaintiff here requests the parties conditionally seal materials be permanently sealed.

Hon. Kenneth M. Karas
August 26, 2022
Page 2

## II. ARGUMENT

Clear and compelling reasons support PharmacyChecker.com's narrowly tailored request to permanent seal PCC's confidential information. The information is proprietary and highly sensitive commercial information, the disclosure of which would cause PCC competitive harm or invade privacy interests of non-parties.

### A. Legal Standard

The public has a qualified right to access judicial documents. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Documents submitted to a court for consideration on a summary judgment motion are "judicial documents to which a strong presumption of access attaches." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).

The presumption of access, however, can be overcome by "countervailing factors." *Id.* at 120, 124. These countervailing factors include (1) the "privacy interests of those resisting disclosure" (*United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); and (2) "business information that might harm a litigant's competitive standing" (*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also, e.g., SEC v. Telegram Group Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020) granting sealing of "proprietary business information", the confidentiality of which was "legitimate countervailing factor[] to the public's presumptive right to access". The public's right of access may also be outweighed by a "showing that sealing will further other substantial interests", such as "a third-party's privacy interests." *Travelers Indemnity Co. v. Excalibur Reinsurance Co.*, No. 3:11-CV-1209 (CSH), 2013 WL 4012772, at *3 (Aug. 5, 2013). *See also, e.g., Amodeo*, 71 F.3d at 1050 (explaining that courts "must balance" presumption of public access against "competing considerations," such as "privacy interests of innocent third parties." (citation omitted)).

### B. The Court Should Permanently Seal PharmacyChecker.com's Confidential Information or Other Information to Preserve the Privacy Interests of Non-parties

The documents and information that are the subject of this motion should be sealed permanently because they include confidential operational and marketing information, non-public financial and pricing information, and confidential information involving its customers (i.e., accredited pharmacies), the disclosure of which would place PCC at a competitive disadvantage and/or invade the privacy rights and interests of non-parties to this action.

### 1. PharmacyChecker.com's confidential information concerning its operations and business strategies, and financials should be permanently sealed.

Conditionally sealed documents and information filed by the parties contain confidential, proprietary, and sensitive information concerning PCC's operations and business strategies—including details about the market that PCC operates within, its website users, proprietary details of PCC's internal systems and processes for marketing itself to its website users and accredited pharmacies, as well as how it ensures accredited pharmacies comply with its Verification Program and Listing Program agreements. These strategic and operational details are competitively sensitive because, if disclosed, such would give PCC's competitors valuable insight into PCC's business practices. Indeed, PCC does not have insight into the business practices of its competitors or other participants in the market that it functions within. Because PCC maintains the confidentiality of its operations and business strategies to prevent competitors from duplicating its methods to gain market share, the Court should permanently seal the subject documents or information.

Courts applying the Second Circuit's *Lugosch* standard have recognized the sensitivity of confidential business strategies and practices, and have permitted the sealing of such information. For example, in *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, the plaintiff company requested sealing of, among other things, information relating to the company's "advertising expenditures and plans" and its merchandising strategies, policies and sales." 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). The court permitted the proposed redactions upon finding that they were "limited to specific business information and strategies" that were proprietary and confidential. *Id.* Similarly, in *GoSmile, Inc. v. Levine*, the court granted the defendants' request to seal exhibits containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting." 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011). The Court concluded that, as to the confidential material, "the privacy interests of the defendants outweigh[ed] the presumption of public access" and that it was "appropriate for [the] materials to remain under seal." *Id.* at 650. Further, courts have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations are the proper subject of sealing. *See SEC v. Ahmed*, No. 3:15cv675 (JBA), 2018 U.S. Dist. LEXIS 152504, at *8–9 (Sept. 6, 2018) Records which would aid "commercial competitors 'seeking an advantage over rivals' are among those documents the confidentiality of which may outweigh the public's presumption of access." (citation omitted).

