

SAN DIEGO · LOS ANGELES · MINNEAPOLIS · NEW YORK

+1 612 284 5001
aaron.gott@bonalawpc.com
bonalaw.com

Aaron Gott | Partner & COO
331 Second Ave. S.
Suite 420
Minneapolis, MN 55401

November 17, 2022

<u>Via ECF</u>

Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**MEMO ENDORSED**

Re:   *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy et al.*
      No. 19-cv-07577-KMK

Dear Judge Karas:

I write for PharmacyChecker.com LLC under Section IX(a) of the Court's Individual Rules of Practice and the Stipulated Protective Order to request that certain confidential information included in plaintiff's pre-motion letter requesting a pre-motion conference re motion to dismiss NABP's amended counterclaim be conditionally placed under seal.

Under paragraph 24 of the Stipulated Protective Order, plaintiff filed the foregoing conditionally under seal because they contain "Protected Material" as defined by the Stipulated Protective Order. Dkt. 181. The material includes information derived from averments and documents, designated as Confidential or Outside Counsel Eyes Only by plaintiff PharmacyChecker.com.

PharmacyChecker.com, as the designating party, has the "obligation to file a motion to permanently seal the documents pursuant to applicable rules." *Id*. at 16.

While there is presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 Fl.3e 51, 59 (2nd Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In evaluating whether to grant a sealing request, the court must evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F3d 110, 119–20 (2nd Cir. 2006).

Hon. Judge Kenneth M. Karas
November 17, 2022
Page 2

Conditional sealing of the above-referenced materials is appropriate in this instance. *See, e.g., GoSMiLE, Inc. v. Levine,* 769 F. Supp 2d 649–50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly proprietary [business material]").

        Respectfully submitted,

        BONALAW PC

        Aaron Gott

Plaintiff's letter motion to conditionally seal the referenced material in Dkt. No. 320 is granted. Defendant NABP's letter motion to conditionally seal the referenced material in Dkt No. 314 is also granted. Plaintiff's motion to permanently seal the conditionally sealed materials is due by no later than December 2, 2022. The Clerk of the Court is directed to terminate the pending motions at Dkt. Nos. 313 and 318.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

November 18, 2022