

SAN DIEGO · DALLAS · MINNEAPOLIS · NEW YORK · DETROIT

+1 858 964 4589
matthew.riley@bonalawpc.com
bonalaw.com

Matthew Riley | Attorney
4275 Executive Square
Suite 200
La Jolla, CA 92037

November 28, 2022

Hon. Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

>Re:    *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy et al.*, *No. 19-cv-07577-KMK;* Permanently Sealed Information Contained in Defendants' Amended Counterclaim and PCC's Letter Motion for Pre-Motion to Dismiss Conference over Defendants' Amended Counterclaim.

Dear Judge Karas:

PharmacyChecker.com ("PCC"), pursuant to Federal Rules of Civil Procedure 5.2(d), 5.2(e), 26(c) and the Court's November 18, 2022 order (*see* Dkt. 322), moves to permanently seal redacted information contained in the Defendants' October 20, 2022 Amended Counterclaim (*See* Dkt. 315); and PCC's Letter Motion for pre-motion to dismiss conference re: 314 Amended Counterclaim ("Motion for Pre-Motion to Dismiss Conference") (*see* Dkt. 319) (together "Protected Information"). In support of this motion to permanently seal the Protected Information, PCC states as follows:

## I.      INTRODUCTION

On October 20, 2022, Defendants filed its motion to conditionally seal confidential information, which it redacted in its Amended Counterclaim (*see* Dkt. 313); and on November 17, 2022, PCC filled its motion to conditionally seal confidential information, which it redacted in its Motion for Pre-Motion to Dismiss Conference (Dkt. 318). On November 18, 2022 the Court entered its order granting the parties' respective motions to conditionally seal the Protected Information, and ordered PCC to file this motion to permanently seal the same. Thereby, in accordance with the Court's order, PCC hereby requests the Protected Information be permanently sealed.

## II.      ARGUMENT

Clear and compelling reasons support PCC's narrowly tailored request to permanent seal the Protected Information. The Protected Information includes PCC's proprietary and

highly sensitive commercial information, the disclosure of which would cause PCC competitive harm or invade privacy interests of non-parties.

### A.    Legal Standard

The public has a qualified right to access judicial documents. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Documents submitted to a court for consideration on a summary judgment motion are "judicial documents to which a strong presumption of access attaches." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).

The presumption of access, however, can be overcome by "countervailing factors." *Id.* at 120, 124. These countervailing factors include (1) the "privacy interests of those resisting disclosure" (*United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); and (2) "business information that might harm a litigant's competitive standing" (*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also, e.g., SEC v. Telegram Group Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020) granting sealing of "proprietary business information", the confidentiality of which was "legitimate countervailing factor[] to the public's presumptive right to access". The public's right of access may also be outweighed by a "showing that sealing will further other substantial interests", such as "a third-party's privacy interests." *Travelers Indemnity Co. v. Excalibur Reinsurance Co.*, No. 3:11-CV-1209 (CSH), 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013). *See also, e.g., Amodeo*, 71 F.3d at 1050 (explaining that courts "must balance" presumption of public access against "competing considerations," such as "privacy interests of innocent third parties." (citation omitted).

### B.    The Court Should Permanently the Protected Information to Protect PCC's Confidential and Proprietary Information and the Privacy Interests of Non-parties

The documents and information that are the subject of this motion should be sealed permanently because they include confidential operational and marketing information, non-public financial and pricing information, and confidential information involving its customers (i.e., accredited pharmacies), the disclosure of which would place PCC at a competitive disadvantage and/or invade the privacy rights and interests of non-parties to this action.

#### 1.    PharmacyChecker.com's confidential information concerning its operations and business strategies, and financials should be permanently sealed.

Conditionally sealed information filed by the parties in their Amended Counterclaim and Motion for Pre-Motion to Dismiss Conference contain confidential, proprietary, and sensitive information concerning PCC's operations and business strategies—including details about the market that PCC operates within, its website users, proprietary details of PCC's internal systems and processes for marketing itself to its website users and

accredited pharmacies, as well as how it ensures accredited pharmacies comply with its Verification Program and Listing Program agreements. These strategic and operational details are competitively sensitive because, if disclosed, such would give PCC's competitors valuable insight into PCC's business practices. Indeed, PCC does not have insight into the business practices of its competitors or other participants in the market that it functions within. Because PCC maintains the confidentiality of its operations and business strategies to prevent competitors from duplicating its methods to gain market share, the Court should permanently seal the subject documents or information.

Courts applying the Second Circuit's *Lugosch* standard have recognized the sensitivity of confidential business strategies and practices, and have permitted the sealing of such information. For example, in *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, the plaintiff company requested sealing of, among other things, information relating to the company's "advertising expenditures and plans" and its merchandising strategies, policies and sales." 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). The court permitted the proposed redactions upon finding that they were "limited to specific business information and strategies" that were proprietary and confidential. *Id.* Similarly, in *GoSmile, Inc. v. Levine*, the court granted the defendants' request to seal exhibits containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting." 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011). The Court concluded that, as to the confidential material, "the privacy interests of the defendants outweigh[ed] the presumption of public access" and that it was "appropriate for [the] materials to remain under seal." *Id.* at 650. Further, courts have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations are the proper subject of sealing. *See SEC v. Ahmed*, No. 3:15cv675 (JBA), 2018 U.S. Dist. LEXIS 152504, at *8–9 (Sept. 6, 2018) (Records which would aid "commercial competitors 'seeking an advantage over rivals' are among those documents the confidentiality of which may outweigh the public's presumption of access.") (citation omitted).

The subject documents and information are proprietary and confidential. **See infra, Section III**. If such information were to be publicly released, it would provide valuable insight to competitors as to PCC's current business practices, its financial condition, and the proprietary systems and processes it uses to maintain its business. Competitors who exploit this information, could cause substantial injury to PCC's business.

## III.    REQUEST FOR PROTECTED INFORMATION TO BE PERMANENTLY SEALED.

### A. Protected Information in Defendants Amended Counterclaims (Dkt. 315).

The Amended Counterclaim contains redactions of PCC's internal polices, business objectives and strategies in relation to its Verification Program and Listing Program (*see* Dkt. 315 at pp. 3 (¶5), 19 (¶56), 47 (¶ 127), 52 (¶142), and 74 (¶253). It further includes

Hon. Kenneth M. Karas
November 28, 2022
Page 4

proprietary or confidential information concerning PCC's website users (*see* Dkt. 315 at pp. 18 (¶ 53), 40 (¶¶ 123 (a)–(h)), 51 (¶ 141), 57 (¶173), 70 (¶ 232), and 77 (¶ 264); and moreover, includes information concerning PCC's sources of revenue and other confidential financial information for PCC (*see* Dkt. 315 pp. 18 (¶53), and 38 (¶ 114). PCC requests that the foregoing confidential and proprietary information be permanently sealed.

**B. Protected Information in PCC's Motion for Pre-Motion to Dismiss Conference (Dkt. 319).**

The Motion for Pre-Motion to Dismiss Conference redact references to allegation made by Defendants in its Amended Counterclaim and other information that reveals PCC's proprietary or confidential information concerning PCC's website users. *See* Dkt. 319 at 3. PCC requests that the foregoing confidential and proprietary information be permanently sealed.

**IV.    CONCLUSION**

Based on the reasons stated above, the Court should enter an order permanently sealing the Protected Information outlined in Section III above.

Respectfully submitted,

s/Matthew Riley

Matthew Riley
*Counsel for PharmacyChecker.com LLC*