**BAKER BOTTS** L.L.P.

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
**WASHINGTON**

February 22, 2022

**MEMO ENDORSED**

Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Erik Koons
TEL: 2026397973
FAX: 2025851086
erik.koons@bakerbotts.com

Re: *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy, et al.* No. 19-cv-07577-KMK; Request to Conditionally Seal NABP's Memorandum of Law in Opposition to PCC's Motion to Dismiss

Dear Judge Karas:

We represent Defendant National Association of Boards of Pharmacy ("NABP"). This letter is submitted pursuant to Section IX(A) of the Court's Individual Rules of Practice and the Stipulated Protective Order to request that certain confidential information included in NABP's Memorandum of Law in Opposition to Counterclaim-Defendant PharmacyChecker.com's Motion to Dismiss Amended Counterclaims Under the District of Columbia Consumer Protection Statute ("Memorandum of Law in Opposition to PCC's Motion to Dismiss") be conditionally placed under seal.

Pursuant to paragraph 24 of the Stipulated Protective Order ("Filings"), Defendants have filed NABP's Memorandum of Law in Opposition to PCC's Motion to Dismiss conditionally under seal because it contains "Protected Material" as defined by the Stipulated Protective Order. Dkt. No. 181. The document contains information already permanently sealed by this Court in prior filings, *see* Dkt. No. 324, and reflects information derived from documents, designated as Confidential, Highly Confidential, or Outside Counsel Eyes Only by PharmacyChecker.com LLC ("PCC").

PCC, as the designating party, has the "obligation to file a motion to permanently seal the document pursuant to applicable rules." *Id.* at 16.

While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In evaluating whether to grant a sealing request, the court must evaluate several factors: (1) whether the document qualifies as a judicial document; (2) the weight of the presumption of public access; and (3) whether any countervailing factors or higher values outweigh the right of public access to the judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Conditional sealing of the above-referenced material is appropriate in this instance. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly proprietary [business] material").

**BAKER BOTTS** LLP

Hon. Kenneth M. Karas  - 2 -  February 22, 2022

Respectfully,

Erik T. Koons
*Counsel for National Association of Boards of Pharmacy*

Defendant's motion to conditionally seal the referenced material is granted.

Plaintiff's motion to permanently seal the conditionally sealed materials is due no later than March 6, 2023.

The Clerk of the Court is directed to terminate the pending motion at Dkt No. 338.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

February 23, 2023