**Ballard Spahr LLP**

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Leslie E. John
Tel: 215.864.8212
Fax: 215.864.8999
john@ballardspahr.com

May 9, 2023

Hon. Judge Kenneth M. Karas
United States District Court for S.D.N.Y.
300 Quarropas St., Chambers 533
White Plains, NY 10601-4150

Re: *PharmacyChecker.com, LLC v. National Association of Boards of Pharmacy, et al.*, No. 7:19-cv-07577 (KMK):  Joint Request for Final Order

Dear Judge Karas:

We represent the Partnership for Safe Medicines, Inc. (PSM).  We write on behalf of all Parties, including Plaintiff PharmacyChecker.com, LLC (PCC) and Defendants PSM, the Alliance for Safe Online Pharmacies (ASOP), the Center for Safe Internet Pharmacies Ltd. (CSIP), and the National Association of Board of Pharmacy (NABP).  The Parties jointly request that the Court find that there is no just reason for delay under Federal Rule of Civil Procedure 54(b) and enter a final order and judgment dismissing PCC's Sherman Act claim against all Defendants and dismissing ASOP, CSIP, and PSM from the case.

By way of background familiar to this Court, PCC filed this suit in August 2019 asserting a Sherman Act Section 1 claim against all Defendants, including then-Defendant LegitScript LLC, and a Lanham Act claim against only NABP.  ECF No. 1.  In March 2021, the Court granted LegitScript's motion to dismiss for lack of personal jurisdiction.  ECF No. 129.  In January 2022, the Court granted PCC's motion to sever and transfer its Sherman Act claim against LegitScript to the United States District Court for the District of Oregon.  ECF No. 219.  Accordingly, PCC's Sherman Act claim only as to LegitScript was transferred to the United States District Court for the District of Oregon and docketed there as Case No. 3:22-cv-252 (the "Oregon Litigation").  In October 2022, NABP filed an amended counterclaim against PCC under the District of Columbia Consumer Protection Procedures Act ("D.C. CPPA").  ECF No. 314.  On March 28, 2023, the Court granted Defendants' motion for summary judgment, dismissed PCC's Sherman Act claim against all Defendants, and dismissed Defendants ASOP, CSIP, and PSM.  ECF No. 346.

PCC and LegitScript are actively engaged in discovery in the Oregon Litigation.  In January 2023, PCC served Rule 45 subpoenas on all Defendants (PSM, ASOP, CSIP and NABP) seeking document discovery in furtherance of its Sherman Act claim against LegitScript.  Defendants served objections to those subpoenas.  LegitScript informed the Oregon court on May 2 that it intends to file a motion for summary judgment "based on the facts and law as elucidated in the recent Judge Karas S.D.N.Y. decision" and sought a phone conference per

the local rules to stay discovery. The Oregon court declined to set a conference given its trial schedule but gave the parties leave to file motions to compel or for a protective order. LegitScript filed a motion to stay discovery in the Oregon Litigation on May 9.

All Parties to the action before Your Honor request that the Court enter a final order and judgment under Rule 54(b) dismissing PCC's Sherman Act claim and dismissing ASOP, CSIP, and PSM. "'Rule 54(b) authorizes a district court to enter partial final judgment when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay.'" *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB), 2022 U.S. Dist. LEXIS 127059, at *52 (E.D.N.Y. July 18, 2022) (quoting *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018)). Factors one and two are plainly met. There are multiple claims and parties in this case and the Court has dismissed one of PCC's claims as well as three of the Defendants. The Court should find that there is no just reason to delay entering a final order to that effect.

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (finding district court properly granted Rule 54(b) certification). In terms of judicial administrative interests, courts "consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (citing *Curtiss-Wright Corp.*, 446 U.S. at 8). The dismissed claim here is separable from the remaining claim and counterclaim.

"Claims are generally treated as separable within the meaning of Rule 54(b) 'if they involve at least some different questions of fact and law and could be separately enforced, or if different sorts of relief are sought.'" *In re Payment Card Interchange Fee*, 2022 U.S. Dist. LEXIS 127059, at *54 (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 21-22 (2d Cir. 1997)). PCC's dismissed Sherman Act claim sought different relief from and involved multiple questions of fact and law that are distinct from those at issue in PCC's Lanham Act claim and NABP's D.C. CPPA claim. In particular, the Court dismissed PCC's Sherman Act Section 1 claim on the basis that PCC "does not have standing to maintain its claim pursuant to § 1 of the Sherman Act." ECF No. 346 at 64. Thus, the basis for dismissing PCC's Sherman Act claim – lack of antitrust injury – would not have to be decided by appellate courts making decisions about the two remaining claims if there were subsequent appeals. Moreover, mere interrelatedness of claims does not preclude certification pursuant to Rule 54(b). *See Curtiss-Wright Corp.*, 446 U.S. at 9 ("The mere presence of [counterclaims], however, does not render a Rule 54 (b) certification inappropriate."); *see also Ginett v. Comput. Task Grp.*, 962 F.2d 1085, 1095-96 (2d Cir.

Hon. Judge Kenneth M. Karas
May 9, 2023
Page 3

1992) ("There is always an underlying interrelatedness of the claims between the parties in a multiparty civil action . . . . However, this interrelatedness cannot, in itself, 'inextricably intertwine' the claims so as to preclude appellate review; otherwise, every multiparty case . . . would elude the entry of a rule 54(b) judgment, and rule 54(b) would be meaningless.").

In fact, judicial administrative interests are served by having a final appealable order dismissing PCC's Sherman Act claim, as Defendants believe it could shape future proceedings in the Oregon Litigation. Additionally, an immediate appeal would benefit the parties in this proceeding because they will be able to litigate the issues now, rather than two or more years from now, when parties and counsel are further removed from the issues being litigated.

The equities also support the finding there is no just reason to delay entering a final order on PCC's Sherman Act claim and dismissing three of the Defendants under Rule 54(b). In considering the equities, "the court can take into account whether delay would cause financial hardship to either party." *Bowne of New York City v. AmBase Corp.*, 161 F.R.D. 270, 273 (S.D.N.Y. 1995). As described above, PCC is pursuing third-party discovery against the Defendants in the Oregon Litigation. Although PCC disagrees that the existence or scope of third-party discovery obligations in Oregon will be affected by grant of the request for entry of judgment here, Defendants believe they could avoid financial hardship in the form of expensive discovery proceedings on a claim that this Court has dismissed if the Court enters judgment on that claim now.

Accordingly, the Parties respectfully request that the Court enter a final order under Rule 54(b) to facilitate PCC's anticipated appeal.

Should the Court enter a final order on PCC's Sherman Act claim under Rule 54(b), Defendants request that the Court stay further litigation of PCC's Lanham Act claim against NABP as well as NABP's counterclaim against PCC under the D.C. CPPA pending the full, final and non-appealable resolution of PCC's anticipated appeal of the dismissal of its Sherman Act claim. PCC consents to such a stay.

Very truly yours,

*[signature]*

Leslie E. John

cc: All Counsel of Record (via ECF)