UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHARMACYCHECKER.COM LLC,

                                    Plaintiff,

        v.

NATIONAL ASSOCIATION OF BOARDS
OF PHARMACY, *et al.*,

                                    Defendants.

No. 19-CV-7577 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

        On March 28, 2023, this Court granted Defendants' Motion for Summary Judgment on

Plaintiff's claim pursuant to § 12 of the Sherman Act, 15 U.S.C. § 1, finding that Plaintiff does

not have standing to bring its claim.  (*See* Op. & Order 64 (Dkt. No. 346).)  At a status

conference held on May 1, 2023, the Parties jointly requested a final order and judgment on the

Sherman Act Claim, pursuant to Federal Rule of Civil Procedure 54(b), to allow Plaintiff to

appeal this Court's Opinion.  (*See* Dkt. (minute entry for May 1, 2023).)  The Court requested

additional briefing regarding the application, (*see id.*), which the Parties jointly filed on May 9,

2023, (*see* Letter from Leslie E. John, Esq., to Court (May 9, 2023) ("Joint Ltr") (Dkt. No. 355).)

For the foregoing reasons, the Court denies the Parties' motion for a final order and judgment.

        "Rule 54(b) provides an exception to the general principle that a final judgment is proper

only after the rights and liabilities of all the parties to the action have been adjudicated." *L-7

Designs, Inc. v. Old Navy, LLC*, 964 F. Supp. 2d 299, 317 (S.D.N.Y. 2013) (quoting *Hogan v.

Consol. Rail Corp.*, 961 F.2d 1021, 1024–25 (2d Cir. 1992)).  Specifically, Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim,
> counterclaim, crossclaim, or third-party claim—or when multiple parties are involved,

the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  "As explained by the Second Circuit, 'Rule 54(b) authorizes a district court to enter partial final judgment when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action.'"  *Timperio v. Bronx-Lebanon Hosp. Ctr.*, No. 18-CV-1804, 2020 WL 9211177, at *2 (S.D.N.Y. Mar. 9, 2020) (quoting *Linde v. Arab Bank*, PLC, 882 F.3d 314, 322– 23 (2d Cir. 2018)).

The Court agrees with the Parties that the first two requirements for partial final judgment have been satisfied.  There are multiple claims and parties in this case, and with the Court's Summary Judgment Opinion, Defendants Alliance for Safe Online Pharmacies, Center for Safe Internet Pharmacies, and Partnership for Safe Medicines were dismissed from this Action as there are no remaining claims against them.  (*See* Op & Order at 64.)  However, "[e]ven when the first two factors are satisfied, the district court must still make a finding that entry of partial judgment is appropriate."  *Lankler Siffert & Wohl, LLP v. Rossi*, No. 02-CV-10055, 2004 WL 541842, at *4 (S.D.N.Y. Mar. 19, 2004), *aff'd*, 125 F. App'x 371 (2d Cir. 2005).  This is because "the mere separability of a claim does not warrant Rule 54(b) certification."  *United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs.*, 763 F. Supp. 729, 731 (S.D.N.Y. 1990) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).  "Even when a claim is separable, the just reasons for delay inquiry requires a balancing of judicial administrative interests and the equities involved."  *Id.* (citing *I.L.T.A., Inc. v. United Airlines, Inc.*, 739 F.2d 82, 84 (2d Cir. 1984)); *see also Danaher Corp. v. The Travelers Indem. Co.*, No.

2

10-CV-121, 2016 WL 1255739, at *2 (S.D.N.Y. Mar. 30, 2016) ("[N]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." (quoting *S.E.C. v. Frohling*, 614 F. App'x 14, 17 (2d Cir. 2015))).

"The Second Circuit has cautioned that Rule 54(b) motions should be granted 'only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal . . . .'" *Timperio*, 2020 WL 9211177, at *2 (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997)). Entry of partial judgment may be appropriate, "for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award, or where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Id*. (quoting *Advanced Magnetics*, 106 F.3d at 16). "Importantly, Rule 54(b) is to be invoked 'sparingly,'" *L-7 Designs*, 964 F. Supp. 2d at 317 (quoting *Hogan*, 961 F.2d at 1025), as "federal policy generally disfavors piecemeal appellate litigation," *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1093 (2d Cir. 1992) (quotation marks omitted); *see also O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 40–41 (2d Cir. 2003) ("Rule 54(b) . . . should be used only in the infrequent harsh case . . . , i.e., certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." (italics omitted)).

