

SAN DIEGO · DALLAS · MINNEAPOLIS · NEW YORK · DETROIT

+1 858 964 4589
matthew.riley@bonalawpc.com
bonalaw.com

Matthew Riley | Attorney
4275 Executive Square
Suite 200
La Jolla, CA 92037

June 5, 2023

Hon. Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**MEMO ENDORSED**

> Re: *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy et al.*, No. 19-cv-07577-KMK; Proposed Redactions to May 23, 2023 Opinion & Order.

Dear Judge Karas:

On May 23, 2023, the Court issued its Order & Opinion ("Opinion") in the above-referenced matter, and as part of that Order, gave the parties until June 5, 2023 to "propose redactions to the Opinion before it is issued publicly." *See* Dkt. 357. In accordance with that instruction, Plaintiff, PharmacyChecker.com ("PCC"), submits this letter and proposed redactions to the Court. In support of its proposed redactions, PCC states as follows:

### A. Introduction and Legal Standard

On August 26, 2022 and October 13, 2022, PCC filed its letter motions, requesting the Court permanently seal information contained in the parties' briefs and motions for summary judgement (*See* Dkt. 303; *see also* Dkt. 311), which the Court respectively granted on October 4, 2022 (*See* Dkt. 310) and October 14, 2022 (*see* Dkt. 312). The proposed redactions offered by PCC over the Opinion, in relation to PCC's Motion to Dismiss NABP's Amended Counterclaim (Dkt. 333), seeks to protect information the Court has previously sealed and acknowledged constitutes PCC's proprietary and confidential information.

The public has a qualified right to access judicial documents. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Documents submitted to a court for consideration on a summary judgment motion are "judicial documents to which a strong presumption of access attaches." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).

The presumption of access, however, can be overcome by "countervailing factors." *Id.* at 120, 124. These countervailing factors include (1) the "privacy interests of those resisting

disclosure" (*United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); and (2) "business information that might harm a litigant's competitive standing" (*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). *See also, e.g., SEC v. Telegram Group Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020) granting sealing of "proprietary business information", the confidentiality of which was "legitimate countervailing factor[] to the public's presumptive right to access". The public's right of access may also be outweighed by a "showing that sealing will further other substantial interests", such as "a third-party's privacy interests." *Travelers Indemnity Co. v. Excalibur Reinsurance Co.*, No. 3:11-CV-1209 (CSH), 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013). *See also, e.g., Amodeo*, 71 F.3d at 1050 (explaining that courts "must balance" presumption of public access against "competing considerations," such as "privacy interests of innocent third parties." (citation omitted). Because the Opinion uses information, which this Court has previously deemed confidential and proprietary to PCC, Plaintiff's proposed redactions should be adopted.

    **B. Argument**

Clear and compelling reasons support PCC's narrowly tailored request to redact certain parts of the Opinion, which references PCC's proprietary and highly sensitive commercial information, the disclosure of which would cause PCC competitive harm or invade privacy interests of non-parties.

In accordance with the Court's past orders, the Court should grant PCC's proposed redactions, which would protect PCC's proprietary information and ensure the privacy interests of non-parties are maintained. In particular, the Opinion includes references to PCC's confidential, proprietary, and sensitive information concerning its operations and business strategies—including details about the market that PCC operates within and its website users. These strategic and operational details are competitively sensitive because, if disclosed, such would give PCC's competitors valuable insight into PCC's business practices. Indeed, PCC does not have insight into the business practices of its competitors or other participants in the market that it functions within. Because PCC maintains the confidentiality of its operations and business strategies to prevent competitors from duplicating its methods to gain market share, the Court should permit the redaction of such information in the Opinion.

Courts applying the Second Circuit's *Lugosch* standard have recognized the sensitivity of confidential business strategies and practices, and have permitted the sealing or redaction of such information. For example, in *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, the plaintiff company requested sealing of, among other things, information relating to the company's "advertising expenditures and plans" and its merchandising strategies, policies and sales." 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). The court permitted the proposed redactions upon finding that they were "limited to specific business information and

strategies" that were proprietary and confidential. *Id.* Similarly, in *GoSmile, Inc. v. Levine*, the court granted the defendants' request to seal exhibits containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting." 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011). The Court concluded that, as to the confidential material, "the privacy interests of the defendants outweigh[ed] the presumption of public access" and that it was "appropriate for [the] materials to remain under seal." *Id.* at 650. Further, courts have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations are the proper subject of sealing. *See SEC v. Ahmed*, No. 3:15cv675 (JBA), 2018 U.S. Dist. LEXIS 152504, at *8–9 (D. Conn. Sept. 6, 2018) (Records which would aid "commercial competitors 'seeking an advantage over rivals' are among those documents the confidentiality of which may outweigh the public's presumption of access.") (citation omitted). Therefore, the Court's Opinion, insofar as it references or uses PCC's confidential and proprietary information in its analysis, should be redacted.

The subject information that PCC proposes to redact is, as this Court has previously recognized, proprietary and confidential to PCC. If such information were to be publicly released, it would provide valuable insight to competitors as to PCC's current business practices, its financial condition, and the proprietary systems and processes it uses to maintain its business. Competitors who exploit this information could cause substantial injury to PCC's business.

### C. CONCLUSION

Therefore, in compliance with the Court's May 23, 2023 Opinion and concurrent with this filing, PCC timely submits to the Court and the Defendants its proposed redactions to Docket 357 via email.

Respectfully submitted,

s/Matthew Riley

Matthew Riley
*Counsel for PharmacyChecker.com LLC*

The Court grants Plaintiff's request to redact certain confidential business information from this Court's Opinion at Dkt. No. 357. Plaintiff is directed to file a redacted Opinion by no later than June 9, 2023.

Given the impending public filing of this Court's Opinion, the Clerk of the Court is respectfully requested to terminate the pending motion at Dkt. No. 333.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

June 6, 2023