# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PharmacyChecker.com LLC, | ) | Civil Action No. 7:19-cv-7577-KMK |
| | ) | |
| *Plaintiff*, | ) | **LETTERS ROGATORY** |
| v. | ) | **REQUESTING JUDICIAL** |
| | ) | **ASSISTANCE TO COMPEL** |
| National Association of Boards of | ) | **DISCOVERY FROM** |
| Pharmacy, *et al.*, | ) | **ADV-CARE PHARMACY INC.** |
| | ) | |
| *Defendants*. | ) | Judge Kenneth M. Karas |
| | | Magistrate Judge Victoria Reznik |

SENDER:  The Honorable Victoria Reznik,
U.S. Magistrate Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas St., Courtroom 420
White Plains, New York 10601-4150
United States of America

AUTHORITY OF THE
REQUESTED STATE:  Superior Court of Justice of Ontario
Toronto Region
330 University Avenue
Toronto ON M5G 1R7

PERSON TO WHOM THE EXECUTED
REQUEST IS TO BE RETURNED:  Roy Millen
Blake, Cassels & Graydon LLP
1133 Melville Street
Suite 3500, The Stack
Vancouver, British Columbia V6E 4E5
(604) 631-4220
roy.millen@blakes.com

1

The United States District Court for the Southern District of New York ("the Court") presents its compliments to Superior Court of Justice of Ontario and other judicial authorities of Canada and requests its assistance in obtaining material and necessary evidence to be used in the civil proceeding before this Court in the above-captioned antitrust litigation (the "New York Action").

Pursuant to the *Canada Evidence Act,* R.S.C. 1985, c. C-5, this Court respectfully requests the assistance of the Superior Court of Justice of Ontario to compel ADV-Care Pharmacy Inc. to produce documents and appear to give videotaped deposition testimony in the presence of a competent officer authorized by the Superior Court of Justice of Ontario (including a court reporter), in compliance with this Letter Rogatory

The Court properly has jurisdiction over this case, and pursuant to 28 U.S.C. § 1781(b)(2) and Fed. R. Civ. P. 28(b)(1), has the authority to issue letters rogatory ordering the production of documents and testimony in the possession, custody, or control of persons and entities residing outside the United States. The Court has reviewed this Letter Rogatory, and determined that the requests are enumerated with particularity, are material to the facts at issue in this action, and cannot be obtained without the assistance of the Superior Court of Justice of Ontario.

## I. NAMES AND ADDRESSES OF THE PERSONS OR ENTITIES

### A. Defendant

Defendant in this action is the non-profit organization National Association of Boards of Pharmacy ("NABP"). Defendant seeks discovery from ADV-Care Pharmacy Inc., which is an online pharmacy doing business as advpharmacy.com. Defendant contends that ADV-Care Pharmacy Inc. sells prescription drugs to consumers located in the United States, including to consumers who are linked or directed to the ADV-Care Pharmacy Inc.'s website through a website

run by Plaintiff PharmacyChecker.com and that Plaintiff PharmacyChecker.com LLC is an illegal business that has violated federal law. Defendant can be contacted through its Counsel at the addresses listed below:

> Erik T. Koons
> **BAKER BOTTS LLP**
> 700 K St. NW
> Washington, DC 20001
> United States of America
> Tel: (202) 639-7973
> Fax: (202) 585-1086
> erik.koons@bakerbotts.com
>
> *Counsel for Defendant National Association of Boards of Pharmacy*

**B. Plaintiff**

The Plaintiff in this case is PharmacyChecker.com LLC. Plaintiff may be contacted through its counsel at the addresses below:

> Jim Lerner
> **BONA LAW PC**
> 287 Park Avenue South, Suite 422
> New York, New York 10010
> United States of America
> Tel: (212)-634-6861
> james.lerner@bonalawpc.com
>
> Aaron Gott
> **BONA LAW PC**
> 331 2ndAvenue S. #420
> Minneapolis, Minnesota 55401
> Tel: (612)-284-5001
> Fax: (858)-964-2301
> Aaron.gott@bonalawpc.com
>
> *Counsel for Plaintiff PharmacyChecker.com LLC*

## II.  SUMMARY OF THE PROCEEDINGS

In the case captioned above, which is being litigated in the United States District Court for the Southern District of New York, Plaintiff PharmacyChecker.com ("PCC") brought an action against NABP, alleging a violation of the antitrust laws under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and a violation of the Lanham Act, 15 U.S.C. § 1125(a).

Plaintiff PCC operates a website through which consumers are referred to international online pharmacies that Plaintiff has accredited, which sell and ship prescription medication to consumers located in, among other places, the United States. (See Am. Compl. ¶ 5 , Dkt. No. 82). Plaintiff has admitted that the primary reason for providing price verification and accreditation services is to facilitate foreign pharmaceutical purchases by U.S. consumers. (Prelim. Inj. Tr. at 65:24-66:3.)  NABP is a nonprofit organization that aims to support patient and prescription drug safety. NABP maintains a list of websites that it claims are unsafe and illegal called the "Not Recommended List."

In its complaint, PCC contended that NABP conspired with other organizations to exclude it from the markets for pharmacy verification services and comparative drug pricing information (Am. Compl. 1-2, Dkt. No. 82), and that NABP's inclusion of PCC on its "Not Recommended List" constitutes false and misleading advertising under the Lanham Act. (Am. Compl. 51-52, Dkt. No. 82).

On March 28, 2023, the Court granted summary judgment on PCC's Sherman Act claim, reasoning that PCC lacked antitrust standing because its business is completely or almost completely geared towards facilitating illegal importation of pharmaceutical drugs to the United States. *PharmacyChecker II*, 2023 WL 2973038, at *30. The only remaining claim is the Lanham Act false advertising claim. *Id*. Following the Court's summary judgment order, NABP filed a

4

Rule 12(c) Motion for Judgment on the Pleadings on PCC's Lanham Act claim (Dkt. No. 376), arguing that PCC lacks Article III standing because it is an illegal business, and a court cannot redress injury to an illegal business. On March 30, 2024, the Court denied NABP's Rule 12(c) Motion, holding that the Court's prior rulings did not conclude that PCC's business violated federal law. (Dkt. No. 385). However, the Court left open the possibility of summary judgment: "NABP may renew this argument at summary judgment if it discovers evidence linking PCC's profits to illegal imports." *Id.*

On April 3, 2024, the Court ordered that the Parties undergo fact discovery on the remaining Lanham Act claim.

The Court has determined that justice cannot be completely done between the parties without the production of certain documents and testimony of the following entity located in Ontario, Canada, within your jurisdiction:

**ADV-Care Pharmacy Inc.**
195 Riviera Drive, 2,
North York, Ontario
L3R 5J6, Canada

### III. THE EVIDENCE SOUGHT IS MATERIAL TO THIS ACTION AND CANNOT BE OBTAINED WITHOUT THE ASSISTANCE OF THE SUPERIOR COURT OF JUSTICE OF ONTARIO

Defendant seeks documents and testimony from a corporate representative of ADV-Care Pharmacy Inc. that are directly and narrowly related to demonstrating that Plaintiff's business is illegal and operates unsafely, an issue that is relevant to determining whether Plaintiff has Article III standing to bring its Lanham Act claim. Defendant specifically seeks documents and testimony relating to ADV-Care Pharmacy Inc.'s online sales of prescription drugs to customers located in the United States referred to it by Plaintiff, ADV-Care Pharmacy Inc.'s knowledge of the activities

5

and locations of its customers, and Plaintiff's involvement in facilitating those sales, including the amount and nature of the revenue that it derives therefrom.

ADV-Care Pharmacy Inc., a Canadian online pharmacy accredited by Plaintiff that operates a website under the domain advpharmacy.com, is one of Plaintiff's larger pharmacy accreditation and pharmacy listing customers. It received a significant amount of clicks from U.S. consumers referred by Plaintiff between January 205 to August 2021. Thus, the information requested here is highly relevant to determining the extent to which Plaintiff is illegally facilitating the importation of prescription drugs from Canada into the U.S.

The Court is satisfied that testimony and documents in the possession or control of ADV-Care Pharmacy Inc. as specified in Schedule 1 are relevant and necessary for the fair determination of this proceeding and are intended for use at trial and cannot be obtained from any other source. The Court understands that this request is not contrary to public policy and does not require a broader form of inquiry than it would if the litigation were conducted in Ontario, Canada and also does not violate the rules of civil procedure of the courts of Ontario, Canada.

More specifically, this Letter Rogatory seeks disclosure of documents (listed in the attached Schedule 1) related to: (1) agreements between ADV-Care Pharmacy Inc. and Plaintiff; (2) any payments between ADV-Care Pharmacy Inc. and Plaintiff; (3) studies, analyses, or surveys conducted by ADV-Care Pharmacy Inc. concerning Plaintiff's verification or pharmacy listing programs, including information regarding the users directed to ADV-Care Pharmacy Inc.'s websites by Plaintiff; (4) documents concerning user feedback or communication to PharmacyChecker.com regarding ADV-Care Pharmacy Inc.; (5) the identity of ADV-Care Pharmacy Inc.'s dispensing pharmacies, drug suppliers, and/or shipping partners; (6) information about transactions entered into between ADV-Care Pharmacy Inc. and the users directed to its

website by Plaintiff; (7) analytics and metrics regarding users directed to ADV-Care Pharmacy Inc.'s websites, including the purchase or conversion rates for those users from the United States; (8) analytics and metrics sufficient to show the purchase or conversion rates for users referred by Plaintiff; (9) technical or policy restrictions ADV-Care Pharmacy Inc. might have regarding the location of persons who may place orders on its websites; and (10) documents or communications assessing the legal or regulatory risk of selling pharmaceutical products in the United States.

This Letter Rogatory also seeks testimony from a corporate representative of ADV-Care Pharmacy Inc. related to (1) its relationship with Plaintiff; (2) the types of users that are directed to its website by Plaintiff, including geographic location; (3) the activities of users directed to ADV-Care Pharmacy Inc.'s website by Plaintiff, including how frequently users make a purchase and what users purchase; (4) any restrictions that ADV-Care Pharmacy Inc. has on the sale or of any pharmaceuticals to any customers based on the customers' geographic location; (5) any payments it made to Plaintiff; and (6) documents produced in response to the requests for production.

All of this information is material to the question of the extent to which Plaintiff's business is illegally violating federal law. Much of the information sought relates to the locations of the customers who have been referred to ADV-Care Pharmacy Inc.'s website by Plaintiff and the extent to which Plaintiff's referrals of these customers actually result in sales of prescription drugs for importation into the United States. Defendant also seek information about ADV-Care Pharmacy Inc.'s policies regarding the locations of their online customers. This information is highly relevant to ascertain the nature of Plaintiff's business.

Defendant cannot obtain this information by any means other than directly from ADV-Care Pharmacy Inc. Plaintiff told the Southern District of New York in an August 30, 2021

discovery conference that it does not have access to information about U.S. consumers' behavior on the accredited pharmacy's websites that Plaintiff refers them to, including whether or not consumers make purchases from pharmacies outside the U.S. on those websites. This information is only in the possession, custody, or control of the owner of the website where the purchase is made, ADV-Care Pharmacy Inc. This information is important to proving the illegality of Plaintiff's business, because it shows that U.S. consumers referred to ADV-Care Pharmacy Inc. by Plaintiff do make illegal purchases from pharmacies outside the U.S. ADV-Care Pharmacy Inc.'s internal policies or limitations regarding selling to customers in the U.S. is also necessarily only in the possession, custody, or control of ADV-Care Pharmacy Inc. Therefore, it is necessary for Defendant to obtain this information directly from the entities transacting with Plaintiff. Thus, in order to conduct discovery highly relevant to this case, the Southern District of New York requires the assistance of the Superior Court of Justice of Ontario.

The Court affirms that it is a competent court in both law and equity, has jurisdiction over the New York Action, and can compel attendance of witnesses and production of documents by corporations and individuals within its jurisdiction. The Court further affirms it is willing to provide similar and reciprocal assistance to the Superior Court of Justice of Ontario and other judicial authorities of Canada. Defendant has agreed to reimburse ADV-Care Pharmacy, the appropriate Ontario judicial authority and other judicial authorities of Canada for their costs incurred in complying with and/or executing this Letter Rogatory.

Based on the foregoing, for the necessity and convenience of the parties and to further the interests of justice, the Court respectfully requests through this Letter Rogatory that the appropriate Canadian judicial authority compel ADV-Care Pharmacy Inc. to be deposed in front of an appropriate authority in accordance with the laws of Ontario and the laws of the United States, and

that in the event of a conflict, the laws of Ontario shall prevail, at a date to be specified by the appropriate judicial authority or as may otherwise be agreed by the parties. The Court further requests that the Superior Court of Justice of Ontario cause the evidence of ADV-Care Pharmacy Inc. to be video-recorded, audio-recorded, and transcribed verbatim by an Official Court Reporter.

The Court further respectfully requests through this Letter Rogatory that the appropriate Canadian judicial authority compel ADV-Care Pharmacy Inc. to produce for inspection and copying all written or electronic documents in their possession responsive to the requests set forth in the attached **Schedule 1** to Defendant's counsel, Mr. Roy Millen of Blake, Cassels & Graydon LLP, 1133 Melville Street, Vancouver, British Columbia, V6E 4E5, Canada, at a date to be specified by the appropriate Ontario judicial authority and other judicial authorities of Canada or may otherwise be agreed by the parties. The parties undertake to confine to the above-captioned proceeding, the use of any and all documents received or evidence obtained through this Letter Rogatory, unless leave is first obtained from the Superior Court of Justice of Ontario, and agree that the evidence obtained through this Letter Rogatory is subject to the Stipulated Protective Order Governing the Production and Exchange of Confidential Information entered in the Action on August 31, 2021 (attached hereto as Exhibit A).

Dated: _____

                                                                                  _____
                                                                                  The Honorable Victoria Reznik
                                                                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PharmacyChecker.com LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>National Association of Boards of Pharmacy<br><br>*Defendant.* | Civil Action  No. 7:19-cv-07577-KMK<br><br>**SCHEDULE 1 TO LETTERS ROGATORY REQUESTING JUDICIAL ASSISTANCE TO COMPEL DISCOVERY FROM ADV-CARE PHARMACY INC.** |

## **SCHEDULE 1**

Pursuant to the foregoing Letter Rogatory, and pursuant to the Stipulated Protective Order Governing the Production and Exchange of Confidential Information entered in the Action on August 31, 2021 (attached hereto as Exhibit A), ADV-Care Pharmacy Inc. is required to produce the Documents requested herein and provide testimony regarding the topics provided below.

## **Definitions**

In addition to the definitions provided in the *Supreme Court Civil Rules,* the Federal Rules of Civil Procedure and Local Rules 26.3 and 26.4 of the United States District Court for the Southern District of New York, the following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Request for Production of Documents:

1. "Action" means the above-captioned action, *PharmacyChecker.com LLC v. Nat. Assoc. of Bds. of Pharmacy, et. al.*, No. 19-cv-7577-KMK in the United States District Court for the Southern District of New York.

1

2. "Analytics" or "Metrics" means any information collected or reported by or to You regarding Your Website, User activity on or relating to Your Website, User activity before or after visiting Your Website, or other Website Data. This can include, but is not limited to information about, User location, "bounce rates," or information about the products Users search for or click on.

3. "Communication" and "Communications" mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. "Data" means any structured or unstructured database or the information contained in any structured or unstructured database.

5. "Dispensing Pharmacy" means any pharmacy that dispenses prescription medication, facilitates the sale or dispensing of prescription medication, or acts as an intermediary between a consumer and a person or entity that sells or dispenses prescription medication.

6. "Documents" means anything that would be a "writing," "recording," or "photograph" as defined in Rule 1001(1) of the Federal Rules of Evidence or a "document" as defined pursuant to Southern District Local Rule 26.3 and Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

7. "Electronically Stored Information" or "ESI" means any electronically stored information, including but not limited to: email; word-processed Documents; spreadsheets; electronic slide presentations; databases; and other reasonably accessible structured or unstructured data reasonably anticipated to be subject to discovery pursuant to the Federal Rules of Civil Procedure. This definition shall be no narrower than the agreed upon definition in any applicable ESI protocol adopted in this Action.

8. "PharmacyChecker.com" refers to PharmacyChecker.com LLC, including its officers, directors, employees, agents, and representatives.

9. "Regulatory Authority" means any regulator or regulation in the U.S. and/or any U.S. state, district, or territory, or any country, state, province, territory, municipality, or other geographic or political subdivision where You or any Dispensing Pharmacy sells, advertises, solicits, or operates, including regulators and regulations of pharmacies, pharmacists, pharmaceuticals, or customs, including the Food and Drug Administration.

10. "User" means any person visiting or using a Website.

11. "Website" means any website, page, blog, portal, platform, database, or other service available via the internet.

12. "You" and "Your" mean the company or entity responding to these Requests, including their affiliates, subsidiaries, agents, employees, officers, directors, partners, representatives, This includes but is not limited to ADV-Care Pharmacy Inc.

13. "Your Website" means any website, page, blog, portal, platform, database, or other service owned, managed, controlled, hosted, directed, or overseen by You, including but not limited to advpharmacy.com.

**Instructions**

1. All Documents and ESI subject to this subpoena duces tecum should be immediately preserved.

2. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation or exclusion.

3. Each Request is continuing in nature. If, at any time, You obtain additional or different Documents responsive to any Request, promptly supplement Your response to these Requests and produce such Documents. Defendant specifically reserves the right to seek

3

supplementary responses and/or additional supplementary productions before trial, and to obtain a declaration pursuant to Federal Rules of Evidence 803 and 902 from You to authenticate records You produced in response to this subpoena for admission of them into evidence at trial.

4. These Requests call for the production of all Documents within Your possession, custody or control, wherever located, regardless of whether such information is possessed directly by You or Your officers, directors, executives, agents, employees, representatives, affiliates, subsidiaries, or other persons acting or purporting to act on Your behalf. If You cannot respond to these Requests in full after exercising due diligence to secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

5. For the purpose of construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

6. Absent an agreement with Defendant prior to production, each requested Document shall be produced in its entirety, without abbreviation or redaction, including all attachments, appendices, exhibits, lists, schedules or other materials at any time affixed thereto. If a Document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

7. Documents responsive to these Requests shall be numbered and labeled in such a way as to show their source, including, but not limited to, the files where they were maintained, and produced with a source log that identifies: (a) each person from whose custodial files each record was collected and produced; and (b) any Documents by document control number or range that are scans of paper or non-electronic records (e.g., calendars, day timers, or notebooks that reflect handwriting).

4

8.   Before making any production, You shall comply with the ESI protocol that has been agreed upon by the parties in this Action (attached hereto as Exhibit B) or confer with Defendant's counsel concerning the format for production.

9.   If there are no Documents responsive to a particular Request in Your possession, custody, or control, please provide a written explanation with as much specificity as possible in Your response.

10.  If You believe that any Request, Definition, or Instruction is ambiguous, in whole or in part, You must nonetheless respond and: (i) set forth the matter deemed ambiguous; and (ii) describe the manner in which You construed the Request, Definition, or Instruction in order to frame Your response.

11.  If You object to any Request, state with specificity the grounds for such objection and the Request or Requests to which each objection applies. Respond to the Request to the extent You do not object to it. If You refuse to respond to any Request based on a claim of privilege, You should comply with Local Rule 26.2 of the United States District Court for the Southern District of New York. If You withhold anything from production based on the attorney work product doctrine, identify the litigation in connection with which the work product was prepared (if different from this Action).

12.  If you believe responding to a particular Request in full will be unduly burdensome or expensive for You, please explain why with as much specificity as practicable in Your response. Details concerning any undue burden or expenses You reasonably anticipate You could incur to fully comply with this subpoena will help Defendant assist You in lessening such burden or expenses.

**Relevant Time Period**

These Requests seek Documents created, modified, or transmitted during the time period January 1, 2015 through the present (the "Relevant Period") unless otherwise specified.

**Requests for Production of Documents**

**Request No. 1:** Any agreements between You and PharmacyChecker.com.

**Request No. 2:** Documents sufficient to show any payments made between You and PharmacyChecker.com.

**Request No. 3:** All studies, surveys, and analyses or other Documents concerning PharmacyChecker.com's verification, accreditation, pharmacy listing, or click-through programs, including Documents concerning the locations of Users it has directed to You or Your Website, or assessments of Users referred to You by or from PharmacyChecker.com or Your business relationship with Pharmacychecker.com.

**Request No. 4:** All Documents and Communications with PharmacyChecker.com concerning User feedback or communication to PharmacyChecker.com regarding You or Your services, including complaints and requests for assistance to place, complete, replace, cancel, locate, or alter a transaction or order. Identifiable patient or User information such as names may be redacted or withheld.

**Request No. 5:** Documents sufficient to show the identity of all Dispensing Pharmacies, drug suppliers, and/or shipping partners with which You contract or are affiliated, including their corporate name, trade name, license and registration information, dispensing location, supplier location, ship-from location (if different from dispensing location), and the locations to which it will ship, as well as the terms of any agreements you have with them.

**Request No. 6:** Documents or Data sufficient to show all transactions entered into by Users referred to You by PharmacyChecker.com, or by Users known or believed to have visited

6

or checked PharmacyChecker.com or interacted with the PharmacyChecker.com seal, including for each:

1. the city, state, and zip code of the User's mailing address. Patient information such as names and street addresses may be redacted or withheld. And

2. the drug's brand name; generic name (i.e. non-proprietary name, chemical name, or molecule name); manufacturing location; dispensing location; dispensing pharmacy license; and relevant Regulatory Authority information such as the NDC, DIN, PL, PLGB, PLNI, ARTG ID, HSA Registration No. (or comparable foreign code); Investigation New Drug application, BLA, ANDA or NDA (or comparable foreign code), and approvals, permissions, and authorizations to sell the drug. And

3. the date of the transaction.

**Request No. 7:** Analytics and Metrics sufficient to show Users referred to Your Website from PharmacyChecker.com for all Users and for Users from the United States.

**Request No. 8:** Analytics and Metrics sufficient to show the purchase or conversion rates for users referred to Your Website from Pharmacychecker.com for all Users in the United States.

**Request No. 9:** Documents sufficient to show all technical or policy restrictions, including restrictions of Website content, You have regarding the location of persons who may place orders via Your Website, including but not limited to geographical blocking ("geo-blocking") of Users by IP address, and official or unofficial restrictions on sales or dispensing.

**Request No. 10:** Documents or Communications regarding the legality of selling pharmaceutical products into the United States.

## Deposition Topics

**Topic No. 1:** Your relationship with PharmacyChecker.com, including the length of time you have worked with PharmacyChecker.com and the nature of Your relationship.

**Topic No. 2:** The types of Users directed to Your website by PharmacyChecker.com, including the location of these Users.

**Topic No. 3:** The activities of Users directed to Your website by PharmacyChecker.com once on your website, including the extent to which they make purchases and what items they purchase.

**Topic No. 4:** Any restrictions, from both a technical and policy perspective, on the sales or dispensing of pharmaceuticals from Your pharmacy to any customers based on their geographic location, including the extent to which these policies relate only to certain categories of medication (e.g. controlled substances).

**Topic No. 5:** All payments You have made to PharmacyChecker.com, including the frequency of these payments and the types of payments You have made.

**Topic No. 6:** Documents produced in response to the Requests for Production above.