# BAKER BOTTS LLP

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
**WASHINGTON**

July 30, 2025

**VIA CM/ECF**
Hon. Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Erik Koons
TEL: 2026397973
FAX: 2025851086
erik.koons@bakerbotts.com

Re: *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy, et al.* No. 19-cv-07577-KMK; Request to Seal Defendant NABP's Pre-Motion Summary Judgment and *Daubert* Letters.

Dear Judge Karas:

    We represent Defendant National Association of Boards of Pharmacy ("Defendant") in this case. Pursuant to Section IX(A) of the Court's Individual Rules of Practice, Defendant respectfully submits this letter motion to file under seal the following: (1) Defendant's Pre-Motion Letter for Summary Judgment and accompanying exhibits, (2) Defendant's Pre-Motion letter to Exclude the Expert Opinion of Dr. Philip Cross and accompanying exhibits, and (3) Defendant's Pre-Motion Letter to Exclude the Expert Opinion of Dr. Jonathan Hochman and accompanying exhibits (the "Sealing Papers"). The Sealing Papers describe and cite to documents that are either (1) designated Confidential, Highly Confidential, or Outside Counsel Eyes Only under the Stipulated Protective Order (ECF No. 181) by Plaintiff PharmacyChecker.com, LLC ("PCC"), or (2) currently deemed Outside Counsel Eyes Only pursuant to the Stipulated Protective Order because the period for designating such deposition transcripts has not yet lapsed.

    **Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

    **Sealing Justification–Information Designated Under the Protective Order:** The three pre-motion letters describe and cite to the following documents, portions of which describe

**BAKER BOTTS** LLP

- 2 -

information that PCC has designated as Confidential, Highly Confidential, or Outside Counsel Eyes Only, in whole or in part, under the Protective Order, or that is deemed Outside Counsel Eyes Only under the Protective Order for a prescribed period of time that has not yet lapsed:

Exhibits to Defendant's Pre-Motion Letter for Summary Judgment

1. Exhibit A: June 27, 2025 Rebuttal Expert Report of Peter Kent
2. Exhibit B: June 27, 2025 Rebuttal Expert Report of J. Mark Farrar

Exhibits to Defendant's Pre-Motion Letter to Exclude the Expert Opinion of Dr. Philip Cross

3. Exhibit B: April 1, 2025 Expert Report of Philip J. Cross, Ph.D.
4. Exhibit C: Excerpts of May 1, 2025 Deposition of Philip J. Cross
5. Exhibit D: June 27, 2025 Rebuttal Expert Report of Peter Kent
6. Exhibit F: June 27, 2025 Rebuttal Expert Report of J. Mark Farrar

Exhibits to Defendant's Pre-Motion Letter to Exclude the Expert Opinion of Dr. Jonathan Hochman

7. Exhibit A: May 1, 2025 Supplemental Expert Report of Jonathan Hochman
8. Exhibit B: Excerpts of June 9, 2025 Deposition of Jonathan Hochman
9. Exhibit C: June 27, 2025 Rebuttal Expert Report of Peter Kent
10. Exhibit D: April 1, 2025 Expert Report of Philip J. Cross, Ph.D.

All sealing requests are granted.

So Ordered
7/31/25

Respectfully submitted,

Erik T. Koons

cc:    All counsel of record (by CM/ECF)