**BAKER BOTTS** L.L.P.

**MEMO ENDORSED**

| | |
|---|---|
| 700 K STREET, N.W.<br>WASHINGTON, D.C.<br>20001<br><br>TEL +1 202.639.7700<br>FAX +1 202.639.7890<br>BakerBotts.com | AUSTIN        NEW YORK<br>BRUSSELS   PALO ALTO<br>DALLAS        RIYADH<br>DUBAI          SAN FRANCISCO<br>HOUSTON   SINGAPORE<br>LONDON     **WASHINGTON** |

August 7, 2025

**VIA CM/ECF**
Hon. Victoria Reznik
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Erik Koons
TEL: 2026397973
FAX: 2025851086
erik.koons@bakerbotts.com

      Re:    *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy, et al.* No. 19-cv-07577-KMK; Request to Seal

Dear Judge Reznik:

      We represent Defendant National Association of Boards of Pharmacy ("NABP" or "Defendant") in this case. Pursuant to Section IX(A) of the Court's Individual Rules of Practice, Defendant respectfully submits this letter motion to file under seal Defendant NABP's Clarification Regarding NABP's Pre-Motion Letter for Sanctions and PCC's Response Letter (the "Sealing Paper"). The Sealing Paper describes and cites to documents that are either (1) designated Highly Confidential under the Stipulated Protective Order (ECF No. 181) by Plaintiff PharmacyChecker.com, LLC ("PCC") or (2) currently deemed confidential pursuant to the Stipulated Protective Order because the period for designating such transcripts has not yet lapsed.

      **Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

      **Sealing Justification–Information Designated Confidential Under the Protective Order:** The Sealing Paper describes and cites to the following documents, portions of which describe information that PCC has designated as Highly Confidential, in whole or in part, under the Protective Order, or that is deemed Outside Counsel Only under the Protective Order for a prescribed period of time that has not yet lapsed:

**BAKER BOTTS** LLP

- 2 -

- April 1, 2025 Expert Report of Philip J. Cross, Ph.D.

- Excerpts of June 9, 2025 Deposition of Jonathan Hochman

Respectfully submitted,

Erik T. Koons

cc:   All counsel of record (by CM/ECF)

For the reasons articulated above by NABP, NABP's request to seal is **GRANTED**. The Clerk of Court is respectfully directed to maintain ECF No. 479 under seal and only viewable to "selected parties." The Clerk of Court is also kindly directed to close the gavel associated with ECF No. 477.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 8/8/2025