**BAKER BOTTS LLP**

**MEMO ENDORSED**

| | |
|---|---|
| 700 K STREET, N.W.<br>WASHINGTON, D.C.<br>20001<br><br>TEL +1 202.639.7700<br>FAX +1 202.639.7890<br>BakerBotts.com | AUSTIN   NEW YORK<br>BRUSSELS   PALO ALTO<br>DALLAS   RIYADH<br>DUBAI   SAN FRANCISCO<br>HOUSTON   SINGAPORE<br>LONDON   **WASHINGTON** |

July 21, 2025

**VIA CM/ECF**

Hon. Victoria Reznik
U.S. District Court for the Southern District of New York
Federal Building & U.S. Courthouse
300 Quarropas Street, Courtroom 420
White Plains, NY 10601

Erik Koons
TEL: 2026397973
FAX: 2025851086
erik.koons@bakerbotts.com

    Re:    *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy, et al.*, Case No. 7:19-cv-07577-KMK-VR

Dear Judge Reznik:

    We represent Defendant National Association of Boards of Pharmacy ("Defendant") in this case. Pursuant to Section 5.B of Your Honor's Individual Practices in Civil Cases ("Individual Rules"), Defendant respectfully submits this letter motion to file under seal Defendant's Pre-Motion Letter to Request a Conference Regarding Motion for Sanctions and Exhibits A and B (the "Sealing Papers"). The Sealing Papers describe and cite to documents that the Plaintiff PharmacyChecker.com, LLC ("PCC") has designated Highly Confidential under the Stipulated Protective Order (ECF No. 181).

    **Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

    **Sealing Justification– Information PCC Has Designated Under the Protective Order:** The Pre-Motion Letter describes and cites to the following documents, portions of which PCC has designated as Highly Confidential, in whole or in part, under the Protective Order:

1. Exhibit A: April 30, 2025 Supplemental Expert Report of Jonathan Hochman and

2. Exhibit B: April 1, 2025 Expert Report of Philip J. Cross, Ph.D.

**BAKER BOTTS** LLP

- 2 -

Respectfully submitted,

*/s/ Erik Koons*
Erik Koons

cc:   All counsel of record (by CM/ECF)

For the reasons articulated above by NABP, NABP's request to seal is **GRANTED**. The Clerk of Court is respectfully directed to maintain ECF No. 449 under seal and only viewable to "selected parties." The Clerk of Court is also kindly directed to close the gavel associated with ECF No. 448.

SO ORDERED.

_____
Hon. Victoria Reznik, U.S.M.J.

Dated: 8/8/2025