BAKER BOTTS L.L.P.

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
**WASHINGTON**

November 20, 2025

Erik Koons
TEL: 2026397973
FAX: 2025851086
erik.koons@bakerbotts.com

**VIA CM/ECF**
Hon. Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy et al.*, No. 19-cv-07577-KMK; Request to Seal Defendant NABP's *Daubert* Filings.

Dear Judge Karas:

We represent Defendant National Association of Boards of Pharmacy ("Defendant" or "NABP") in this case. Pursuant to Section IX(A) of the Court's Individual Rules of Practice, Defendant respectfully submits this letter motion to file under seal portions of the following: (1) Defendant's Motion to Exclude the Expert Opinion of Dr. Philip J. Cross and accompanying Exhibits A, B, C, D, F, G, H, I, J, M, P, and Q; and (2) Defendant's Motion to Exclude the Expert Opinion of Dr. Jonathan Hochman and accompanying Exhibits A, B, C, D, E, G, I, J, K, L, M, N, O, P, Q and R (the "Sealing Papers"). The Sealing Papers describe and cite to information that Plaintiff PharmacyChecker.com LLC ("PCC") or third-party pharmacies have designated as Confidential, Highly Confidential, or Outside Counsel Eyes Only, in whole or in part, under the Protective Order.

**Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

**Sealing Justification–Information Designated Under the Protective Order:** The two *Daubert* Motions describe and cite to information that PCC or third-party pharmacies have designated as Confidential, Highly Confidential, or Outside Counsel Eyes Only, in whole or in

part, under the Protective Order. For documents that are filed with redactions, the confidential portions of such documents are highlighted in yellow in the sealed filings.

Exhibits to Defendant's Motion to Exclude the Expert Opinion of Dr. Philip J. Cross

1. Exhibit A: June 9, 2025 Deposition of Jonathan Hochman
2. Exhibit B: May 1, 2025 Deposition of Philip J. Cross
3. Exhibit C: January 24, 2025 Deposition of Jeffrey Poirier
4. Exhibit D: April 1, 2025 Expert Report of Philip J. Cross, Ph.D.
5. Exhibit F: May 1, 2025 Supplemental Expert Report of Dr. Jonathan Hochman
6. Exhibit G: January 31, 2025 Deposition of Gabriel Levitt
7. Exhibit H: January 28, 2025 Deposition of Tod Cooperman
8. Exhibit I: PCC_0383918
9. Exhibit J: PCC_0427311
10. Exhibit M: June 27, 2025 Rebuttal Expert Report of J. Mark Farrar
11. Exhibit P: June 27, 2025 Rebuttal Expert Report of Peter Kent
12. Exhibit Q: June 13, 2025 Deposition of Philip J. Cross

Exhibits to Defendant's Motion to Exclude the Expert Opinion of Dr. Jonathan Hochman

1. Exhibit A: June 9, 2025 Deposition of Jonathan Hochman
2. Exhibit B: May 1, 2025 Supplemental Expert Report of Dr. Jonathan Hochman
3. Exhibit C: PCC_0454312
4. Exhibit D: June 27, 2025 Rebuttal Expert Report of Peter Kent
5. Exhibit E: PCC_0215632
6. Exhibit G: April 1, 2025 Expert Report of Dr. Jonathan Hochman
7. Exhibit I: January 28, 2025 Deposition of Tod Cooperman
8. Exhibit J: January 31, 2025 Deposition of Gabriel Levitt

BAKER BOTTS LLP



9. Exhibit K: Supp_spreadsheet.xlsx
10. Exhibit L: March 31, 2025 Draft Expert Report of Dr. Jonathan Hochman
11. Exhibit M: April 1, 2025 Expert Report of Philip J. Cross, Ph.D.
12. Exhibit N: PCC_0431253
13. Exhibit O: PCC_0319237
14. Exhibit P: PCC_0427311
15. Exhibit Q: PCC_0383918
16. Exhibit R: PCC_0307522

Respectfully submitted,

Erik T. Koons

cc: All counsel of record (by CM/ECF)

For the reasons articulated above by NABP, NABP's request to seal is GRANTED.

So ordered.

September 3, 2026