BONALAW | PC
ANTITRUST & COMPETITION

SAN DIEGO · DALLAS · MINNEAPOLIS · NEW YORK · DETROIT

James Lerner | Partner / Director of Litigation
+1 212 634 6861
james.lerner@bonalawpc.com
bonalaw.com

16 Madison Square Park West
9th Floor
New York, NY 10010

December 18, 2025

**Via ECF**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York

RE: *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy, et al.*, No. 7:19-cv-07577 (KMK); Request to Seal

Dear Judge Karas:

We represent PharmacyChecker.com LLC ("PCC" or "Plaintiff") in this case. Pursuant to Section IX(A) of the Court's Individual Rules of Practice, Plaintiff respectfully submits this letter-motion to file under seal to file under seal portions Plaintiff's Opposition to Defendant NABP's Motion to Exclude the Expert Testimony of Dr. Philip J. Cross (the "Sealing Papers"). The Sealing Papers describe The Sealing Papers describe and cite to information that Plaintiff has designated as Confidential, Highly Confidential, or Outside Counsel Eyes Only, in whole or in part, under the Protective Order.

**Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's

"interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

**Sealing Justification–Information Designated Under the Protective Order:** The Plaintiff's Opposition Motion describes and cite to information that PCC have designated as Confidential, Highly Confidential, or Outside Counsel Eyes Only, in whole or in part, under the Protective Order. The Opposition Motion is being filed with redactions, with the confidential portions highlighted in yellow in the sealed filings.

Sincerely,

s/ *James F. Lerner*

James F. Lerner
*Counsel for PharmacyChecker.com*

Cc: All Counsel of Record (via ECF)

For the reasons articulated above by PCC, PCC's request to seal is GRANTED.

So ordered.

September 3, 2026