BAKER BOTTS L.L.P.

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
**WASHINGTON**

January 22, 2026

**VIA CM/ECF**
Hon. Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Erik Koons
TEL: 2026397973
FAX: 2025851086
erik.koons@bakerbotts.com

Re: *PharmacyChecker.com LLC v. National Association of Boards of Pharmacy et al.*, No. 19-cv-07577-KMK; Request to Seal Defendant NABP's Reply in Support of Its Motion to Exclude the Expert Opinion of Dr. Philip J. Cross

Dear Judge Karas:

We represent Defendant National Association of Boards of Pharmacy ("Defendant" or "NABP") in this case. Pursuant to Section IX(A) of the Court's Individual Rules of Practice, Defendant respectfully submits this letter motion to file under seal limited portions of the Defendant's Reply in Support of Its Motion to Exclude the Expert Opinion of Dr. Philip J. Cross (the "Reply"). The Reply describes and cites to information that Plaintiff PharmacyChecker.com LLC ("PCC") has designated as Confidential or Highly Confidential, in whole or in part, under the Protective Order.

**Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

**Sealing Justification–Information Designated Under the Protective Order:** The Reply describes and cites to information that PCC has designated as Confidential or Highly Confidential, in whole or in part, under the Protective Order. The confidential portions of the Reply are highlighted in yellow in the sealed filing.

Respectfully submitted,

Erik T. Koons

cc: All counsel of record (by CM/ECF)

For the reasons articulated above by NABP, NABP's request to seal is GRANTED.

So ordered.

September 3, 2026.