The subject documents and information are proprietary and confidential. **See infra, Section III**. If such information were to be publicly released, it would provide valuable insight to competitors as to PCC's current business practices, its financial condition, and

Hon. Kenneth M. Karas
August 26, 2022
Page 4

the proprietary systems and processes it uses to maintain its business. Competitors who exploit this information, could cause substantial injury to PCC's business.

> 2. **PharmacyChecker.com's confidential customer (i.e., accredited pharmacy) information should be permanently sealed because it affects the privacy interests of innocent non-parties to this litigation**.

Conditionally sealed documents and information filed by the parties contain confidential, proprietary, and sensitive information about PharmacyChecker.com's customers or accredited pharmacies, many of whom may consider the other accredited pharmacies competitors. *See id*. Indeed, the subject documents under conditional seal contain non-public and proprietary information about PCC's customers, including information about how each accredited pharmacy is organized, structured, and operates and would further disclose details of their financials, organization, and contractual relationships between different accredited pharmacies and between PCC and its accredited pharmacies. If publicly disclosed, the information would cause PCC competitive harm by exposing the details of these contractual relationships and confidential client information that PCC maintains for each accredited pharmacy.

Confidential client or customer information is commonly sealed by courts applying the *Lugosch* standard. For example, in *Dodona I, LLC v. Goldman, Sachs & Co.*, the court agreed that client-related information, including "customer names," warranted sealing. 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015). The court held that the privacy interests at stake were sufficient to "overcome[] the presumption of public disclosure." *Id.*; *see also, e.g.*, *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 Civ. 4352(PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (holding that defendant's clients' "privacy interests . . . outweigh[ed] the presumption of access, as the clients' identities ha[d] no bearing on th[e] case").

Permanent sealing is all the more appropriate in light of the fact that the subject documents implicate not only PCC's confidentiality interests but also those of its customers, who are "innocent third parties" to this litigation. *Amodeo*, 71 F.3d at 1050–51. PCC protects its customers' confidentiality, including its customers' business relationships with other customers as well as the choice of accredited pharmacies to participate in its Verification Program and Listing Program. The Court should thereby similarly protect these innocent entities' interests by permitting the subject documents to be permanently sealed.

### III.     REQUESTED DOCUMENTS FOR PERMANENT SEALING

### A. Defendants' Joint Opposition to Plaintiff's Motion to Strike Portions of Defendants' Submissions In Support of Summary Judgment (Dkt. 292)

The document contains redactions over PCC's internal policies, business objectives, and

Hon. Kenneth M. Karas
August 26, 2022
Page 5

strategies in relation to its Verification Program and Listing Program. It further includes proprietary or confidential information concerning PCC's website users, its accredited pharmacies, sources of revenue, and other confidential financial information.

### B. DX 123 to the August 17, 2022 Declaration of Melanie M. Kiser, Esq., in Support of Defendants' Opposition to Plaintiff's Motion to Strike (Dkt. 292-1)

The document contains redactions to the deposition transcript of Dr. Tod Cooperman (March 1, 2022). The redacted portions disclose PCC's confidential internal policies, business, objectives, and strategies in relation to its Verification Program and Listing Program.

### C. Amended and Supplemental Declaration of Gabriel Levitt in support of Plaintiff's Opposition to Defendants' Joint Motion for Summary Judgment on Sherman Act § 1 Claim (Dkt. 296)

The document contains redactions over PCC's internal policies, business objectives, and strategies in relation to its Verification Program and Listing Program. It further includes proprietary or confidential information concerning PCC's website users, its accredited pharmacies, sources of revenue, and other confidential financial information.

### IV.   CONCLUSION

Based on the reasons stated above, the Court should enter an order permanently sealing the requested documents in Section III.

Respectfully submitted,

s/ Matthew Riley

Matthew Riley
*Counsel for PharmacyChecker.com LLC*

The Court grants Plaintiff's request to permanently seal the conditionally sealed materials at Dkt. No. 296. However, Plaintiff failed to provide the Court with proposed redactions for Dkt. Nos. 292 and 291-1. Plaintiff is to propose redactions by no later than October 18, 2022.

SO ORDERED

_____
KENNETH M. KARAS U.S.D.J.

October 4, 2022