The Parties' request falters where they ask the Court to make "an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Timperio*, 2020 WL 9211177, at *2. "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as

this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  At bottom, the Parties make two core claims as to the third Rule 54(b) factor: first, that "judicial administrative interests are served by having a final appealable order," because "Defendants believe it could shape future litigation proceedings" in a similar action in the U.S. District Court for the District of Oregon; and second, that Defendants "believe they could avoid financial hardship in the form of expensive discovery proceedings on a claim that this Court has dismissed if the Court enters judgment on that claim now."  (Joint Ltr. at 3.)

As to the Parties' first argument, the Court finds it unpersuasive.  The Parties fail to explain how their "belief" that additional finality in the form of a Second Circuit appeal of the purely legal, standing-related question would "shape" the District of Oregon proceedings. Indeed, the case pending before the District of Oregon is related to this Court's proceedings: PharmacyChecker.com ("PCC") originally brought claims against LegitScript LLC, (*see* Am. Comp. (Dkt. No. 82)), which were severed and transferred to the District of Oregon upon LegitScript's motion, (*see* Dkt. No. 219).  However, a Second Circuit decision regarding antitrust standing in this case would be persuasive at best, and certainly not binding upon a district court in the Ninth Circuit.  As such, judicial administrative interests are not served as suggested by the Parties—both cases will likely continue in parallel due to choices made by Defendants at the outset of this case.  Moreover, U.S. District Judge Michael H. Simon has already expressed similar skepticism as to the applicability of this Court's rulings upon the District of Oregon proceedings.  *See PharmacyChecker.com LLC v. LegitScript LLC*, No. 22-CV-252, 2022 WL 17496113, at *3 (D. Or. Dec. 8, 2022) (stating in a motion to stay proceedings prior to this Court's summary judgment Opinion, that "[e]ven if the Southern District of New York grants

4

summary judgment, it is unclear whether Ninth Circuit precedent on this issue would yield the same result" and that "the Supreme Court has not yet resolved this question of law, and the law among the circuits may yield different conclusions").  While this Court does not purport to have any knowledge regarding the future of the District of Oregon proceeding, Judge Simon's remarks only bolster this Court's finding that the Parties' "belief" may be unfounded.

As to the Parties' second argument, the Court finds it equally unpersuasive.  This argument is necessarily premised on an identical theory: that this Court's rulings will affect the District of Oregon proceeding, specifically in the form of a stay in third-party discovery in the District of Oregon proceeding.  The Court expresses the same skepticism as discussed above. Moreover, "unnecessary discovery and trial costs . . . 'are inherent in every denial of Rule 54(b) certification, and hardly rise to the level of hardships that warrant immediate appeal.'"  *Negrete v. Citibank*, N.A., No. 15-CV-7250, 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017) (quoting *TADCO Const. Grp. Corp. v. Dormitory Auth. of N.Y.*, No. 08-CV-73, 2012 WL 3011735, at *6 (E.D.N.Y. July 23, 2012) (emphasis in original)); *see also FAT Brands Inc. v. PPMT Cap. Advisors, Ltd.*, No. 19-CV-10497, 2021 WL 1392849, at *3 (S.D.N.Y. Apr. 13, 2021) (same).  For the same reason, the Parties' argument that "an immediate appeal would benefit the parties in this proceeding because they will be able to litigate the issues now, rather than two or more years from now" when they are removed from the issues, is unavailing.  (*See* Joint Ltr. at 3.)  A lengthy period of time prior to an appeal is common in the normal course of litigation, especially in cases with multiple claims.  The Parties' interest in swiftly litigating this issue before the Second Circuit is hardly enough to impose a level of hardship that must be "alleviated by immediate appeal." *Timperio*, 2020 WL 9211177, at *2.

Accordingly, the Court denies the Parties' joint motion for final order and judgment on the Sherman Act claim.  Given this ruling, the Court also denies the Parties' associated request to stay the case pending appeal.  The Parties are instructed to submit a proposed case management plan for Phase 2 discovery, previously deferred by this Court pending determination of the PCC's standing to bring a Sherman Act claim, (*see* Order (Dkt. No. 167)), by no later than June 30, 2023.  The Court will not hold the status conference scheduled for June 28, 2023, but will determine whether a status conference is needed after receiving the proposed case management plan.

SO ORDERED.

DATED:      June 5, 2023
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE